**FILED**

APR - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones #52893-080
82-2-223    Plaintiff USP
        POB 2099
Pollock, La. 71467
v.

United States of America Through
The Department of Justice

Condoleezza Rice-Secretary of
State

Harvey Lappie-Director of BOP

Chief Trust Fund Officer of
Inmate Trust Fund

Robert M. Tapie-Warden

H. Chain-AW-of Industry and
Education

K. Abbarono-Factory Manager

D. Roach-Chief Financial Officer

S. Baker-Financial Officer

D.Dixon-Counselor

D.Lair-Counselor

R.McGowan-Counselor

J. Flatter-Phsician

___.Fuller Physician Assistant
        Defendants

CASE NUMBER   1:06CV00621

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 04/3/2006

## COMPLAINT

### INTRODUCTION

1. This case arises from the Defendants the United States

implementing a law which deprives Plaintiff of the right to

petition the Government to seek redress of a grievance.

COVER

1

(a) Plaintiff Autry Lee Jones attempted to petition the courts to seed relief from his wrongful punishment.

(b) On or about August 2, 1996 Plaintiff submitted a motion under 28 USCA § 2255, The Government move to dismiss same, because the one year limitation had passed.

(c) The Fifth Circuit Court of Appeals denied Plaintiff's request for a certificate of appealability.

(d) Plaintiff allege that the United States did not have authority to make a law which restrict and/or hinder Plaintiff's right to petition the government to seek redress of grievance.

(e) The Department of Justice through It's Assistant United States Attorney's enforce the one year limitation.

(f) Plaintiff propose to file a motion to correct his sentence and/or a writ of habeas corpus to determine that Plaintiff is being held in violation of the United States Constitution.

(g) It is by no means conclusive that Plaintiff will prevail if he is allowed to petition the courts to seek relief of his grievance.

(h) The relief which Plaintiff seeks is that the one year limitation be held unconstitutional.

2. This case arises from the Defendant Rice's refusal to respond to Plaintiff's request by way of the Freedom of Information Act, to learn what if anything has been implemented to correct the discrimination in the United States Justice system, which was

(1)

documented by the Department of State for the United Nations.

(a) Plaintiff sent a Freedom of Information Act request to the State Department and/or the Secretary of State more than a year ago, by certified mail number 7003 2260 0004 7108 0365, the secretary has refuse to answer same, yet same was signed for on or about November 8, 2004, see exhibit (1).

3. This case arise from Defendant Harvey Lappie's refusal to afford Plaintiff Equal Protection and Due Process.

(a) Defendant Lappie spent money on approximately 1020, items, to-wit: Labor Law Attorneys, Security and Background Investigation, Air Lift Food and Medical, Executive Office Director, Health Service, non BOP Medical, Prison Industries, Motor Pool, National Bus. Ops, Food National Bus Ops-custody, CMS renovation, BOP Ar Archives, Locksmith/Armory, Uniform Clothing, Facilities Management, Power Plant, Staff House Maintenance, Narcotic Survelance and more. See exhibit (2).

(b) By Lappie spending in the above manner Lappie had to increase the inmate rate to .23¢ per minutes so that the Fund would become solvent.

(c) Lappie retaliated against Plaintiff for filing administrative remedies, when Plaintiff file because Lappie ordered Defendant's Roach and Baker to wrongfully calculate Plaintiff's pay for piece work on overtime and when Plaintiff file an administrative remedy for retaliating against Plaintiff for refusing to allow Plaintiff to work overtime because he file the first administrative remedy.

(d) When BOP staff has documents which they don't want an inmate to have they put out a memorandum like the one from Unicor telling inmates which documents must be return to staff for

destruction or staff put said documents in the HOT TRASH see
exhibit (3)', which came from Defendant D. Dixon, telling
Plaintiff what HOT TRASH is use for and who has excess to same,
yet these count slips was not put in the HOT TRASH nor was
Plaintiff told to return same to staff for their destruction.

(e) Failure of Defendant Lappie to afford Plaintiff Equal
Protection concerning the out count slips, When other inmates
had same and was not given an incident report as Plaintiff was.

(f) Failure of Defendant Lappie to put Plaintiff on notice
concerning what Plaintiff could and could not do with said slips.

4. This case arise from Defendant the Chief Trust Fund
Officer spending money out of the Inmate Trust Fund for none
inmate related items.

(a) Defendant Chief Trust Fund Officer spent money on
approximately 1020, items which did not benefit the inmate
population as a whole to-wit: Labor Law Attorneys, Security
Background Investigation, Air Lift Food and Medical, Executive
Office Director, Health Service, non BOP Medical, Prison
Industries, Motor Pool, National Bus. Ops Food National Bus Ops-
Custody, CMS Renovation, BOP Archives, Locksmith/Armory, Uniform
Clothing, Facilities Management, Power Plant, Staff House
Maintenance, Narcotic Surveillance and more, See exhibit (2).

5. This case arise from the Defendant Robert M. Tapia's
refusal to afford Plaintiff Due Process and Equal Protection.

(a) The Defendant gave Plaintiff a document which showed
which inmates in Unicor Factory would be working overtime on a
given day or night.

(b) Defendant never told Plaintiff that these documents

(3)

could not be return to staff to prove that staff was retaliating
against Plaintiff by not placing Plaintiff on the overtime list.

(c) Defendant Tapia,prior to Plaintiff's use of said documents
never cared what happen to those documents, until Plaintiff use
same to prove the allegations of retaliation in his administrative
remedy.

(d) Defendants Lappie,Tapia,Chain,Abbarono,McGowan,Lair and
Dixon has put out a memorandum telling inmates that certain
documents must be return to staff so that same could be destroyed
to prevent their unintended use, Further said defendants put up
signs to put inmates on notice that to go beyond this or that point
without supervision will result in a disciplinary report being
filed on the inmate, no such notice was given to Plaintiff
concerning the documents which staff gave to Plaintiff.

(e) Defendant further retaliated against Plaintiff by
writinggPlaintiff an incident report for having the count slips that the
that the defendants gave to Plaintiff when it was learned that
Plaintiff had file an administrative remedy concerning the manner
in which the defendants calculated Plaintiff's pay and refusal
of the defendants to put Plaintiff on over time.

6. This case arise out of the Defendant H.Chain Associate
Warden of Industry and Education, retaliating against Plaintiff
for filing an administrative remedy against Unicor for incorrectly
calculating Plaintiff's overtime pay and for failure to afford
Plaintiff Equal Protection, When other inmates was in possession
of said slips and was not given an incident report nor lost of
job, and for failure of Defendant Chain to put

(4)

Plaintiff on notice as to what he could or could not do with said out count slips.

(a) Plaintiff file an administrative remedy concerning the manner in which U.S.P. Pollokc Unicor CAlculated his overtime pay, Defendant Chain had Plaintiff taken off of the overtime and fired for filing same, and when Plaintiff obtain a job in the Education Department, Defendant Chain told J. Haschemeyer that Plaintiff did not need to be intthe Law Library because all Plaintiff do is file grievance, that thats what got Plaintiff fired from Unicor, so J. Haschemeyer told R. Martinez that Defendant Chain said to get rid of Plaintiff.

Wherefore Plaintiff was fired from the Education Department by orders of defendant Chain.

(b) Defendant Chain would not allow Plaintiff to be placed on the prior Unicor list, so that he could obtain his job back in Unicor at an early time than on the regular Unicor list.

Defendant Chain use the excuse that Plaintiff had been fired from Unicor and therefore by policy Plaintiff could not be placed on the prior list, yet other inmates who had went before the Disciplinary Hearing Officer for fighting in the living quarters and in Unicor was allowed to bewonbthe prior list and come right back to Unicor.

(c) Defendant Chain told staff not to put Plaintiff on the overtime list because Plaintiff had file a BP 8, on Unicor concerning the manner in which Plaintiff's overtime pay had been calculated for piece work.

(5)

(d) Defendant Chain told staff not to put Plaintiff on the prior Unicor list even after Plaintiff had finished the Unicor Vocational Training Sewing class.

Plaintiff was placed on said list twice by D. Dixon and each time Plaintiff went for an interview he was told by K. Abbarono that he was on the wrong list.

(e) Plaintiff was again placed on the prior list on September 14, 2005 and Defendant Chain told staff to take Plaintiff off of same, Plaintiff was placed back on said list on october 28, 2005.

When Plaintiff submitted a cop out to defendant Abbarono requesting to learn what number Plaintiff was on said list, Plaintiff learn that Plaintiff had been placed on the regular list. Defendant Chain claim that it is the Education department's responsibility to place Plaintiff on the prior list, yet Defendant Chain is the AW of Education and Unicor and through staff Plaintiff learn that Plaintiff was taken off of the prior list be orders of Defendant Chain.

(f) Defendant Chain further retaliated against Plaintiff by having Plaintiff written up for having the count slips that the Defendant gave to Plaintiff, when it was learned that Plaintiff had file an administrative remedy on Unicor, for the manner in which Plaintiff's overtime pay was calculated.

7. this case arise out of Defendant K. Abbarono retaliating against Plaintiff for filing a B.P. 8, on Unicor for the manner

(6)

in which his overtime pay was calculated. And for failure of
Defendant Abbarono to put Plaintiff on notice as to what Plaintiff
could and could not do with said slips.

This deprived plaintiff of Equal Protection, for other
inmates was not given an incident report for having same and the
Administration put out a memorandum on which documents must be
return to the document control center for destruction to prevent
their unintented use, same was not done concerning the documents
Plaintiff was written up for.

(a) When BOP staff has documents which they don't want an
inmate to have they put out a memorandum like the one from
Unicor telling inmates which documents must be return to staff
for destruction, or staff put said documents in the **HOT TRASH**
SEE EXHIBIT  3  which came from D. Dixon who wrote the incident
report, Yet these count slips was not put in the **HOT TRASH** nor
was Plaintiff told to return same to staff for their destruction.

(b) Plaintiff was deprived of Equal Protection for other
inmates was not given an incident report for having same.

(c) Plaintiff file an administrative remedy concerning the
manner in which U.S.P. Pollock Unicor calculated his overtime
pay, Defendant Abbarono had Plaintiff taken off of the overtime
and fired for filing same, when Plaintiff went to the Unit
Disciplinary Hearing, Defendant Abbarono was call by the hearing
officers and given evidence against Plaintiff.

Plaintiff was not allowed to rebutt the evidence which

(7)

Abbarono and Defendant Chain gave to the hearing officer.

Defendant Abbarono further retaliated against Plaintiff by having an incident report written on Plaintiff for having the count slips that Defendant gave to Plaintiff when it was learned that Plaintiff had file an administrative remedy.

(d) When BOP staff has documents which they don't want an inmate to have they put out a memorandum like the one from Unicor telling inmates which documents must be return to staff for destruction or staff put said documents in the **HOT TRASH** see exhibit 3 , which came from D. Dixon, Yet these count slips was not put in the **HOT TRASH** nor was Plaintiff told to return same to staff for their destruction.

(e) The reply to Plaintiff's administrative remedy states that along with other information which the hearing officers had cause Plaintiff to be found guilty of said offense, the other information was the phone conversation with Chain and Abbarono gave to the Hearing Officers.

(f) When Defendant Abbarono learn that an inmate had sign an affidavit for Plaintiff stating that Unicor staff gave him the same documents on a dayly bases, Abbarono and J. Burges went to the inmate and ordered him to go to D. Dixon and recant his statement in the affidavit.

(g) Defendant Abbarono instructed Defendant D. Roach and S. Baker to calculate Plaintiff's overtime pay in a manner which violates BOP policy, instead of calculating Plaintiff's pay as

(8)

piece work, the above defendants calculated Plaintiff's pay by
the hour, which is a taking of Plaintiff's property.

8. This case arise from Defendant D. Roach refusal to
calculate Plaintiff's overtime pay consistent with BOP policy,
which cause Plaintiff to be under paid for the piece work he
perform.

(a) The Defendant calculated said overtime piece rate work
as follows: Add the total number of hours worked for the day which
is 7.25 + 4.25 = 11.5, thenntotal up the number of pieces
completed for the day, tthis is arrived at by multiplying the
total number of bundles by the number of pieces in the bundles,
in Plaintiff's case that would be 45 X 72= 3,240, then the Defendant
Defendant told Plaintiff to multiply the total number of pieces
by the pay rate per piece which is 3,240 X 0.0040 = $12.96, then
the Defendant say take $12.96, and divide that by the total
number of hours which one has worked for the day, which gives
Plaintiff 1,1296565, The Defendant claim that it took Plaintiff
1,1296565 hours to do 3,240, pieces and that Plaintiff must
multiply 1,1296565, times 4.25 overtime hours which equal to4,
8010401, plus the $12.96, would give Plaintiff the total amount
he earn for the day including his overtime pay.

(b) When Defendant Roach calculate Plaintiff's pay in the
above manner he is actually depriving Plaintiff of $11,830344.

(c) Policy Statement P.S. 8570.01(b) states that it is not
necessary to calculate piece rate pay using the hourly rate,
wherefore Defendant Roach use the hourly rate in error, Second

(9)

when Plaintiff work on a Saturday there is no 11.5, hours to divide into the $12.96, there is only 7.25, hours, wherefore the calculation can not be calculated as stated by exhibit $\overset{4}{\underline{\phantom{x}}}$, which was given to Plaintiff by Roach.

(d) When checking the above calculation and 1,1296565, is subtracted from $12.96, that leaves $11,830344, which is the amount Defendant Roach is taking from Plaintiff.

(e) Plaintiff avers that his pay should have been calculated in the following manner, two times the number of pieces completed on overtime, which would come to $25.92.

9. This case arise from Defendant S. Baker refusal to calculate Plaintiff's overtime pay consistent with BOP policy, which cause Plaintiff to be under paid for the piece-work he perform.

(a) The Defendant calculated said overtime piece rate work as follows: Add the total number of hours worked for the day which is 7.25 + 4.25 = 11.5, then total up the number of pieces completed for the day this is arrived at by multiplying the total number of bundles by the number of pieces in the bundles, In Plaintiff's case that would be 45 X 72 =3,240, then the Defendant told Plaintiff to multiply the total number of pieces by the pay rate per piece which is 3,240 X 0.0040 = $12.96, then the Defendant say take $12.96 and divide that by the total number of hours which one has worked for the day, which gives Plaintiff 1,1296565, The Defendant claim that it took Plaintiff 1,1296565 hours to do 3,240, pieces and that Plaintiff must multiply 1,1296565, times 4.25, overtime hours which equal to 4,8010401, plus the $12.96 would give

(10)

Plaintiff the total amount he earn for the day.

(b) The Defendant erred, Policy Statement 8570.01(b) states "While the hours worked are not necessary for determining an inmate's monthly pay check, those hours must be maintained for other payroll and control purposes. The number of hours provides a basis for reviewing and analyzing the current individual piece rate formula's reasonableness compared with estimates or standards. NOT for calculating Plaintiff's overtime pay.

(c) As stated, when a person works on a Saturday there is no 7.25, to be added to 4.25, and since Saturday is an overtime day as for as Unicor is concern, how do the Defendant calculates Plaintiff's pay on Saturday?

Do Baker divide 7.25 into $12.96? if so the answer would be 7,5669447 +$112.96 =$20.525933, The records shows that Plaintiff was was not paid $20.525933, for working on a Saturday on piece rate, Even were Defendant Baker to divide $12.96 by 4.25, Plaintiff would make even less than what Baker claim is the correct amount Plaintiff was to be paid for the 45, bundles, The amount would be $16,009411.

The Defendants has cooked the books to inflat Unicor's earnings in the manner said pay was calculated.

10. This case arise from Defendant R. McGowan's refusal to afford Plaintiff Due Process and Equal Protection.

(a) Defendant McGowan was a member of the Unit Disciplinary Committee (hereinafter UDC) Defendant McGowan UDC'ed Plaintiff, doing said hearing Defendant McGowan took part in a phone conversation with defendant Chain and Abbarono, the UDC stated

(11)

in it's finding that Plaintiff was guilty because of the greater
weight of the evidence and section 11, of the incident report,
was the bases of finding Plaintiff guilty, the only other
evidence was the phone call which Plaintiff was not allowed to
rebutt.

(b) Since Plaintiff was given said documents and until he
use same to prove that staff was retaliating against him, these
documents was permissible for Plaintiff to have, but once
Plaintiff use same in a manner to show what staff had done,from
behind the bushes came the 305, incident report , The Defendants
puts out a memorandum telling inmates which documents must be
return to staff in order that same can be destroyed to keep them
from being used for unintended use, this memorandum was not issued
for the documents Plaintiff was written up for. Yet the
Defendants did not put said documents in the HOT TRASH, said
trash per D. Dixon's statement in her response to Plaintiff's cop
out, states that HOT TRASH is for use by staff only and that
same is used when staff has something which staff do not want
inmates to have. See exhibit 3.

(c) The evidence and testimony at Plaintiff's UDC hearing
established that Plaintiff attached to an administrativeremedy
he submitted to counselor D. Dixon approximately six pages of
what the Defendant's allege to be official out count slips, the
evidence further showed that evidence was given to the UDC officers
that Plaintiff was denied the opportunity to rebutt, which is a
hearing by ambush.

(12)

(d) The Defendant's found Plaintiff guilty of violating rule 305, to-wit: Possession of anything not authorized, Plaintiff avers that since staff gave same to Plaintiff that Plaintiff was authorized to have same.

(e) There was no evidence that Plaintiff was put on notice that he could not use said slips to prove his allegations in his administrative remedy.

(f) Other inmates who possessed these documents was never written up, Defendant McGowan refuse to UDC other inmates who possessed out count slips, nor did Defendant McGowan take other inmates job for having same, further never was Plaintiff informed that he could not use same in the manner in which he use them, and even though Plaintiff had said documents in his possession possession of same was harmless. Never did staff put Plaintiff on notice as to what he could or could not do with the documents.

11. This case arise from Defendant D. Lair refusal to afford Plaintiff Eue Process, and Equal Protection.

(a) Defendant D. Lair was a member of the UDC, Defendant Lair UDC'ed Plaintiff and doing said hearing, Defendant Lair took part in a phone conversation with defendant Chain amd Abbarone, the UDC stated in it's finding that Plaintiff was guilty because of the greater weight of the evidence and section 11, of the incident report, was the bases of finding Plaintiff guilty, the only other evidence was the phone call which Plaintiff was not allowed to rebutt.

(b) Since Plaintiff was given said documents and until he

(13)

use same to prove that staff was retaliating against him these documents was permissible for Plaintiff to have, but once Plaintiff use same in a manner to show what staff had done, from behind the bushes came the 305, incident report, The Defendants puts out a memorandum telling inmates which documents must be return to staff in order that same can be destroyed to keep them from being used for unintended use, this memorandum was not issued for the documents Plaintiff was written up for. Yet the Defendants did not put said documents in the HOT TRASH said trash per D. Dixon's statement in her response to Plaintiff's cop out, states that HOT TRASH is for use by staff only and that same is used when staff has something which staff do not want inmates to have. see exhibit 3

(c) The evidence and testimony at Plaintiff's UDC hearing established that Plaintiff attached tooan administrative remedy he submitted to counselor D. Dixon approximately six pages of what the Defendant's allege to be official out count slips, the evidence further showed that evidence was given to the UDC officer which Plaintiff was denied the opportunity to rebutt, which is a hearing by ambush.

(d) The Defendant's found Plaintiff guilty of violating rule 305§ to-wit: Possession of anything not authorized, Plaintiff avers that since staff gave same to Plaintiff that Plaintiff was authorized to have same.

(e) There was no evidence that Plaintiff was put on notice that he could not use said slips to prove his allegations in his

(14)

administrativeeremedy.

(f) Other inmates who possessed these documents was never written up, Defendant Lair refuse to UDC other inmates who possessed out count slips, nor did Defendant Lair take other inmates job for having same, further never was Plaintiff informed that he could not use same in the manner in which he use them, and even though Plaintiff had said documents in his possession possession of same was harmless. Never did staff put Plaintiff on notice as to what he could or could not do with the documents.

12. This case arise from Defendant D. Dixon depriving Plaintiff of Euc Process and Equal Protection.

(a) Defendant Dixon refuse to write incident reports on other inmates who possessed and/or was given the same out count slips.

(b) Defendant Dixon refuse to put Plaintiff on notice that said slips could not be use to prove that the Administration retaliated against Plaintiff by taking Plaintiff off of the over time list..

(c) Defendant Dixon told Plaintiff what goes around comes around, when Plaintiff went to her for the 8, to file on Unicor for the manner in which his pay had been calculated and on February 13,2005 Dixon wrote andincident report on Plaintiff for having said slips.

13. This case arise from Defendant J. Flattery refusal to give Plaintiff proper medical care and showing indifference to Plaintiff's medical needs when he found out that Plaintiff

(15)

had spuringfon the left paraspinal area of his body.

(a) Defendant J. Flattery is one of two doctors at U.S.P.
Pollock and on August 17, 2003 Defendant Flattery saw Plaintiff
and ordered X Rays of Plaintiff's back, on the 15th day of September
2005 Plaintiff went to medical and was given a copy of the
radiologic report, on the 15th of September 2004 said report shows
that Plaintiff have spuring on the left paraspinal area of his body.

(b) As of the drafting of this complaint Defendant J.
Flattery has done nothing to correct said pain, khowing that same
iscause by the spuring.

14. This case arise from Defendant __Fuller's refusal to
correctly examine Plaintiff.

(a) Defendant Fuller is/was a Physican Assistant and or or
about June17, 2003 Plaintiff went to medical complaining of a
pain in the lower left and right side of his back, in the kidney
area of his back.

(b) Defendant Fuller examine Plaintiff and wroteePlaintiff a
prescription for asprin,vwhen she knew that Plaintiff had been on
asprin for over four years.

The pain continueddand Plaintiff file an administrative
remedy, yet nothing was done to stop the pain.

15)                    JURISDICTION

15. This Court has jurisdiction over the subject matter of
this complaint pursuant to the First, Fifth and Eighth Amendment
of the United States Constitution, 42 USC § 1331,Bivens v. Six
Unknown Named Agents of the Federal Bureau of Narcotics 403 US

(16)

388, 29 L.Ed.2d 619, 91 S Ct 1999, and Washington v. Reno 35 F.3d 1093.

## VENUE

16. Venue is proper pursuant to 28 USC § 1391(b)(1) and (2) because the defendants maintain their principal place of business within this District and the events and omissions given rise to Plaintiff's claims occurred within this District.

17. Plaintiff claims arise out of the same transactions occurrence, or series of occurrence and questions of law or fact common to all Plaintiffs will arise in the action.

18. Plaintiff Autry Lee Jone is presently incarcerated at the United States Penitentiary at Pollock, Louisiana, serving a sentence of Two Life sentence, impose by the United States District Court at Austin, Texas.

19. Defendant the United States of America-Through the Attorney General Alberto Gonzales is responsible for prosecuting all criminal cases on behalf of the United States, Gonzales is responsible for formulating policy relating to enforcing the one year limitation, which Congressenacted. At all times pertinent to this case defendant the United States of America had not acted under color of law and is being sued in her official and personal capacity.

20. Defendant Condoleezza Rice is the Secretary of State of the United States, As such she is responsible for carrying out the policies of the President of the United States, relating to to ca

(17)

access to information which has been complied by the office of
the Secretary of State, from this administration and prior
administrations. At all times pertinent to this case Defendant
Rice has not acted under color of law. She is being sued in
her official and personal capacity.

21. Defendant Harvey Lappie is the Director of the Bureau
of Prisons. As such he is responsible for formulating policy
relating to the running of the Bureau of Prisons and Unicor
Federal Prisons. At all times pertinent to this case Defendant
Lappie has not acted under the color of law. He is being sued in
his official and personal capacity.

22. Defendant the Chief Trust Fund Officer as such he/she
is responsible for carrying out policy formulated by the Director
of Corrections concerning expenditures of the Trust Fund Account.
At all times pertinent to this case Defendant the Chief Trust
Fund Officer has not acted under color of law and is being sued in
his/her official and personal capacity.

23. Defendant Robert M. Tapia was the warden of U.S.P. Pollock
as such he is/was responsible for inforcing the rules and
regulations of the BOP an formulating said rules. At all times
pertinent to this case Defendant Tapia has went out side the
color of law and is being sued in his official and personal
capacity.

24. Defendant H. Chain is the Associate Warden of Unicor
and Education. As such he is responsible for the formulating of

(18)

rules and regulations for Unicor and Education and to seeing that same is complied with. At all times pertinent to this case Defendant Chain has went out side the color of law and is being sued in his official and personal capacity.

25. Defendant K. Abbarono is the Factory Manager of Unicor, As such he is responsible for the formulating of rules and regulations for Unicor and seeing that same is complied with.

At all times pertinent to this case Defendant Abbarono went out side the color of law and is being sued in his official and personal capacity.

26. Defeendant D. roach is the Chief Financial officer of Unicor U.S.P. Pollock, he is responsible for the formulating and carrying out the rules for calculating inmate pay for overtime rate. At all times pertinent to this case Defendant Roach went out side the color of law and is being sued in his official and personal capacity.

27. Defendant S. Baker is/was the Financial officer of Unicor U.S.P. Pollock, she is/was responsible for the carrying out the rules for calculating inmate pay for overtime piece rate.

At all times pertinent to this case Defendant Baker went out side the color of law and is being sued in her official and personal capacity.

<u>FACTUAL BACKGROUND</u>

28. The facts of this case involve five unrelated cases in which the defendants deprived Plaintiff of his Constitutional rights: One occurring on or about December 16, 1997 for which

(19)

Plaintiff was deprived of his right to petition; Two occurring
on or about November 11,2004 for which Plaintiff was denied his
Due Process rights to information in the possession of Defendant
Rice: Three occurring on or about February 15,2005 for which
Plaintiff was denied his Due Process rights to a fair UDC
hearing: Four occurring on or about February 15, 2005 for which
Plaintiff was denied his Due Process rights by the Defendants
retaliating against Plaintiff and denying Plaintiff Equal Protection
for filing an administrative remedy against Unicor: Five occurring
on or about August 17, 2003 for which Plaintiff was denied his
Eighth right to proper medical care.

29. Plaintiff has been deprived of his First, Fifth, Sixth
and Eighth Amendment rights, his right to petition the government
by the defendant the United States implementing the one year
limitation on petitioning the government.

30. Plaintiff file a FOIA request with Defendant Rice, Rice
refuse to comply with Title 5 § 552a of USCA.

31. Following Defendant Rice's refusal to comply with said
statute Plaintiff instituted the present complaint.

32. Plaintiff file an administrative remedy with Defendant
Harvey Lappie requesting that he replace the money which was
taken from the Inmate Trust Fund for none inmate benefit, and
that incident report number 131170 be expunged from all of
Plaintiff's files and that Plaintiff be return to the same job
in Unicor with the same pay grade and back pay for all work he
was deprived of and that Plaintiff's pay be calculated by
piece rate and not the hourly rate when Plaintiff is doing piece

(20)

work and that Plaintiff never to be retaliated against again, same was denied.

33. Plaintiff file an administrative remedy with Defendant the Chief Trust Fund Officer of the BOP requesting that he replace the money which was taken from the Inmate Trust Fund for none inmate use and that said defendant never take said money again. Same was denied.

34. Plaintiff file an administrative remedy with Defendant Robert M. Tapia requesting that he stop the use of Inmate Trust Fund money for none inmate use and that Defendants Unicor Chain, Abbarono, Roach, and Baker calculate Plaintiff's pay by the piece rate when he work by the piece and by the hour when there is no piece work and to repay Plaintiff for lost wages and return Plaintiff to his prior job in Unicor with no changes to said job and that defendant's stop retaliating against Plaintiff.

35. Plaintiff file an administrative remedy with Defendant H. Chain requesting that he return Plaintiff to his Unicor job with no lost of pay or grade and with back pay.

36. Plaintiff file an administrative remedy with Defendant K. Abbarono requesting that he return Plaintiff to his Unicor job with no lost of pay or grade and with back pay.

37. Plaintiff file an administrative remedy requesting that Defendant Roach recalculate his pay and that Defendant Roach calculate Plaintiff's pay for piece rate when doing piece work and not by the hour, same was denied.

38. Plaintiff file an administrative remedy requesting that

(21)

Defendant Baker recalculate his pay and that Defendant Baker
calculate Plaintiff's pay for piece rate when doing piece work
and not by the hour, same was denied.

39. Plaintiff file an administrative remedy requesting that
Defendant McGowan's decision of the UDC hearing be reversed,
for Plaintiff had not been placed on notice that he could not
use count slips to prove his allegations in his B.P. eight, and
that he was denied Equal Protection and Due Process. same was
denied.

40. Plaintiff file an administrative remedy requesting that
Defendant Lair's decision of the UDC hearing be reversed for
Plaintiff had not been placed on notice that he could not use
said count slips to prove his allegations in his B.P. eight, and
that he was denied Equal Protection and Due Process. same was
denied.

41. Plaintiff file an administrative remedy requesting that
the incident report which Defendant D. Dixon wrote on Plaintiff
be expunged and that Defendant Dixon stop retaliating against
Plaintiff, same was denied.

42. Plaintiff file an administrative remedy requesting that
Defendant Flattery and Fuller have the correct test performed
to determine the cause of Plaintiff's pain, Plaintiff receive
the results of the X rays which showed that Plaintiff has large
spurring on the left saraspinal area at L1-L2, yet the Defendants
has refuse to correct same.

FIRST CLAIM FOR RELIEF VIOLATION OF THE FIRST AMENDMENT

43. Plaintiff repeats and alleges the foregoing paragraphs

(22)

as though fully set forth herein.

44. By refusing to allow Plaintiff to petition the courts and have his petition heard on the merits which could prove Plaintiff was not in possession of cocain base, Defendants have deprived Plaintiff of his First Amendment right.

## SECOND CLAIM FOR RELIEF ACTUAL INNOCENCE

45. Plaintiff repeats and alleges the foregoing paragraphs as though fully set forth herein.

46. By refusing to allow Plaintiff to petition the courts and have same heard on the merits, Defendants have deprive Plaintiff of the opportunity to make a conclulsive showing that he is innocent of the punishment for which he is currently serving, in violation of the Due Process clause of the Fifth Amendment.

## THIRD CLAIM FOR RELIEF DUE PROCESS

47. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

48. By refusing to comply with Title 5 § 552a of USCA and give Plaintiff the information on discrimination in the United States Justice system, Defendant Rice has deprived Plaintiff of Due Process of Law.

## FORTH CLAIM FOR RELIEF EQUAL PROTECTION
## AND DUE PROCESS

49. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

50. By Defendant Lappie refusing to treat Plaintiff as other

(23)

inmates was treated concerning the count slips Lappie deprived
Plaintiff of Equal Protection.

51. By Defendant Lappie refusing to put Plaintiff on notice
as to what Plaintiff could and could not do with said slips
deprived Plaintiff of Due Process, and filing an incident report
on Plaintiff for using said slips cause Plaintiff to be retaliated
against and is a denial of Due Process.

### FIFTH CLAIM FOR RELIEF DUE PROCESS

52. Plaintiff repeats and alleges the following paragraphs
as though fully set forth herein.

53. By refusing to stop spending money from the Inmate
Trust Fund for none inmate concerns, The taking of Plaintiff's
money and the manner in which Defendants Lappie calculated said
over time piece rate pay, The refusal of Defendant's to present
Plaintiff with the evidence of the phone call of his UDC hearing
deprived Plaintiff of Due Process and the refusal to put
Plaintiff on notice concerning the count slips deprived Plaintiff
of Due Process.

### SIXTH CLAIM FOR RELIEF DUE PROCESS

54. Plaintiff repeats and alleges the following paragraphs
as though fully set forth herein.

55. By refusing to direct defendant Chain, and Abbarono
to calculate Plaintiff's overtime pay without the hourly rate to
refrain from retaliating against Plaintiff, Defendant Tapia
deprived Plaintiff of Due Process and Equal Protection.

### SEVENTH CLAIM FOR RELIEF DUE PROCESS

56. Plaintiff repeats and alleges the following paragraphs

as though fully set forth herein.

57. By refusal of Defendant Chain and Abbarono to direct Defendant Roach and Baker to calculate Plaintiff's overtime pay without the hourly rate and calculate same by piece rate only deprive Plaintiff of Due Process of law.

### EIGHTH CLAIM FOR RELIEF

58. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

59. By refusal of Defendant McGowan to allow Plaintiff to rebutt the testimony which was given to him from the phone call which was made to Chain and Abbarono and failure to put Plaintiff on notice as to what he could and could not do with said documents deprived Plaintiff of Due Process of law and Equal Protection.

### NINTH CLAIM FOR RELIEF

60. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

61. By refusal of Defendant Lair to allow Plaintiff to rebut the testimony which was given to him from the phone call which was made to Chain and Abbarono and failure to put Plaintiff on notice as to what he could and could not do with said documents deprived Plaintiff of Due Process of law and Equal Protection.

### TENTH CLAIM FOR RELIEF

62. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

63. By refusal of Defendant Roach and Baker to calculate

(25)

Plaintiff's overtime pay without the hourly rate and calculate
same by piece rate only deprive Plaintiff of Due Process of law.

### ELEVENTH CLAIM FOR RELIEF DUE PROCESS

64. Plaintiff repeats and alleges the following paragraphs
as though fully set forth herein.

65. By refusal of Defendant Dixon to put Plaintiff on notice
as to what he could and could not do with the out count slips
after same was given to Plaintiff by the Defendants, and
retaliating against Plaintiff for filing an administrative remedy
deprived Plaintiff of Due Process and Equal Protection of law.

### TWELFTH CLAIM FOR RELIEF VIOLATION OF THE EIGHTH AMENDMENT

66. Plaintiff repeats and alleges the following paragraphs
as though fully set forth herein.

67. By showing indifference to Plaintiff's medical needs
and refusing to correct the spuring in Plaintiff's back
violated Plaintiff's Eighth Amendment right.
WHEREFORE, Plaintiff Autry Lee Jones prays for judgment as
follows:

A. Equitable relief, in the form of:

(1) Return to Plaintiff's Unicor job in Detail Seven
as a bundle maker at a grade three.

(2) To be  paid back pay from the first month the over
time work started in Detail Seven to the final judgment of this
complaint, with interest.

(3) To calculate Plaintiff pay by the piece rate only
when Plaintiff do piece work.

(26)

(4) To pay Plaintiff for each day for the days he did not work, because he was wrongfully fired including all overtime.

(5) To give Plaintiff all grade premotions he would have receive had he not been fired and that he keep the bundle makers job as the persons who had the job and first grade after Plaintiff was fired.

(6) Allow Plaintiff to petition the court for redress of grievance..;

(7) for Defendant Lappie and the Chief Trust Fund Officer to replace all money which they spent from the Inmate Trust Fund which did not benefit the inmate population as a whole, with interest, and to decrease the phone rate from .23¢ per minute to .07¢ per minute.

(8) For Defendant Lappie to expunge incident report number 1311704, from all of Plaintiff's files.

(9) To cause each defendant to perform 9.000, hours of community service and pay all court cost.

(10) to cause Defendant Chain, Abbarono and Dixon to pay Plaintiff $9.999.99, for retaliating against Plaintiff.

(11) Such other relief as this court deem just and proper.

(12) That Defendant Rice produce the manner in which the Government has determine how to stop the discrimination in the United States Justice system, if any and if no decision has

(27)

been made as to how to stop same and why there has been no remedy
to stop same.

   13. A trial on all issues triable hereby jury.

                                    RESPECTFULLY SUBMITTED

                                    /S/ _____
                                    Autry Lee Jones

                                 (28)