RECEIVED
JAN 31 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D C

Autry Lee Jones            NO. 1:06-cv-00621(RWR)
     Movant

v.

United States of America et al
     Defendant

## MOTION TO SUBMIT AN EXHIBIT

MAY IT PLEASE THE COURT:

     Comes now Autry Lee Jones hereinafter referred to as Movant in this his Motion to Submit an An Exhibit for the following reasons:

1.

     Movant on or about the 3rd day of March 2006 Mail a complaint along with a few exhibits to the clerk of this court, the clerk on or about the 3rd day of March 2006 file said complaint and gave same cause number 1:06-cv-00621(RWR)

2.

     On or about the 3rd day of November 2006 Movant was transferred from USP Pollock, Louisiana to Oklahoma, City and on or about the 5th day of December 2006 Movant was transferred to Atlanta, Georgia and on or about the 6th day of December 2006 Movant was tranferred to Otisville, New York.

3.

     In Movants Complaint he allege that the Respondents retaliated against him for filing an administrative remedy, complaining about the manner in which his pay was calculated for overtime piece rate and for refusing to allow Movant to work on overtime.

(1)

PAGE 2 OF MOTION
TO SUBMIT AN EXHIBIT

4.

Movant was written up for having something unauthorized, to-wit a copy of an official out count slip.

Movant was found guilty of said write up and was sentenced to lost of job in Unicor, this was on or about February 13, 2005.

5.

Movant exhausted his administrative remedies, In reply to Movant's Administrative Remedies the Administration never replied to Movant's statement that (1) Since said slips was in the regular trash the Administration had no expectation of owner-ship (2) That even assuming arguendo that Movant was not allowed to have same the Administration never put Movant on notice that said slips was unauthorized for use as an exhibit. (3) That having same was harmless(4) That these slips was given to inmates and that having same did not cause a breach of security.

6.

On or about January 22, 2007 while in the Dinning room at FCI Otisville Movant saw a copy of an official out count slip in the regular trash.

Movant retrieve said slip and attaches same to this motion, after learning that these slips is placed in the Unites, the same as the call outs so that inmates will know that they are not suppose to be in their housing Units at the time appearing on said slips.

7.

USP Pollock, Louisiana is over 700 miles away from

(2)

PAGE 3 of MOTION
TO SUBMIT AN EXHIBIT

Otisville FCI|| yet the same practice is in effect at Otisville, New York as is in efffect in Pollock, Louisiana that is throwing said slips in the regular trash instead of in the (HOT TRASH).

8.

Movant submits the attached exhibit to prove that the Respondents is attempting to cover up their retaliation against Movant. this exhibit shows that the Administration attaches (NO SIGNITICANT) security value to said slips, the slips was a cover so that the Administration could strike at Movant for exercising his right to use the Administrative remedies.

9.

PRAYER OF CONCLUSION

WHEREFORE PREMISES CONSIDERED, and placed before this most Honorable Court, Movant prays that the Court will allow him to submit this exhibit.

RESPECTFULLY SUBMITTED

/S/ _____
Autry Lee Jones

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
                   WASHINGTON, D C
```

Autry Lee Jones                              1:06-cv-00621(RWR)
        Plaintiff

v.

United States of America et al
        Defendant

## O R D E R

On this___day of_____2007 came on be heard Movant's Motion to Submit An Exhibit in the abovt cause number.

The Court is of the opinion after reviewing the files and records of this matter that justice would be best served by:

DENYING (   )                              GRANTING (   )

    Said motion.

                                     /S/_____
                                     Judge Presiding