UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0621 (RWR) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| through the DEPARTMENT OF JUSTICE, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
| | ) |
| and | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO
DEFENDANTS THE UNITED STATES DEPARTMENT OF STATE
AND SECRETARY OF STATE CONDOLEEZA RICE**

Plaintiff brings this suit against the Department of State and Secretary of State Condoleeza Rice ("Department of State Defendants") pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a, to address the "refusal to respond" to Plaintiff's alleged FOIA/Privacy Act request, postmarked on October 26, 2004. Compl.¶ 2(a), and Plaintiff's Exh.1.  Federal Defendants, the United States of America and the United States Department of State, hereby move, pursuant to Fed. R. Civ. P. 12(b) (1) and (6), to dismiss the  Department of State Defendants from this action, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  In the alternative, the Court is asked to enter summary judgment in favor of the Department of State Defendants,

pursuant to Fed.R. Civ. P. 56, because there is no genuine issue as to any material fact and the Department of State and Secretary of State Condoleeza Rice are entitled to judgment as a matter of law on the limited FOIA issue set forth below.

*Pro se* Plaintiff should take notice that any factual assertions contained in the attached supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Furthermore, should this Court treat Defendant's Motion to Dismiss as a motion for summary judgment, because of the attached exhibits, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of Points and Authorities, (2) attached Exhibit, and (3) proposed Order attached hereto.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C. 20530
Phone: (202) 307-0895
Fax: (202) 514-8780
Sherease.Louis@usdoj.gov

Of Counsel:
Oliver M. Lewis, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0621 (RWR) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| through the DEPARTMENT OF JUSTICE, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
| | ) |
| and | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), the Defendants submit this statement of material facts not in genuine dispute. The attached declaration of Margaret P. Grafeld, Director of the Department's Office of Information Programs and Services (IPS) and the Department's Information and Privacy Coordinator, supports this statement. *See* Declaration of Margaret Grafeld ("Graefeld Dec."), attached hereto as Exhibit 1.

1. On April 3, 2006, Plaintiff filed a Complaint alleging that Defendants had not responded to a request he mailed on October 26, 2004, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Docket Entry No. 1.

2. Plaintiff alleges that this FOIA request sought "the information on discrimination in the United States Justice system" and "what if anything has been implemented to correct the

discrimination in the United States Justice system, which was documented by the Department of State for the United Nations." *See* Complaint at ¶ 48, 2.

3.  In the Complaint, Plaintiff indicated that "the secretary has refuse (*sic*) to answer same, yet was signed for on or about November 8, 2004." *See id.* at ¶ 2(a).

4.  Defendants reviewed their system which tracks FOIA requests and did not locate a FOIA request for the time period November 1, 2004, to the date of Plaintiff's filing, April 26, 2007. *See* Grafeld Dec. at ¶ 6.

                                                    Respectfully submitted,

                                                        Jeffrey A. Taylor
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney

                                                        Rudolph Contreras
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

                                                     /s/ Sherease Louis
                                            SHEREASE LOUIS
                                            Special Assistant United States Attorney
                                            555 Fourth St., N.W., Room E4821
                                            Washington, D.C.  20530
                                            Phone: (202) 307-0895
                                            Fax: (202) 514-8780
                                            Sherease.Louis@usdoj.gov

Of Counsel:
Oliver M. Lewis, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, | ) |
|               Plaintiff, | ) |
|            v. | ) Civil Action No. 06-0621 (RWR) |
| UNITED STATES OF AMERICA, | ) |
|    through the DEPARTMENT OF JUSTICE, | ) |
|          and | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
|          and | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
|               Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE UNITED STATES DEPARTMENT OF STATE'S AND
SECRETARY OF STATE CONDOLEEZA RICE'S MOTION TO DISMISS IN PART
OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff brings this suit against the United States Department of State and Secretary of State Condoleeza Rice ("Department of State Defendants"), pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a, to address the "refusal to respond" to Plaintiff's alleged FOIA/Privacy Act request, postmarked on October 26, 2004.[1]  Compl.¶ 2.  At the time of the filing of the Complaint, Plaintiff alleged that he had not yet received documents from the Department of State in response to his FOIA request submitted more than a year ago.  *Id.* ¶ 2(a).  Because Plaintiff has failed to submit a proper

---

[1] Plaintiff also brings suit against the Federal Bureau of Prisons alleging violations of his constitutional rights.  These claims are not addressed herein but will be addressed in a separate motion.

request under the FOIA, and has failed to exhaust his administrative remedies, Defendants hereby move, pursuant to Fed. R. Civ. P. 12(b) (1) and (6), to dismiss the United States Department of State and Secretary of State Condoleeza Rice from this action, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff has sued the United States Department of State and Secretary of State Condoleeza Rice pursuant to the Freedom of Information Act and the Privacy Act, for Defendant Rice's alleged

> refusal to respond to Plaintiff's request . . . to learn what if anything has been implemented to correct discrimination in the United States Justice system, which was documented by the Department of State for the United Nations.

Compl. 2(a). The United States Postal Service receipt attached to the Complaint as Exhibit 1 indicates that Plaintiff's alleged FOIA request was postmarked October 26, 2004, and was addressed to former Secretary of State Colin L. Powell, 2201 C. St. NW, Washington, D.C. 20001. Plaintiff alleges that someone at the Department of State signed the receipt on November 8, 2004. *See* Compl. at ¶ 2.

## STANDARD OF REVIEW

A.    **Motions to Dismiss**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Gardner v. U.S.*, No. Civ. A. 96-1467, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), *aff'd,* 213 F.3d 735 (D.C. Cir. 2000) and *cert. denied*, 531 U.S. 1153 (2001), *quoting, Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir.1987); *see also* 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . . subject matter jurisdiction deals with the power of

2

the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.") A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. Nat'l Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*; *see also Cureton v. United States Marshal Serv.*, 322 F. Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

3

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court may consider additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

A motion to dismiss is a proper procedural vehicle for adjudicating a plaintiff's failure to exhaust its administrative remedies. *See e.g. Hamilton Securities Group, Inc. v. U.S. Dep't Housing Urban Dev.,* 106 F. Supp. 2d. 23 (D.D.C. 2000) (matter dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative remedies under FOIA); *Hildalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003)(where plaintiff failed to exhaust administrative remedies, matter remanded to district court to dismiss complaint under Rule 12(b)(6)). When a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." *Wilbur v. CIA* 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam)(citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990).

  B.  **Motions for Summary Judgment**

Where matters outside the pleadings are presented to the court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion shall be treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56. Fed R. Civ. P. 12. Where no genuine

dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id*. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

In *Anderson*, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

*Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment

procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (*quoting* Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. *See Cappabianca v. Comm'r, U.S. Customs Serv.*, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (*citing Miscavige v. U.S. Internal Revenue Serv.*, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).

## ARGUMENT

### I.  PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

FOIA requests are intended to be handled administratively, in the first instance, not in District Court. This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request. To further this goal, the law provides that a FOIA plaintiff's failure to

6

exhaust administrative remedies deprives the Court of subject matter jurisdiction over the unexhausted claims. *See Oglesby*, 920 F.2d at 61-62. Indeed, "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies." *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996); *accord Dettmann v. U.S. Dep't of Justice,* 802 F.2d 1472, 1477 (D.C. Cir. 1986); *Center to Prevent Handgun Violence v. U.S. Dep't of the Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997); *Crooker v. U.S. Secret Serv.*, 577 F. Supp. 1218, 1219 (D.D.C. 1983). Other courts have held that when a FOIA plaintiff fails to exhaust administrative remedies, his lawsuit is subject to dismissal for failure to state a claim. *See Sweetland v. Walters*, 60 F.2d 852, 855 (D.C. Cir. 1995)*(per curiam)*(because defendant is not an agency for FOIA purposes, dismissal for failure to state a claim upon which relief could be granted was proper). Regardless of the stated basis for dismissal, when a FOIA plaintiff attempts to seek judicial review before the agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies. *See e.g. Judicial Watch, Inc. v. Fed. Bureau of Investigation*, 190 F.Supp. 2d 29, 32 (D.D.C. 2002)(citing *Oglesby*, 920 F.2d at 61-62).

      In the matter at hand, Plaintiff indicates that he mailed his FOIA request to Defendants on October 26, 2004. *See* Complaint at ¶ 2, and Plaintiff's attached Exh. 1. Plaintiff also indicates that he has not received a response to his alleged FOIA request. *Id*. at ¶¶ 2(a), 30, 31, 48. However, Plaintiff has not exhausted the required procedures.

      Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*,

7

445 U.S. 136, 150 (1980).  "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at * 8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005). *Thomas v. FAA*, Civil Action No. 05-2391, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); *cf. Pollack v. Dep't of Justice*, 49 F.3d at 117 n.1 ("Pollack's Privacy Act claim was not properly before the district court because Pollack did not first exhaust administrative remedies provided under the Privacy Act").

    **A.**    **Plaintiff's Alleged FOIA Request Was Not Made in Accordance with the Department's Regulations.**

        **1.**    **Plaintiff's Request Was Mailed to the Wrong Address.**

Plaintiff's alleged FOIA request was not made in accordance with the Department's regulations, which identify the proper address for sending FOIA requests to the Department. Plaintiff's alleged FOIA request was addressed to former Secretary of State Colin L. Powell, 2201 C. St. NW, Washington, D.C.  20001.  As of October 26, 2004, however, the Department's regulations required that FOIA requests be mailed to "Information and Privacy Coordinator, Foreign Affairs Information Management Center, Room 1239, Department of State, Washington, DC 20520." *See* 22 C.F.R. § 171.2(b) (April 1, 2004 edition).  As of November 3, 2004, the Department's regulations were changed to state that FOIA requests should be mailed to "Information and Privacy Coordinator, U.S. Department of State, SA-2, 515 22nd Street, N.W., Washington, DC 20522-6001."  See 22 C.F.R. § 171.5(a) (April 1, 2005 edition).  Plaintiff's request was addressed to neither of these addresses.

The FOIA expressly provides that its disclosure requirements only apply "upon any request for records which . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A) (emphasis added). The failure to send requests to the address provided in agency regulations is sufficient basis to dismiss any claims based on such claims. *See Church of Scientology*, 792 F.2d at 150 ("In view of the statutory command that requests be made in accordance with published rules," court finds "no merit in [requester's] contention that the [agency's] failure to inform it earlier that [its] request . . . was misdirected should have led the District Court to require a search" of additional offices); *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 67-68 (D.D.C. 2004) ("plaintiff's failure to file a request that comports with agency FOIA regulations constitutes failure to exhaust administrative remedies") (citing cases); *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("An agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.") (citing cases); *Leytman v. New York Stock Exchange*, No. 95-902, 1995 WL 761843, at *2 (E.D.N.Y. Dec. 6, 1995) (failure to allege requests sent to address specified in agency's FOIA regulations basis for dismissal). *Cf. Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8 Cir. 1 th 985) (determining that agency complied with "FOIA's response time provisions" after advising plaintiff that routing of his request to appropriate office within agency would result in short delay "before the ten working day response period would begin running"); *Blackwell v. EEOC*, No. 2:98-38, 1999 U.S. Dist. LEXIS 3708, at *6 (E.D.N.C. Feb. 12, 1999) ("The time period for responding to a FOIA request . . . does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published regulations.")

### 2. Plaintiff's Request Was Not Styled As a Request For Records Under the FOIA.

While Plaintiff has not attached a copy of his alleged request to the Complaint, Plaintiff's Complaint characterizes his alleged FOIA request as a request

> to learn what if anything has been implemented to correct the discrimination in the United State Justice system, which was documented by the Department of State for the United Nations.

Compl. at ¶ 2.

Defendants' records indicate that they have not received a FOIA request from Plaintiff. Grafeld Decl. at ¶ 8. According to the Declaration of Margaret Grafeld, it is unlikely that a request such as this, addressed to the Secretary and posed in the form of a question, rather than as a request for records, would have been forwarded to IPS for processing as a FOIA request. *Id.* ¶ 6. The Department uses good-faith efforts to route mail that is addressed to the Secretary of State to the appropriate office or bureau within the Department. *Id.* ¶ 5. IPS maintains an automated case tracking system which assigns case control numbers to, and tracks the status of, all FOIA and Privacy Act requests received in IPS. *Id.* ¶ 7. IPS logs all incoming FOIA and Privacy Act requests into this automated case tracking system, and inputs information about each request into the system (including, but not limited to, the requester's name and organization, when provided, and, in the case of FOIA requests, the request's topic). *Id.* All requesters are then notified of the case control numbers assigned to their requests. *Id.*

Had Plaintiff's alleged request been styled as a request for records under the FOIA, personnel in the Department who were responsible for the Secretary's mail would have likely forwarded it to IPS, even though it had not been mailed to the proper office in accordance with

10

Department regulations. *Id.* ¶ 5. However, if the alleged request had not clearly been marked as a request for records under the FOIA, personnel in the Department who were responsible for the Secretary's mail may have forwarded it to another office within the Department. *Id.* It is Plaintiff's obligation to submit a proper FOIA request to the appropriate office.

IPS has no record of receiving a FOIA request from Plaintiff. After receiving notice of this lawsuit, IPS searched appropriate fields in the automated case tracking system described above for requests from Autry L. Jones for the time period November 1, 2004 to the date of plaintiff's filing, April 26, 2007. *Id.* ¶ 8. Had IPS ever received such a request, it would have been located by this search of the case tracking system. *Id.* On the contrary, however, the Department found no record of having received any FOIA request from Plaintiff, and Plaintiff did not refer in his complaint to any case control number assigned by the Department. Thus, the logical conclusion to draw is that no FOIA request was ever received by IPS from Plaintiff. Plaintiff acknowledges that he received no acknowledgment letter. *See* Complaint at ¶¶ 1(h), 2(a). Therefore, it stands to reason that no such FOIA request was ever received. "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

Thus, there is no jurisdiction under the FOIA to enjoin the Defendants from withholding any document. *Id.; see also* 5 U.S.C. § 552(a)(4)(B) (allowing for jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records "improperly withheld"). As Plaintiff has failed to exhaust his administrative remedies, his claim must be dismissed. *See* Fed R. Civ. P. 12(b)(1) and 12(b)(6). In the alternative, Defendants are entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**B.     Plaintiff's Constitutional Claim Must Be Dismissed**.

Because Defendants have not provided Plaintiff with the documents he seeks, Plaintiff claims that the Defendants' actions are unconstitutional and deprive him of due process. *See* Complaint ¶¶ 2(h), 48. However, FOIA is the comprehensive scheme provided to address all issues associated with release of documents, *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002), and thus Plaintiff's pursuit of a FOIA claim under the constitution is inappropriate.[2] *See Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (*en banc*) (no *Bivens* remedy available if a statute provides a "comprehensive system to administer public rights"); *Armstrong v. Bureau of Prisons*, 976 F. Supp 17, 23 (D.D.C. 1987), *aff'd* 1998 WL 65543 (D.C. Cir. Jan. 30 1988) (Privacy Act does not allow civil action for damages against individuals); *Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, *1-*2 (D.C. Cir. Sept. 3, 2003) (affirming dismissal of constitutional claims because "they are encompassed within the remedial scheme of the Privacy Act"). *Cf. Bush v. Lucas*, 462 U.S. 367, 368 (1983) (courts should not fashion independent Bivens remedy for alleged constitutional violations where Civil Service Reform Act provides a comprehensive statutory scheme for such claims).

**II.     PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES**.

To the extent that Plaintiff's claims could be construed to request monetary damages from Defendants, those claims must be dismissed absent a waiver of sovereign immunity. *Meyer v.*

---

[2]     *See also Thomas v. Federal Aviation Admin.*, No. 05-2391, 2007 WL 219988, *3 (D.D.C. Jan. 25, 2007) (dismissing agency heads as defendants because "[t]he only proper defendant in a FOIA case is a federal agency") (*citing Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991); *Leinenbach v. U.S. Dep't of Justice*, No. 05-744, 2006 WL 1663506, at *4 (D.D.C. June 14, 2006); *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C. 1993)).

*Reno*, 911 F.Supp. 11 (D. D.C. 1996); *Marshall v. Reno*, 915 F.Supp. 426 (D. D.C. 1996); *Deutsch v. U.S. Dep't of Justice*, 881 F.Supp. 49, 55 (D. D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. *See United States v. Nordic Village*, 503 U.S. 30 (1992). Plaintiff's Complaint does not contain any colorable basis for such a waiver. Therefore, Plaintiff's claims for damages must be dismissed with respect to the Department of State Defendants, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

As Plaintiff has failed to exhaust his administrative remedies, Defendants respectfully request that Plaintiff's Complaint be dismissed. In the alternative, Defendants request that their motion for summary judgment be granted.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C. 20530
Phone: (202) 307-0895; Fax (202) 514-8780
Sherease.Louis@usdoj.gov

Of Counsel:
Oliver M. Lewis, Esq.
U.S. Department of State
Washington, D.C.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AUTRY LEE JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0621 (RWR) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| through the **DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| and | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF STATE,** | ) |
| | ) |
| and | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing service of the foregoing Motion to Dismiss in Part Or, in the Alternative, For Partial Summary Judgment with Respect to Defendants the United States Department of State and Secretary of State Condoleeza Rice, was made by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Autry Lee Jones, #R52873-080
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, LA 10963

on this 28th day of June, 2007.

                                                           /s Sherease Louis
                                                         SHEREASE LOUIS
                                                         Special Assistant United States Attorney