UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Autry L. Jones,  )<br>  )<br>         Plaintiff,  )<br>  )<br>         v.  )<br>  )<br>United States of America, et al,  )<br>  )<br>         Defendant.  )<br>  )<br>  )<br>  ) | Civil Action<br>No. 06-621 RWR |

                    DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

    1.  I am the U.S. Department of State's (Department's) Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and Services (IPS). In these capacities, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act (PA), 5 U.S.C. § 552a, and other applicable records access provisions. I have been in the employ of the Department of State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am authorized to classify and declassify national

security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7 and 9.14. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established in response to this lawsuit, and upon information furnished to me in the course of my official duties. I have read plaintiff's complaint filed in the above-captioned matter, and I am familiar with the efforts of Department personnel to locate any request that plaintiff alleges to have submitted.

2. IPS is responsible for the receipt, acknowledgment, and processing of external requests for Department records. External requests include those that have been made by the general public (under the FOIA, the Privacy Act, or the Mandatory Declassification Review requirements of E.O. 12958), members of Congress, or other government agencies; and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests. IPS also provides retrieval services for computerized and paper records that are maintained in the Central Foreign Policy File (the Department's principal records system), reviews for disclosure Department records dealing with the general foreign policy of the United States, and, in general, coordinates search and

review action in response to external requests for Department records.

3.   The United States Postal Service receipt (Exhibit 1) attached to the complaint indicates that plaintiff's alleged FOIA request was postmarked October 26, 2004 and was addressed to former Secretary of State Colin L. Powell, 2201 C. St. NW, Washington, D.C. 20001.  Plaintiff alleges that someone at the Department of State signed the receipt on November 8, 2004.  See Compl. at ¶ 2.

4.   Plaintiff's alleged request, if it was in fact actually made, was not made in accordance with Department's regulations, which identify the proper address for sending FOIA requests to the Department.  As of October 26, 2004, the Department's regulations stated that FOIA requests should be mailed to "Information and Privacy Coordinator, Foreign Affairs Information Management Center, Room 1239, Department of State, Washington, DC 20520."  See 22 C.F.R. § 171.2(b) (April 1, 2004 edition).  As of November 3, 2004, the Department's regulations were changed to state that FOIA requests should be mailed to "Information and Privacy Coordinator, U.S. Department of State, SA-2, 515 22nd Street, N.W., Washington, DC 20522-6001."  See 22 C.F.R. § 171.5(a) (April 1, 2005 edition).

*Autry L. Jones v. United States of America et al*
*Grafeld Declaration*

5. The Department uses good-faith efforts to route mail that is addressed to the Secretary of State to the appropriate office or bureau within the Department. Had plaintiff's alleged request been styled as a request for records under the FOIA, personnel in the Department who were responsible for the Secretary's mail would have likely forwarded it to IPS, even though it had not been mailed to the proper office in accordance with Department regulations. However, if the alleged request had not clearly been marked as a request for records under the FOIA, personnel in the Department who were responsible for the Secretary's mail may have forwarded it to another office within the Department.

6. Plaintiff has not attached a copy of his alleged request to the Complaint. However, in the Complaint, plaintiff characterizes his alleged FOIA request as a request "to learn what if anything has been implemented to correct the discrimination in the United States Justice system, which was documented by the Department of State for the United Nations." Compl. At ¶ 2. It is unlikely that a request such as this, addressed to the Secretary and posed in the form of a question rather than as a request for records, would have been forwarded to IPS for processing as a FOIA request.

*Autry L. Jones v. United States of America et al*
*Grafeld Declaration*

7. IPS maintains an automated case tracking system which assigns case control numbers to, and tracks the status of, all FOIA and Privacy Act requests received in IPS. IPS logs all incoming FOIA and Privacy Act requests into this automated case tracking system, and inputs information about each request into the system (including, but not limited to, the requester's name and organization, when provided, and, in the case of FOIA requests, the request's topic). All requesters are then notified of the case control numbers assigned to their requests. It is our custom to refer to the case control numbers in all correspondence with requesters. The automated case tracking system is text-searchable on a field-by-field basis.

8. IPS has no record of receiving a FOIA request from plaintiff. After receiving notice of this lawsuit, IPS searched appropriate fields in the automated case tracking system described above for requests from Autry L. Jones for the time period November 1, 2004 to the date of plaintiff's filing, April 26, 2007. Using this method, I can state that there is no record of any FOIA request being received in IPS from Autry L. Jones from the relevant time period. Based on the manner of storing and retrieving this information in the ordinary course of business within IPS, I can attest that had such a request been received by IPS from a requester identifying himself as

Autry L. Jones (or Autry Jones, or Autry Lee Jones), that request would have been located through the search conducted. Further, had the Department received any FOIA request from plaintiff, the request would have been assigned a case control number, and plaintiff would have been notified of that case control number. The Department found no record of having received any FOIA request from plaintiff, and plaintiff did not refer in his complaint to any case control number assigned by the Department. Thus, the logical conclusion to draw is that no FOIA request was ever received by IPS from plaintiff.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.
Executed this __14th__ day of June 2007

_____
Margaret P. Grafeld

*Autry L. Jones v. United States of America et al*
*Grafeld Declaration*