UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   through the DEPARTMENT OF JUSTICE, *et al.,* )<br>)<br>Defendants. )<br>) | Civil Action No. 06-0621 (RWR) |

### DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION
### OF THE COURT'S MAY 18, 2007, MEMORANDUM AND ORDER

Defendants, through undersigned counsel, hereby file this opposition to Plaintiff's motion for reconsideration ("Reconsideration Motion") of this Court's Memorandum and Order, dated May 18, 2007, and entered on the docket on May 21, 2007 ("Order").

### BACKGROUND

Plaintiff initiated this action on April 3, 2006. On March 23, 2007, Plaintiff filed a Motion to Compel, which sought the Court's assistance in compelling the Defendants to provide the home addresses of six individually-named Defendants – Tapie, Chain, Abbarano, Baker, Dixon and Fuller - who had been sued in their personal capacity. *See* Dkt. Entry 12. The Order denied the relief requested in Plaintiff's Motion to Compel and dismissed the Complaint as to those Defendants. *See* Dkt. Entry 18. Now, several weeks later, in a Motion to Request Court to Order U.S. Marshals to Serve *Subpoenas Duces Tecum* to Locate the Whereabouts Of the Defendants ("Motion"), dated June 20, 2007, and filed on July 2, 2007, Plaintiff requests that this Court serve a subpoena on BOP employee Wanda Hunt, and the undersigned Special Assistant United States Attorney, "to locate the whereabouts of said six defendants." Plaintiff's

Reconsideration Motion at 3. Plaintiff's Reconsideration Motion fails to demonstrate that the Court has 1) misunderstood Plaintiff's argument; 2) made a decision beyond the issues presented for review; 3) erred; or that 4) an intervening change of law has occurred. Accordingly, Plaintiff's Reconsideration Motion should be summarily denied.

## STANDARD OF REVIEW

Rule 54(b) governs the reconsideration of orders that do not constitute final judgments in a case. *See Campbell v. United States Dep't of Justice*, 231 F.Supp.2d 1, 6 n. 8 (D.D.C. 2002) (Rule 54(b) "addresses interlocutory judgments"); *Moore v. Hartman*, 332 F.Supp.2d 252, 256-57 (D.D.C. 2004) (explaining that Rule 54(b) governs the disposition of requests for reconsideration of interlocutory orders). Specifically, that rule provides, in relevant part, that:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

The district courts in this Circuit have held that reconsideration may be granted pursuant to Rule 54(b) "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000). "[W]hile the phrase, 'as justice requires,' is somewhat abstract, it is a shorthand for more concrete considerations." *Singh v. George Washington University*, 383 F.Supp.2d 99, 101 (D.D.C. 2005) (*quoting Cobell*, 224 F.R.D. at 272). Reconsideration may be warranted when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change

in the law or facts [has occurred] since the submission of the issue to the Court." *Singh*, 383 F.Supp.2d at 101.

### ARGUMENT

Although Plaintiff's Motion does not identify the applicable legal standard, Plaintiff appears to seek reconsideration under Federal Rule of Civil Procedure 54(b). In his Motion, Plaintiff argues that

> because Plaintiff is an incarcerated pauper and burdened with the task of locating the six defendants . . . this court should, in the interest of justice order the U.S. Marshal Service to serve *subpoena duces tecum* to [BOP FOIA attorney] Wanda Hunt . . .

Plaintiff's Reconsideration Motion at 2, 3. Plaintiff's Reconsideration Motion further requests the Court to order the U.S. Marshal to serve a subpoena on undersigned counsel. Plaintiff's Reconsideration Motion at 3. Otherwise, Plaintiff's Reconsideration Motion appears simply to reassert the argument Plaintiff made in his original Motion to Compel – that Plaintiff does not have the home addresses of six individual defendants who Plaintiff named in this suit and sued in their personal capacity, and Plaintiff requests that the Court order the Defendants to provide the information to Plaintiff.

Rule 54(b) does not give parties free rein to repeat arguments the Court has previously rejected. *See Singh*, 383 F.Supp.2d at 101(noting that Rule 54(b) reconsideration is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *see also Reed v. Islamic Repub. of Iran*, __ F. Supp. 2d __, 2007 WL 1241868, at *1 (denying reconsideration motion in part because it "largely rehashes arguments already presented to this Court") (attached hereto as

3

Exh.1). As the Court's Order unambiguously noted " a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." Order at 1, *citing Barmes v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir.2005), among other cases. Likewise, "a defendant has no duty or obligation to plaintiff to assist in the service of the complaint by providing co-defendants' addresses." *Reeder v. Knapik*, *Slip Copy*, 2007 WL 1521100, *1 (S.D.Cal. May 22, 2007). Plaintiff has failed to present any legal arguments or factual evidence that would even come close to demonstrating that "justice requires" reconsideration of the Court's Order. Thus, Plaintiff's Reconsideration Motion should be denied.

## CONCLUSION

For the reasons stated, and upon the authorities cited, the Defendants respectfully request that Plaintiff's Motion be denied.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C.  20530
Phone: (202) 307-0895; Fax (202) 514-8780
Sherease.Louis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-0621 (RWR) |
| UNITED STATES OF AMERICA, through the DEPARTMENT OF JUSTICE, *et al.,* | ) ) ) ) |
| Defendants. | ) ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to Plaintiff's Motion for Reconsideration to be served upon *pro se* Plaintiff by first class mail addressed to:

Autry Lee Jones, #R52873-080
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, LA 10963

on this 9th day of July, 2007.

                                                                                    /s Sherease Louis
                                                           SHEREASE LOUIS
                                                           Special Assistant United States Attorney