RECEIVED
AUG 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
    Plaintiff

v.                                                  NO. -06-0621(RWR)

United States of America et,al.,
    Defendant's

### PLANTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

Defendant move for dismissal by way of Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In order for the defendant to prevail on either of these claims defense same must show, 1 That this court lacks jurisdiction of the subject matter, 2. That Plaintiff has fail to state a claim upon which relief can be granted.

Defendants burden on one must fail for the following reason.

Defendant allege that Plaintiff fail to exhaust administrative remedies, Plaintiff counter same and will show the court that the defendant kimpeded plaintiff from exhausting said remedies. Plaintiff could not comply with 22 CFR § 171.2(b) and 171.5(a) for same is not in the Law Library, wherefore there was/is no way that Plaintiff could have been put on notice that such section of the CFR exist, or that Plaintiff must proceed in a certain manner in order to have his request responded to.

Further the defendant do not have a Constitutional right to exhaustion.

The defendant receive said request and refuse to respond

(1)

PAGE TWO OF REPLY TO
DEFENDANT'S MOTION TO DISMISS

to same for the defendant stated that same was not in the form of a FOIA request, wherefore in order for the defendant to know this she had to receive said request. Nor do the defendant negate the fact that said correspondence was receive by the Post Office of the State Department for same sign the certified return receipt requested for said mail, Further in order to prevail on a motion to dismiss for lack of subject matter jurisdiction the none-moving party must show that the complaint allege a claim under federal law to survive a motion to dismiss under Rule 12(b)(1) of the Federal Rule of Civil Procedure.

Plaintiff carried this burden by way of Title 5 § 552 and 552a USCA see Michigan S.R.R. v. Branch and St. Joseph Cty, Rail Users Ass'n. 287 F.3d 568.

Further when the defendant's challenge to the court's jurisdiction is also a challenge to the existence of federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case, McGinnis v. Ingram Equip. Co., 918 F.2d 1491,1494.

For a complaint to survive a motion to dismiss by way or Rule 12(b)(6) the standard of review is de novo, 999 F.2d at 1237. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S.41, 45-46, 78 S.Ct.99 101-02, 2 L.Ed.2d 89(1957).

Further the complaint must contain either direct or inferenrtial allegations respecting all the material elements to sustain a recovery under some viable legal theory, Begala v.

PAGE THREE OF REPLY TO
DEFENDANT'S MOTION TO DISMISS

PNC. Bank Ohio Nat. Assn. 124 F.3d 776, Plaintiff did this by showing that the defendant has fail to comply with Title 5 § 552 and 552a of USCA.

At number 2 page 1 of Plaintiff's complaint it states that defendant Rice has fail to produce any thing the government has implemented to correct the discrimination against Blacks in the United States Justice system.

RESPECTFULLY SUBMITTED
/S/ _____
Autry Lee Jones

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

As required by Loacl Rule 7, Plaintiff contends there is no genuine issue as to the following material facts:

1 On April 3, 2006, Plaintiff filed a Complaint alleging that Defendants had not responded to a request he mail on October 26, 2004, under the Freedom of Information Act.

2. Plaintiff alleges that this FOIA request sought "the information on discrimination in the united States Justice system and what if anything has been implemented to correct the discrimination in the united States Justice system, which was documented by the State Department for the United Nations.

3. In the Complaint, Plaiantiff indicated that "the secretary has refuse to answer answer same, yet same was signed for on or about November 8, 2004 by someonein the State Department".

RESPECTFULLY SUBMITTED
/S/ _____
Autry Lee Jones

(3)

PAGE FOUR OF REPLY
DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT

STATEMENT OF MATERIAL FACTS WHICH ARE IN DISPUT

Pursuant to Local Rule 7, of the District court Plaintiff submit this statement of material facts which is at issue.

The attached affidavit of Autry Lee Jones Plaintiff in cause number 0-6-0621(RWR) is hereto attached as exhibit 1, and made a part by reference hereto.

1. The Defendant after signing for certified mail No. 7003 2260 0004 7108 3565 on November 8, 2004 refuse to comply with Plaintiff request of statements as required by Title 5 § 552 and 552a of USCA.

2. Plaintiff avers that this court has jurisdiction and venue of this matter by way of Title 5 § 552 and 552a of USCA.

3. The fact at issue here is whether or not Plaintiff exhausted his administrative remedies¡¡ The defendant cites 22 CFR § 171.2(b) and 171.5(a).

Plaintiff file this request on or about November 8, 2004 which the certified return receipt shows was sent to secretary Powell.

In order for Plaintiff a pro se informa pauperis Plaintiff to have complied with 22 CFR § 171.2(b)and j171.5(a) he would have to have a copyu of same.

The Federal Bureau of Prisons hereinafter B.O.P. by its regulations do not require the Law Libraries of the B.O.P. to have said CFR. see Policy Statement 13.15.07 of said policy statement, wherefore Plaintiff could never have complied with said CFR.

(4)

PAGE FIVE OF REPLY TO
DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT

In fact plaintiff was impeded from exhausting the administrative remedies which the defendant allege plaintiff fail to comply with.

Wherefore the government improperly witheld agency records is an issue of material fact, Plaintiff states that by not providing plaintiff with a copy of 22 CFR § 171.2(b) and 171.5(a) cause the defendant to improperly withhold said FOIA.

4. The defendant allege that plaintiff's request was not styled as a request for records under the FOIA. The issue of material fact is how do the defendant know whether same was styled as a request for records under the FOIA unless the defendant has said request and has read said request?

5. Title 5 § 552(a)(B) states: Statements of the general cause and methods by which its functions are channeled and jdetermined, including the nature and requirements of all formal and informal procedures available, Further at (2) Each agency, in accordance with publisshed rules shall make available for public inspection and copying (A) final opinions including concurring and dissenting opionions as well as orders, made the adjudication of cases.

At page 10 the last paragraph of said page the defendant would have this court conclude that because Plaintiff's request was not styled as a request for records under the FOIA plaintiff is not entitle to the request.

The defendant states that had plaintiff's request been

(5)

PAGE SIX OF REPLY TO
DEFENDANT'MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT

styled a request for records by way of the FOIA that the defendant would have complied with Plaintiff's request.

The statute clearly states that statements and final opinions is to be given to a requester.

The Defendants motion put these material facts in issue and Summary Judgment is in appropriate for these facts must be determined by a jury, See TDA, Inc v. OTS 862 F.Supp. 586 and Sudarsky v. City of New York 779 F.Supp.287, New Par v. City of Saginaw, 301 F.3d 390.

6. Defendant claim that the secretary of State is not the proper paryt.

7. Defendant allege that since there is no record of a State Department employee signing for said certified mail that there was no such request.

8. Whether the request was receive by the State Department.

9. What was/is the Departmentss standard operating procedure concerning receipt of certified mail?

10. Whether affiant reviewed the standard operating procedure concerning receipt of certified mail.

11 Affiant allege that plaintiff might not have made a request which put in issue a material fact of the certified receipt.

12. Whether affidant saw the request and since same fail to

PAGE SEVEN OF REPLY
DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT

comply with 22 CFR § 171.2(b) and 171.5(a).

13. Affiant puts in issue a material fact in her affidavit at Number 6 page 6 when she states that if plaintiff ask a question of secretary powell rather than a request for records the question would not have been jjforward to the information Programs and Service Department of the State Department, which implies that said request was receive by the State Department.

RESPECTFULLY SUBMITTED
/S/ _____
Autry Lee Jones

CERTIFICATE OF MAILING

I, Autry Lee Jones Plaintiff in the foregoing Reply to Defendant's Motion to Dismiss and jMotion for Summary Judgment do hereby certify by way of Title 28 § 1746(2) that a copy of same has this 14 day of August 2007 been placed in the United States Mail by placing a copy in the inmate mail depository provide for inmate use of the United States mail at this Institution.

Address to attorney of record Sherease Louis at 555 Fourth St. N.W. Rm E 4821 Washington, D.C. 20530.

RESPECTFULLY SUBMITTED
/S/ _____
Autry Lee Jones

CONCLUSION
Plaiantiff herein pray that the Court deny Defendant's Motion to Dismiss and Motion for Summary Judgment.

RESPECTFULLY SUBMITTED
/S/ _____
Autry Lee Jones

(7)

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
                 WASHINGTON, D.C.
```

Autry Lee Jones
      Plaintiff

v.                                              NO 06-0621(RWR)

United States of America et,al.,
      Defendant's
          AFFIDAVIT OF AUTRY LEE JONES

STATE OF NEW YORK

COUNTY OF ORANGE

    BEFORE ME, the undersigned authority, on this day personally appeared Autry Lee Jones, known to me to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn upon his oath, stated the following:

    "My name is Autry Lee Jones. I am capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I have read the above Reply to Defendant's Motion to Dismiss and Motion for Summary Judgment and the statements contained in/on page 3,number 1,2,3, is with within my personal knowledge and are true and correct.

    I have read page 4,through 7 and the statements contained therein are within my person knowledge and are true and correct.

                                      RESPECTFULLY SUBMITTED

                                      /S/ _____
                                          Autry Lee Jones

SWORN TO AND SUBSCRIBED TO BEFORE ME A NOTARY PUBLIC IN AND FOR THE COUNTY OF ORANGE STATE OF NEW YORK, AND UNDER THE PENALYT OF PERJURY THIS ___ DAY OF AUGUST 2007 THE FOREGOING AFFIDAVIT OF AUTRY LEE JONES

                                      NOTARY PUBLIC A. TIMINS
                                      Notary Public, State of New York
                                      No. 01TI6100268
                                      Qualified in Orange County
                                      Commission Expires Oct. 14, 2007