UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   through the DEPARTMENT OF JUSTICE, *et al.* )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-0621 (RWR) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

The Federal Bureau of Prisons, ("BOP") submits this statement of material facts as to which there is no genuine dispute, in accordance with Local Rule 7(h):

1.  Plaintiff, Autry L. Jones, Federal Register Number 52873-080, is currently incarcerated within the BOP. *See generally* Complaint.

2.  Plaintiff was sentenced on October 21, 1991, in the District Court for the Western District of Texas, to a term of life, followed by five years supervised release for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 846 and § 841, respectively. *See* Exh. 1, Public Information Inmate Data.

3.  Plaintiff began to serve his sentence on November 8, 1991. *See id.*

4.  On December 4, 1992, the United States Fifth Circuit Court of Appeals affirmed Plaintiff's convictions and sentences. *See United States of America v. Autry Lee Jones*, 980 F.2d 1444 (5th Cir.1992), *cert denied*, *Jones v. United States*, 507 U.S. 1040 (1993).

5. In 1997, Plaintiff filed a motion to vacate the judgment, which was denied. *See United States of America v. Autry Lee Jones*, No. 1:90-CR-00177 (U.S.D.C., W.D.Tex); *see also Autry Lee Jones v. United States of America*, 1:97-CV-00579 (U.S.D.C., W.D.Tex).

6. On May 5, 1998, in an unpublished opinion, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court. *See United States of America v. Autry Lee Jones*, No. 97-50132 (5th Cir.1998).

7. Plaintiff was transferred to various institutions until he arrived at the United States Penitentiary Pollock, in Louisiana, on April 29, 2003, where he was designated to serve his sentence. *See* Exh. 1, Public Information Inmate Data.

8. On May 19, 2003, Plaintiff was first employed at UNICOR. *See* Exh. 16, Inmate History: Work Detail.

9. Plaintiff submitted an Informal Resolution Form to his counselor and attached six pages of outcount slips with inmate names and register numbers from every unit. The inmate outcount slips contained information concerning inmates working overtime on February 4, 5, and 7, 2005, in UNICOR. *See* Exh. 3, Disciplinary Report.

10. On January 26, 2005, Plaintiff filed an administrative remedy request at the institution level alleging that the calculation of his performance pay was incorrect. *See* Exh. 2, BOP Administrative Remedy Generalized Retrieval.

11. On February 16, 2005, Plaintiff filed an administrative remedy appeal concerning the alleged incorrect calculation of Plaintiff's performance pay, and it was denied. *See id.*

12. On March 3, 2005, Plaintiff filed an administrative remedy appeal at the central office level, which was denied. *See id.*

13. On February 13, 2005, Plaintiff received an incident report with a 305 disciplinary charge for possessing anything not authorized, specifically the inmate outcount slips. *See* Exh. 3, Disciplinary Report.

14. On February 15, 2005, Counselor McGowan and Counselor Lair conducted a Unit Disciplinary Committee (UDC) Hearing for this charge. *Id.*

15. The UDC found the Plaintiff guilty of possessing anything not authorized, specifically the inmate outcount slips, based on the physical evidence and Plaintiff's admission that Plaintiff had the forms in his possession. *Id.*

16. The UDC found Plaintiff committed the prohibited act of possession of anything not authorized in violation of Code 305 and sanctioned Plaintiff to the loss of his UNICOR job. *Id.*

17. The UDC advised the inmate of its findings and of his right to file an appeal within 15 calendar days. *Id.*

18. Plaintiff filed an administrative remedy request on March 1, 2005, challenging the UDC guilty finding. *See* Exh. 2, BOP Administrative Remedy Generalized Retrieval.

19. Plaintiff appealed the denial of the administrative remedy request at the regional level on March 28, 2005, and this was denied. *Id.*

20. Plaintiff appealed to the central office and this appeal was also denied. *Id.*

21. Plaintiff filed an administrative remedy request challenging the BOP trust fund spending on March 28, 2005. *Id.*

22. Plaintiff subsequently filed regional and central office appeals which were also denied. *Id.*

23. Plaintiff filed this action on April 3, 2006.

24. On October 26, 2006, Plaintiff filed a petition for habeas corpus relief. *See Jones v. Menifree*, 06-CV-1985 (W.D. La).

25. Plaintiff was transferred from USP Pollock on November 30, 2006. *See* Exh. 1, Public Information Inmate Data.

26. On December 29, 2006, an order was entered denying Plaintiff's habeas corpus petition, dismissing the petition with prejudice, and barring Plaintiff from filing further actions without prior approval from the court. *See Jones v. Menifree*, 06-CV-1985 (W.D. La), Dkt Entry No. 6.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C. 20530

Of Counsel:
Alma Lopez, Esq.
Assistant General Counsel
Federal Bureau of Prisons
Washington, D.C.