Administrative Remedy No. 364205-A1
Part B - Response

You contend your performance pay has been calculated incorrectly, resulting in you being "cheated" out of such pay. You request to be provided additional performance pay.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 8570.01, <u>Accounting Procedures for Civilian and Inmate Payrolls</u>, provides in Section 17 that "Inmates are to be paid overtime pay at a rate of twice the hourly rate for hourly, individual, and group piece workers when the total hours worked (including administrative pay) exceed the industrial operation's regularly scheduled workday" and that "For individual piece workers, overtime earnings are determined by the amount of total piece work earnings for the day divided by the total number of hours worked that day. This rate is then multiplied by the number of hours worked during the overtime period to get the total overtime premium wages. The premium portion of overtime is then added to the total of units produced during the overtime multiplied by the rate." This Section provide clear examples of how to calculate such pay for individual piece workers.

Our review of this issue reveals that your performance pay has been calculated in a manner consistent with this policy. No additional performance pay is warranted.

Your appeal is denied.

May 19, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals


GOVERNMENT EXHIBIT
8

U.S. Department of Justice  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Jones, Autry L.     52873-080     BU-4-423     USP Pollock
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL This appeal hinds on the definition of piece rate, for the definition of same see Webster's Third New International Dictionary at page 1712, piece rate—"The price per unit of production paid to a piece worker.

    The CFR states that Unicor shall pay prisoners who work over time at a rate of two times the hourly or "UNIT" for hourly, see 28 CFR : 345.54.

    The warden was correct when he stated that P.8S 8570.01, Accounting Procedures for Civilian and Inmate payrolls is what authorized me to be paid in the manner in which I was paid, and I do not dispute that, what I do dispute is whether this manner is correct in calculating piece rate.

    To comply with CFR stating I shall be paid two times for each unit, the Administration wants to say that they paid me for the hour and by the unit, and thats just what they did, and thats incorrect, for a person on timework is paid by the hour and a person piece work is on the unit.

    I should have been paid by the unit two times for each unit I completed not by the hour.

    The Administration say that the calculation is, you add the 7.25, hours done doing the day with the 4.25, hours done on the overtime.

    See Attached pages

2/21/05  
DATE                          SIGNATURE OF REQUESTER

Part B—RESPONSE

---

FIRST COPY: WASHINGTON FILE COPY     DATE     GENERAL COUNSEL  
CASE NUMBER: 364205 A1

Part C—RECEIPT

           CASE NUMBER: _____

Return to: _____  
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION  
SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)  
                                                                APR 1995

Reguardless if a person on piecework work one hour or 90, hours, is irrelevant, the point is how many pieces that person produce, not how many hours that person works.

The manner in which the Administration calculate the piece work takes from the prisoner depending on his rate of being paid for the units he produces.

In my case my rate is 0.0040, times the number of units I produce.

Lets say that I produce 3888, units at 0.0040, per unit that comes to $15.55, on over time that would be two times the $15.55.

The Administration says that in order to determine my pay for the over time I must add the hours I work doing the day with the hours I work doing the overtime period, as afore stated, here in lies the problem.

Lets say that I come to work and the foreman ask me if I want to work over time, and I state yes, but I am on call out to go to the Hospital at 8:30 a.m. I go to the Hospital but I don't get back to 3:30 p.m.

According to the administration in order to determine my pay for overtime you add the hours worked doing the day with the hours worked on over time, therefore the hours I worked doing the day is one and a half hours, and I work four and quarter hours on over time add these two together and you come up with five and three quarter hours, according to the Administration you add the number of piece completed for the whole day, wherefore I completed 864, plus 3240, equal to 4104, multiplied by my rate of pay which is 0.0040, equal to 16,416, dived by five and three quarter hours equal to 2,8549565, times 4.25, equal to 12,133565 plus 16.416 equal to 28.549565.

When calculated with out the hourly rate (which it should be) it comes to 864 + 3240=4104 X 0.0040 = 16.416 X 2 = to 32,83, a difference of 44.28.

The question is therefore How much did the Administration pay me for the over time units irregardless of the day time hours?

Further how much was I paid on Saturdays overtime pay?

JONES, Autry                REG. NO. 52873-080        RECEIPTED: 1/31/05
364205-R1                   PART B - RESPONSE

You are appealing the Warden's response to your complaint that you are not being compensated correctly for overtime work being performed in the UNICOR Factory. You request to be compensated correctly.

Your Request for Administrative Remedy was fairly and throughly examined by the Warden. His response fully addressed your grievance. The institution has calculated your overtime pay in accordance with Program Statement 8570.01, <u>Accounting Procedures for Civilian and Inmate Payrolls - FPI</u>. In this complaint, you have not provided any viable evidence to demonstrate UNICOR has not paid you correctly for the overtime work you performed.

We concur with the Warden's response to your Request for Administrative Remedy. Your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

Date  02/16/05

Ronald G. Thompson
Regional Director

U.S. Department of Justice  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Educ

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Jones   Autry, L__     __52873-080__    __BU-4-423__    __Pollock USP__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** The response to my BP9, states that program Statement 8570.01, Accounting Procedures for Civilian and Inmate Payrolls-FPI For individual piece workers, overtime earnings, is the manner in which my pay for overtime was calculated and that same is correct, but for the fact that the CFR, states that an inmate is entitled to over time pay at a rate of two times the hourly (OR) unit rate, the CFR do not allow for the pay to be calculated by both the hour and by the unit.

     The administration has devised a means to cheat the inmate on his piece rate work. Lets assume that I did a load which had 90, bundles in the load, the Administration's way of calculating my pay would cause me to lose ~~XXXXXXXXXXXXX~~ $8.18, per load.

     90 X 36 = 3240 X 0.0040=$12.96 divided by 11.5=1.1269565 X 4.25=4.7895651 + $12.96= $17.749565, Now calculate the pay by the units only 90 X 36=3240 X 0.0040=$12.96 X 2 = $25.84-$17.74 = $8.18. which is the amount the administration is cheating me out of.

__1/25/05__  
DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____  
DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: __364205-R1__

Part C—RECEIPT      JAN 31 2005

CASE NUMBER: _____

Return to: _____  
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____  
SIGNATURE, RECIPIENT OF REGIONAL APPEAL                  BP-230(13)

UNITED STATES PENITENTIARY
POLLOCK, LOUISIANA

INMATE NAME:                    Jones, Autry
INMATE NO:                      52873-080
ADMINISTRATIVE REMEDY NO:       364205-F1

PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY

This is in response to your request for Administrative Remedy filed January 13, 2005, in which you allege the UNICOR factory at USP Pollock has not calculated your monthly inmate pay properly in relation to overtime compensation.

An investigation of your complaint revealed that your inmate compensation, including overtime, is being calculated correctly each month. Per Program Statement 8570.01, Accounting Procedures for Civilian and Inmate Payrolls - FPI, "For individual piece workers, overtime earnings are determined by the amount of total piece work earnings for the day divided by the total number of hours worked that day. This rate is then multiplied by the number of hours worked during the overtime period to get the total overtime premium wages. The premium portion of overtime is then added to the total of units produced during the overtime multiplied by the rate."

Based on the above findings, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

1-25-05
Date

Robert M. Tapia, Warden

# U.S. DEPARTMENT OF JUSTICE
## Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Jones    Autry    L.__    __52873-080__    __B-4-423__    __Pollock__
LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

**Part A– INMATE REQUEST** The administration say if I did 648 pieces in 11.5, hours they multiply 648, times the pay for the bundles, then divid the $7.77, by 11.5, which will give you the amount a person earn were he being paid by the hour, the trouble with the manner in which the administration is calculating the pay is which then is use to determine the pay of piece work, only addition and multiplication, on the overtime one double the bundles if the quota is made, if the quota is not made then the person is paid by the hour.

Next the administration wants to calculate the pay by the hour by multiplying the amount made by the hour from the $7.77, which is .67, and multiply it times $4.25, for a persons overtime pay

In other words the administration has completely disregarded the CFR's manner for paying for piece work.

The administration says that the above amount will be $10.62, pay for the total days work, in other words the administration has added the regular days work with the overtime, which makes it looks as if a person is making a lots of money for the day, when in fact the overtime pay should by it's self be as much if not more than

__1/8/05__
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**



_____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                CASE NUMBER: _____

---

**Part C– RECEIPT**                        CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                    BP-229(13)

the regular pay.

Piece rate is double the number of bundles times the amount paid for the bundles once the quota has been reached not times the hours it took to do the bundles.

Lets assume that a person did 45, bundles per day on over time for 20, days and 45 on regular time. pay for the over time pay would be 90 X 36=3240 X 0.0040=$12.96 X 2=$25.92 X 20= $518.40, not counting the pay one would get for the bundles he did for the regular days work.

Since the administration has stated the manner in which the overtime piece rate is paid, lets assume that a person did not work no overtime would the administration calculate the pay in the following manner?

After the person has met his quota and that person did 45, bundles each day for 20, days would they multipy 45X 20 X 72 X 0.0040? If the answer to this question is yes, then the CFR requires that all of the above numbers be double, not that the administration mix apples with onions.

Baker, Roach and Abbarono told me that to pay me in the correct manner would allow inmates to hold tickets back from the day shift and turn them in on the overtime shift when they would be worth more, but this can be avoided by printing over time tickets under a different fonts or color.

The CFR states that piece work rates may be of two major tpyes: individual piece work, in which the individual's pay goes up or down depending upon his/her own out put, or Group wage Fund, in which all members of a group strive for higher rates or production out put as a unit and all share in a pool of funds distributed among work group members equally.

The CFR do not allow for paying a person in the manner in which the administration has paid me, the CFR states the two ways for the administration to pay for piece work and it's not by the hour, once a person is working on tickets, it's by the **UNIT**

POL1330.13
January 19, 2001
Attachment C

UNITED STATES PENITENTIARY
POLLOCK, LOUISIANA
PART B - RESPONSE TO REQUEST FOR INFORMAL RESOLUTION ATTEMPT

JONES, AUTRY #52873-080  B-4 UNIT

SUBJECT: UNICOR PAY

On December 23, 2004, you filed an Informal Resolution Attempt in which you allege that UNICOR did not pay you double for the tickets you did on overtime for the Month of November.

An investigation into your Informal Resolution Attempt revealed that records show that you were paid accordingly to what you worked. Based on what was submitted to the UNICOR Office, your work performance was calculated in accordance with the handout the UNICOR Business Manager distributed to all UNICOR workers.

If you are not satisfied with this decision, you may appeal to the Warden on an Administrative Remedy Form BP-229.

_____          12-30-04
D. Dixon, Correctional Counselor Unit B-4      Date

_____          12/30/04
M. Edenfield, Unit Manager - B Unit            Date

U.S. Department of Justice

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

The warden's responds and the Regional Director's response fail to show that they talk to Counselor McGown of alm-a, who call the Hospital on or about March 1, 2004 in the whether I was to be on call out concerning this matter, they told him that I would be on call out yet my name never appeared on the call out, also on Perkins who had sick call on the day in question. So to determine whether I was suppose to return to the hospital an appointment slip or call out must know when the hospital detail more sick call appointment slips and if they did not have one on the day in question then somebody is not being all truly, further assuming that I fail to appear for my appointment, why was I not written up!

DATE 2004                                      _____
                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

[RECEIVED stamp: JUN 15 2004]

FIRST COPY: WASHINGTON FILE COPY                GENERAL COUNSEL

                                                CASE NUMBER: _____

**Part C—RECEIPT**
                                                CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE                                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

LVN                                                                      BP-231(13)
                                                                         APRIL 1982

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate Name: Autry Lee Jones         Reg. No.: 52873-080         Unit: B-4-42

Specific Complaint and Requested Relief: _____ will to pay me double for the tickets I did

or over time for the month of November ____ See attached page.

Efforts Made By Inmate To Informally Resolve Grievance (be specific): wrote a copout to the

Business office of Unicor Pollock.

Counselor's Comments: 

_Autry Jones_                  _D. Dixon_
Inmate Signature / Date        Correctional Counselor / Date        Unit Manager / Date

NOTE: Attach any pertinent documentation related to the inmate's complaint.

|        | BP-8 Issued to Inmate | BP-8 Received by Counselor |
|--------|----------------------|----------------------------|
| Date:  | 12-17-04             | 12-23-04                   |
| Counselor: | D. Dixon         | D. Dixon                   |

When I was call to the Unicor Business office I was showed a formula as to how my pay was calculated, this formula is incorrect in that it fails to pay double for the bundles a person has done.

The formula takes into consideration the amount of time it takes a person to do so many bundles, The amount of time it takes a person to do a number of bundles has nothing to do with calculating the number of bundles, or paying a person double for the number of bundles which is done.

When the Factory Manager took us on the back dock he told us that if we did 20, bundles on over time that 20, bundles would be 40, bundles he did not say that we would get paid according to the amount of time it took us to do the bundles.

When I get a load off of the Cutting Table that load is stacked in layers of 72, which means that for each layer of 72, there is two bundles.

A ticket is therefore two tickets in one and on over time that two tickets becomes four tickets, and it makes no difference how long it took you to do the four bundles, you would get paid double i.e. for four tickets as long as you made your quota for the overtime.

My quota is 34, and a load consist of 72, to 90, bundles therefore once I complete the load I should paid 144, for the 72 bundle and so on, but the factory fail to pay me in the correct manner, they paid me on the clock which is incorrect.