UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0621 (RWR) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| through the DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Incarcerated pro se Plaintiff Autry Lee Jones has attempted to initiate discovery in this case by propounding interrogatories, through undersigned counsel, to Defendants United States of America, Roach, Lappie, Lair, and Flatter. In response, the collective Defendants in this case, by and through undersigned counsel, respectfully submit this Motion for a Protective Order, pursuant to Fed. R. Civ. P. 26(c). This Motion should be granted for the reasons that follow.

**1.    Review of Plaintiff's Claims in this Case is Generally Based on the Administrative Record.**

Insofar as Plaintiff bases his allegations on agency administrative actions or inaction, generally, he is not entitled to discovery. When reviewing an agency decision, the Court is bound to limit its examination to the administrative record. 5 U.S.C. § 706; Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). In cases involving the Administrative Procedure Act or the Freedom of Information Act, as may be the case here, a court will rely on the administrative record. *See Wheeler v. CIA,* 271 F. Supp. 2d 132, 139 (D.D.C. 2003)(Finding that discovery is generally unavailable in FOIA actions). *See also*, Fed. R. Civ. P. 26(a)(1)(E); *Public Citizen Health Research Group v. Food and Drug Administration*, 997 F. Supp. 56, 72 (D.D.C. 1998)("discovery is to be sparingly granted in FOIA actions."*), aff'd in part, rev'd in*

*part & remanded on other grounds*, 185 F.3d 898 (D.C.Cir.1999); *Code v. FBI*, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); *see also Katzman v. Freeh*, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"); *Judicial Watch, Inc. v. Dep't. of Justice* (" Judicial Watch II"), 185 F. Supp. 2d 54, 65 (D.D.C.2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA"); *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978).

    **2.**    **Plaintiff's Discovery Requests Are Premature, As Fully-Briefed Dispositive Motions Are Pending.**

Federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or otherwise to promote the ends of justice by granting an appropriate order to limit or postpone discovery. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001); *see also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); *Stella v. Mineta*, 147 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Given this vast discretion, this Court "should not hesitate to exercise appropriate control over the discovery process" in this case. *Herbert v. Lambo*, 441 U.S. 153, 177 (1979); *see also* Fed. R. Civ. P. 26(c).

Even if this is an appropriate case for discovery, Plaintiff's attempt to initiate discovery at this time is premature. Two separate Motions to Dismiss or, Alternatively, For Summary Judgment (and alternatively, Transfer, in the case of the Federal Bureau of Prisons Defendants), on behalf of the Department of State and on behalf the Federal Bureau of Prisons Defendants, are pending before this Court. The Plaintiff has filed a Response/Reply to the two dispositive

motions. Thus, the case is fully briefed and ripe for a decision. The resolution of the dispositive motions may, in whole or in part, moot the need to respond to Plaintiff's discovery demands, thereby conserving the resources of this office.

Because of the pending dispositive motions, it is an appropriate exercise of this Court's broad discretion to stay discovery until the motions are resolved. *See Chavous*, 201 F.R.D. at 2 (noting that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion."). *See also Heckman v. Dep't of Agriculture*, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion); *Howse v. Atkinson*, 2005 WL 994572, *1 (D. Kan. Apr. 27, 2005) (noting that "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be fully concluded as a result of a ruling on the dispositive motion); *Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (staying discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion).

## CONCLUSION

Defendants respectfully request that this motion for protective order be granted. In the alternative, if the Court does not grant Defendants' request, Defendants request an enlargement of time to respond to Plaintiff's discovery demands or seek additional relief within 30 days after the Court renders a decision on Defendants' dispositive motions. A proposed order is attached.

        Respectfully submitted,

          Jeffery A. Taylor
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

          Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

         /s/Sherease Pratt
        SHEREASE PRATT
        Special Assistant United States Attorney
        555 Fourth Street, N.W., Civil Division
        Washington, D.C. 20530

        Counsel for Defendants

Of Counsel:
Alma G. Lopez, Esq.
Federal Bureau of Prisons
Washington, D.C.

Oliver M. Lewis, Esq.
U.S. Department of State
Washington, D.C.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of September 2007, I caused a true and correct copy of the foregoing Defendants' Motion for a Protective Order to be served upon *pro se* Plaintiff at the address that appears below:

AUTRY LEE JONES
R52873-080
OTISVILLE FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1000
Otisville, NY 10963

      /s/Sherease Pratt
SHEREASE PRATT
Special Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-0895 (telephone)
(202) 514-8780 (facsimile)