RECEIVED

DEC 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITE STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
        Plaintiff

v.                                    NO. 06-0621(RWR)

United States of America et al.,
        Defendant's

PLAINTIFF'S REPLY TO DEFENDANT'S MOTION
TO DISMISS AND/OR SUMMARY JUDGMENT

BACKGROUND

Plaintiff Autry Lee Jones was convicted in 1991 of Possession of Cocaine Base and Conspiracy to possess Cocaine Base in violation of 21 U.S.C. §§ 841 (a)(1) and 846.

On October 21, 1991, the United States District Court for the Western District of Texas sentenced Plaintiff to two life sentences to be served concurrent, Plaintiff began to serve his sentences on November 8,m 1991. On December 4, 1992, the United States Fifth Circuit Court of Appeals affirmed Plaintiff's convictions and sentences.

In 1997, Plaintiff filed a motion to vacate the judgment, which was dismissed. On May 5, 1998, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court.

On October 26, 2006, Plaintiff filed a petition for habeas corpus relief, same was dismissed for Plaintiff's failure to comply with the one year limitation.

On April 3, 2006 Plaintiff file the present action the clerk of court gave supra docket numdber.

PAGE TWO OF  PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR FOR SUMMARY JUDGMENT

Defendant's move for dismissal by way of rule 12(b)(1),(2),
(3),(4),(5), and (6) fopr lack of subject matter jurisdiction,
lack ofpersonal jurisdiction, improper venue, insufficiency of
service of process, and failure to state a claim upon which
relief can be granted. Alternatively, Defendant's request that
the Court enter summary judgment in favor of the Defendant's
pursuant to Rule 56, of the Federal Rules of Civil Procedure.

THE DEFENDANT CLAIMS THAT THE UNITED STATES
HAS SOVEREIGN IMMUNITY AND CANNOT BE SUED WITHOUT ITS CONSENT

The Defendant would have this court dismiss this complaint
claiming that the doctrine of sovereign immunity bars the United
States from being sued.

Plaintiff begs to differ with the Defendant that the United
States as sovereign can not be sued, as so long as she did
not violate any law she can not be sued.

The Defendant has no constitutional rights to sovereign
immunity, it is a doctrine which was fashion by the Supreme Court
which set out two exceptions to same (1) actions where the
allegation that officers of the united States went beyond their
statutory or Constitutional duty (2) cases where, even though
officers within the scope of their authority, the powers them
selves  or  the  manner  in  which  they  are  exercised  are
constitutionally void.

Plaintiff set out in his complaint that the Defendant's
violated the First,Fifth and Eighth Amendment, this in and or its

PAGE THREE OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

self will defeat sovereign immunity.

The Surpeme Court has stated that when the complaint allege that Plaintiff's rights undere the Constitution has been violated same states a cause of action.

The Supreme Court has long held that a state can not abridge or impair a prisoners right to apply to a federal court for a writ of habeas corpus, and that there is no higher duty than to maintain the writ of habeas corpus unimpaired, Johnson v. Avery 393 US 483, 21 L.Ed 2d 718, 89 S.Ct. 747.

Also the Supreme Court stated in Wolff v. McDonnell 418 US 539, 41 L.Ed 2d 935, 94 S.Ct. 2963 that the right of access to the courts is founded i n the due jprocess clause of the Fifth Amendment Johnson v. Texas Department of Criminal Justice 910 F.S. 1208(W.D.T 1995).

Since the Defendant's herein violated the First,Fifth and Eighth Amendment by not allowing Plaintiff to have his grievance heard on the merits sovereign immunity do not apply.

Plaintiff alleged that the GSovernment did not have the authority to implement the one year limitation, the Defendant don the other hand allege that the Government has no limits as to the laws it wish to pass, that regardless of what the Constitution command,the laws it passes is constitutional.

Plaintiff avers that this is not a suit against the sovereign because the actions of the Congress went beyond the power which the Constitution delegated to the Congress.

PAGE FOUR OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION
TO DISMISS AND/OR SUMMARY JUDGMENT

In our country the people are the sovereign and the Government cannot sever its relationship to the people by taking away their citizenship. Our Constitution governs us and we must never forget that our Constitution limits the government to those powers specifically granted or those that are necessary and jproper to carry out the specifically granted ones, Afroym v. rusk 387 US 253, 18 L Ed 2d 757,87 S.Ct. 1660.

The Constitution specifically inform the Congress that it could make no law concerning the right of the people to peacefullly assimilable and to petition the government to seek redress of a grievance.

If the Constitution had intended to give the Congress so delicate a power, to take away a persons right to petition the government to seek redress of a grievance it would have expressly granted same. Once acquired this First Amendment right is not to be shifted,canceled, or diluted at the will of the Federal Government, the States, or any other governmental unit.

As long as Congress is acting within the powers granted it under the Constitution, it may impose its will on the people. The fact here is that the Congress is not acting within the powers granted it under the Constitution, in fact the Constitution has made it clear that the Congress shall (which is mandatory langauage) make no law respecting a persons right to petition.

PAGE FIVE OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
dismiss AND/OR SUMMARY JUDGMENT

The Constitution is filled with provisions that grant Congress and the States specific power to legislate in certain areas, these granted jpowers are always subject to the limitation that they makly not be exercised in a way that violates other specific provisions of the Constitution, Glen A. Williams v. James A. Rhodes 393 US 23,21 L Ed 2d 24,39 S.Ct.5.

No Act of Congress can authorize a violation of the Constitution, Alemida-Sanchez, 37 L Ed 2d 596,93 S Ct 2535.

The Constitution must prevail where incompatibility with a statute is clear. Powell v. Pennsylvania, 127 US 678, 8 S Ct. 992, 25 L Ed 253. A statute which violates the federal Constitution is void regardless of the purpose of it's recitals, Brimmer v. Rebman, 138 US 78, 11 S Ct 213,34 L.ed 832. What cannot be done directly because of constitutional restrictions cannot be accomplished indirectly be legislation, which accomplishes the same result. Fairbank v. U.S. 21 S Ct 648k188 US 283. The Federal Constitution is the supreme law of the land, ordained and established by the people, and all legislation must conform to the principles it lays down, U.S. v. Butler, 297 US 1,56 S.Ct 312. The Supreme Court reaffrimed Brimmer supra in Fort Gratiot Landfill v. Mich. Dept. 1992) 504 US 353,119 L Ed 2d 121,112 S Ct 2019.

WHETHER THE COURT LACKS PERSONAL JURISDICTION OVER
DEFENDANT'S ROACH,LAIR,McGOWAN,AND FLATTER
WHORESIDE IN LOUISIANA

PAGE SIX OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

The Defendant claims that the court lacks personal jurisdiction over the above defendant's because said defendant's do not reside in the District of Columbia, In David J. Gorman v. Ameritreade Holding Corporation and Freetrade.Com.293 F.3d 506 Judge Garland circuit judge stated, "Cyberspace" is not a kingdom floating in the mysterious ether, immune from the jurisdiction of earthly courts. That courts of the District of Columbia may assert general jurisdiction over a defendant that is doing business in the District through the medium of the internet.

The Defendants business contacts with the form is contiunous and systematic for on a daily bases said defendants obtains goods and instructions from the form and same must report the count and send all B.P. elevens to the form. see Perkins v. Bendquct Consol. Mining Co. 342 U.S. 437,72 S.Ct. 413, 96 L Ed 485.

Further courts have held that transactions by mail and telephone could be the basis for personal jurisdiction, Gorman supra.

On the 20th of June 2007 Plaintiff mail a motion requesting the court to order the U.S. Marshals to serve subpoenas duces tecum to locate the where abouts of said defendants, same has not been responded to, Yet on October 31, 2006 the Court denied as moot Plaintiff's motion to serve.

By the court denying same as moot ment that same had been granted,wherefore Plaintiff was at the mercy of the U.S. Marshals service, who Plaintiff has full fath in knowing how to comply with the statute for serving defendants.

PAGE SEVEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

further in Rochon v. Dawson 828 F.2d 1107(5thCir.1987) it was held that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the marshal's service to properly effect service of process.

Plaintiff avers that the defendants has not and can not show no harm and if there was such a failure that same was of no fault of Plaintiff.

### CLAIM AGAINST AN UNNAMED "CHIEF TRUST FUND OFFICER OF THE INMATE TRUST FUND

Concerning the failure of said defendant to be properly served Plaintiff makes the same jargument concerning the defendants Roach,Lair,McGowan, and Flatter.

In the case of Six unnamed FBI agencies the defendants was not named in their complaint.

Even assuming that said complaint was amended all that was required by Fed. R. Civ. P. 4, is that the defendant be served with a copy of the complaint and summons.

The Court denied Plaintiff request for subpoenas and a motion to compel the Bureau of Prisons to provide Plaintiff with the defendant's home and/or work address.

The Court ordered the U.S. Marshals service to serve the defendants and ordered Plaintiff to provide tghe clerk of court with the Defendants address, Plaintiff provided the clerk with the defendants busniess address of the defendants he knew which was 320 First St N.W. Washington, D.C.

The Defendant allege that Plaintiff's complaint against the

PAGE EIGHT OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

unnamed Trust Fund officer must fail because Plaintiff has fail to comply with Fed. R. Civ. Proc. Rule 8(a).

The law concerning Rule 8 is not that Plaiantiff forecast evidence sufficient to prove his case, Chaco v. Rivendell Woods, Inc. 415 F.3d 342.

Thus, the sufficiency of a complaint does not depend on whether it provides enought information to enable the defendant to propare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond, Atchinson v. Dist. Of Columbia 73 F.3d 418(D.C.Cir.1996).

Plaintiff allege that the Defendant spent money out the Turst Fund which did not benefit the inmate pop½ulation as a whole.

Plaintiff allege that money spent from the Trust Fund approximately 1020 time for items which did not benefit the inmate population as a whole.

The items which was purchase dby the Trust Fund officer was spend on profit sharing, which do not comply with the terms of the trust.

It is the terms of the trust which gives Plaintiff the right to maintain a suit against the trustees to injoin breaches of the trust, see Restatement (second) of trusts §§ 199,200(1959).

Wherefore under the due process clause of the Fifth Amendment Plaiantiff has standing to sue.

PAGE NINE OF PLAIANTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

The Defendant stated in his memorandum that because of the things the Fund money was spent on, he had to raise the cost of the phone calls, this shows that Plaintiff was paying for these purchases which violate 18 U.S.C. § 4007.

When Plaintiff wrote his Freedom of Information Act request he wrote same to Harvey Lappin, the response came from the FOIA section of the BOP and it stated we have located 23 pagespages of information in responswe to your request. See exhibit (10)./

This request was to obtgain an itemized list of what the BOP spent money from the Trust Fund on and as one of the trustees of said trust, said trustee can be sued, Washington v. Reno 35 F.3d 1093.

PLAINTIFF AVERS THAT THIS COURT HAS VENUE OF THESE PROCEDINGS

Venue is proper in this court because a substantial part of the events or ommissions giving rise to the claims occured in the District of Columbia. See exhibit # 21 at page 1.

The United States Congress, the President and the Director of the BOP all work and some resides in the District of Columbia, the above defefndants sent orders to the rest of the defendants to deprive Plaiantiff of his rights to petition the govvernment, To spend money from the Trust Fund which violate the terms of the Trust, To retaliate against Plaiantiff for filing an administrative remedy against unicor, Defendant's Lappin and Atwood told defendant Roach to calculate Plaiantiff's pay for piece work in violation of the due process clause of the Fifth Amendment. Told defefndant's lair and

PAGE TEN OF PLAINTIFF'S REPLY
STO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGEMNT
McGowan to wiht hold evidence from Plaintiff so Plaiantiff

would not be able to rebut said evidence.

THE DEFENDANT'S DO NOT HAVE QUALIFIED IMMUNITY IN KTHEIR
INDIVIDUAL CAPACITIES
No government officer or agency has qualified imnnunity in

their individual capcaity once it is shown that the law has

been violated, 313 F.S. 1312.

If the Defendant have their way the acts of the defendants

would cause them to be higher than the Constitution.

As stated by Mr. Justice Miller in U.S. v. Lee 106 US

220,221, 27 L.ed 171,1 S.Ct. 240, "No man in this country is so

high that he is above the law. No officer of the law may set

that law at defiance with impunity. All the officers of the

government, from the highest to the lowest, are creatures of

the law, and are bound to obey it".

WHY THESE CLAIMS SHOULD NOT BE TRANSFERED
TO THE MIDDLE DISTRICT OF LOUISIANA
To transfer this action to the Middle District of

Louisiana would give the defendants the opportunity to claim

that the defendants in the District of Columbia, because of

kthe office they hold should not be order to come to Louisiana

to attend trial proceedings.

If the defendants what this matter transferred to

Louisiana then kthey waiver the hardship of traveling to

Louisiana.

THE DEFENSE OF RESPONDENT SUPERIOR DO NOT REACH DEFENDANT
LAPPIN

Plaiantiff avers that defendant Lappin ordered the

defendants to violate Plaintiff's constitutional rights.

PAGE ELEVEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

Defensdant Lappin approved of the rules which govern the BOP and he has inform his subordiantes to apply the rules in the manner in which they do. see exhibit No. 21.

The defendant claim that Lappin must be dismissed because of the doctrine of respondent superior.

The actions of defendant Lappin in the misuse of Trust Fund money. In purchasing items which did not benefit the inmate population as a whole violated the terms of the Trust.

The terms of the Turst are contained in Department of Justice Circular 2244 entitle rules governing the control of prisoners funds and provide that with approval of the director of the BOP the welfare fund may be disbursed on written order of the warden for the benefit uof the inmate body as a whole. Washington supra.

Defendant Lappin approving tghe spending of money from said fund for none inmate items cause defendant Lappin to be more than respondent superior in this matter. Further  Lappin did not need a wardens written order to sspend money from said fund on the excutive office of the Director see id 21,and executive office Administgration.

It was defendant Lappin who ordered the other defendants to retaliate against Plaintiff, for when Plaintiff file administrative remedy NO. 382842 and Lappin rejected Plaiantiff's administrative remedy for retaliation claiming that Plaintiff had to file an eight, yet the administration would not process the eight, see exhibit (B).

Policy Statement 8570.01(b)  which is the policy statement

PAGE TWELVE OF PLAIANTIFF'S REPLY
TO DEFENDANT"S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT
the  BNOP use to calculate Plaintiff's overtime pay, same was

implemented,and executed as a policy concerning Plaiantiff's

overtime pay same was approved by defendant Lappin and his

exhibit  NO.  5  shows  that  defendant  Lappin  adopted  and

jpromulgated same as the head of the BOP. see id 21.

        When  Plaintiff  file  administrative  remedy  concerning

denial  of  due  process  at  the  UDC  hearing,  defendant  Lappin

approved  of  Plaiantiff  being  the  only  inmate  to  be  given  an

incident  report  for  having  said  slilps,  when  Howard  L.

Wilder,Jr.  30502-007,  gave  Plaintiff  an  affidavit  which

verified  that  staff  gave  said  slips  to  inmates  as  a  whole,  the

same  as  they  give  inmates  the  callouts  on  a  daily  bases.  Lappin

acted  as  if  there  was  no  such  affidavit.  See  exhibit  (C).

        Plaintiff  showed  that  Defendant  Lappin  had  notice  of  and

acquiesced  in  the  constitutional  violation,  For  Plaintiff

showed  that  it  is  official  policy  of  Defendant  Lappin  to

calculate  Plaintiff's  pay  in  the  manner  alleged  in  Defendant's

exhibit  NO.  5,  that  it  is  official  policy  of  Lappin  to  give  one

inmate  an  incident  report  and  not  others ,  Wherefore  Plaiantiff

was  written  up  for  filing  the  administrative  remedies,  see

exhibit  (3)and  3A  which  Plaintiff  submits  to  show  that  when

other  inmates  had  ites  unauthorized  they  was  not  written  up,

that  Plaintiff  was  not  written  up  for  having  same  unitil  he

file  the  administrative  remedy  against  Unicor,  Plaintiff  avers

PAGE THIRTEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT
that Lappin acquiesced in same when he went along with the

events which took placed concerning the taking of Plaintiff's

job, the man in which Plaintiff was paid and retaliated against

Plaintiff, Miller v. Barry, 698 F.2d 1259.

        THE ONE YEAR STATUTE OF LIMITATION GOVERNING PLAINTIFF'S
        RIGHT TO PETITION THE GOVERNMENBT TO SEEK REDRESS OF
                A   GRIEVANCE IS UNCONSTITUTIONAL
        In the present Complaint Plaintiff do not seek to file a

motion to correct his sentence nor file a writ of habeas

corpus, see id 3A. Plaintiff do allege that the one year

limitation keeps him from petitioning the government to seek

redress of a grievance.

        Plaiantiff complaint is in concern of the First Amendment

of the United States Constitution. The defendant cites the

doctrine of resjudicata or collateral estoppel.

        No doctrine or statute can prevail against the

Constitution Clen A. Williams v. James A. Rhodes 393 US 23,21

L.ed 24,89 S Ct 5, the above cases states that " The

Constitution is filled with provisions that grant Congress and

the States specific powers to legislate in certain areas, these

granted powers are always subject to the limitation that they

may not be exercised in a way that violates other specific

provisions of the Constitution. For example, Congress is

granted broad power to "lay and collect taxes", dbut the taxing

power, broad as it is, may not be invoked in such a way as to

violate the privilege against self incrimination.

        In cases involving the validity of a statute authorizing

PAGE FOURTEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT
searches, a court's duty is to construe the statute, if
possible, in a manner consistent with the 4th Amendment,
Ashwander v. Tennessee Valley Authority, 297 US 288,80 L ed
688,56 S Ct 466.

The same is true when the court is ask to decide the
validity of a statute concerning the First Amendment.

No act of Congress can authorize a violation of the
Constitution, yet that's just what the AEDPA'S one year
limitation do is violate the First Amendment.

The doctrine of res judicate or collateral estoppel bars
repetitious litigation involving the same cause of action or
the same issues.

plaintiff do not cite as a cause of action 28 U.S.C. §
2241 or 2255 nor has Plaiantiff ever petition the court
claiming that the AEDPA'S one year linmitation violated the
First Amendment's right to petition.

Plaintiff do not challenge the lawfulness of his custody,
as a mattger of fact at page one of Plaintiff's complaintg it
states that it is by no means conclusive that Plaiantiff will
prevail if he is allowed to petition the courts to seek relief
of his grievance.

The defendant cites David v. Hall, 318 F.3d 343, In that
case the defendant was claming that the one year limitation
period had been tolled.

Plaiantiff don't claim that the one year limitation
period was tolled, Plaintiff allege that the one year

PAGE FIVETEEN OF PLAIANTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT
year limitation period is unconstitutional because same violate

the First Amendment.

The case of Thomas Lucidore v. New York St. Division of

Parole, 209 F.3d 107, that defendant alledge that the one year

limitaiton period violated the suspension clause of Art 1 § 9,

cl. 2 of the Constitution. Plaintiff don't claim that the one

year limitation period violate the suspenion clause of the

Constitution. Plaintiff claim that same violate the First

Amendment.

The Defendant also cites Dean Evan Ferguson v. Joan

Palmateer 321 F.3d 820,this case also is in concern of the

suspension clause and therefore is not on point with

Plaiantiff's argument concerning the First Amendment..

The Deffendant needs a case which shows that the courts

have held that the one year limitation period don't violate the

First Amendment, which the Defendant has fail to produce.
DEFENDANT'S VIOLATED PLAINTIFF'S FIFTH AMENDMENT
RIGHTS TO DUE PROCESS AT THE UDC HEARING
Defendant's claims that Plaiantiff was given prior notice

that having said slips would subject Plaiantiff to an incident

report, and that Plaintiff knew that he was in possession of

something unauthorized.

Exhibit (4) which is the document which Unicor staff use

to put inmates on notice that the documents named on same is to

be turn in to staff after their use.

The Defendant's did not place the out count slips on

same, wherefore Plaintiff was not placed on notice that he

could't use said slips in the manner in which he use same.

PAGE SIXTEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

Without Plaintiff knowing all of what was said from the phone call which was made by the UDC, Plaintiff was denied his right to rebut same, in violation of due process.

This was not a case where Plaintiff was not allowed to be present at the hearing, in fact lieutenant Milton in his report stated that Plaintiff had a fair attidue doing the interview of Plaiantiff.

Where Plaintiff stated that staff gave said slips to Plaiantiff was left out of the records and by same not being recorded, Plaintiff would need a copy of the tapes to prove that the Defendant's in fact did give the slips to inmates.

The Defendant's have no expectation of owner ship once they threw the slips in the regular trash, had the defendants put the slips in the hot trash Plaintiff would have been on notice that same was authorized.

The Defendant's gave said slips to plaintiff the same as they give the daily call out which have the same information on them as said slips, see exhibit (5).

Until Plaintiff file the 8 alleging that Unicor and/or H.Chain and K. Abbarono and Roach was retaliating against Plaintiff for filing the 8 and concerning the calculating of Plaintiff's pay and refusing to allow Plaintiff to work overtime, because one of his eights concerned the manner in which his overtime pay had been calculated.

The Defendant claim for security reasons Plaintiff was taken before the UDC for having said slips, Why then was inmate Wilder NO. 30502-007 taken before said Committee?

PAGE SEVENTEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

slips on a daily bases and was never written up, and he gave

Plaintiff an affidavit saying same, see exhibit ·3·).

The Defendant's can not show that by giving Plaiantiff an

incident report for said slips was a rational relationship

between the 305 report and the interest of security, for

Plaiantiff did nothing more with same but give them back to

staff.

This issue brings up the question of Plaiantiff finding a

knife and leaving the knife where it was found or taking the

knife to staff? To leave the knife where it was found could

cause another inmate to fine it and move it to another place

until he wanted to use it on staff or inmate.

It is evident that but for the filing of the administrative

remedies concerning the manner Plaintiff's overtime pay was

calculated and the fact that Plaintiff was taken off of the

overtime list shows that Plaintiff was retalitated against.

Plaintiff submitted his administrative remedies to

Defendant D. Lair who in turn gave same to counselor D. Dixon,

wherefore D. Lair was aware of the administrative remedies.

Plaintiff was not taken off of the overtime list until he

file the administrative remedy concerning his overtime pay, once

Plaintiff was told by staff that because of said filing he would

PAGE EIGHTEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

no longer be on the overtime list and Plaintiff was taken off of said list shortly thereafter, Plaintiff file the administrative remedy with the s lips as evidence, which brought about the 305 report.

Defendant's Lair and McGowan was enlisted to UDC Plaintiff because D. Dixon was the author of the report.

As can be seen from exhibit ($6$) just because a prisoner has in his possession something unauthorized will not cause said prisoner to be given a disciplinary report, exhibit ($6$) shows that counselor D. Dixon who wrote Plaintiff the incident report put out a memorandum informing inmates that said items would be taken and placed in the hot trash but without an incident report.

Further upon Plaiantiff arrival at Otisville FCI he found the same out count slips just laying around, wherefore staff can not be concern with security where these slips is concern, see exhibit ($7$).

                    DEFENDANT'S FAIL TO GIVE PLAINTIFF NOTICE
                    THAT HE COULD NOT USE SAID SLIPS TO PROVE
                    THE ISSUES HE RAISE IN THE B.P. 8

The manner in which the defendant's gave said slips to plaintiff lead Plaintiff to believe that he could use the slips to prove that he had been taken off of the overtime list.

When inmates have something that staff do not authorize inmates to have the items is taken and placed in the hot trash see exhibit ($6$), which is the memorandum which counselor D. Dixon put out telling inmates that authorized items would taken and placed in the hot trash.

The Defendant's submits exhibit (17) which they claim put

PAGE NINETEEN OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

The Defendant's cits Forbes v. Trigg 976 F.2d 308,Inmate forbes was given an incident report for refusing, to take a urine test, The court found that it was undisputed facts that notice of the urine test requirement was posted ten feet from Forbes work station. In the case at bar the Defendant's gave Plaintiff said slips and then from behind the bushes came the incident report.

The exhibit which the Defendant's submits to prove that Plaintiff was on notice was drafted in 1999, surely same could have been updated by 2005 to include the out count slips.

In the case of Wolfel v. Morris 972 F.2d 712, the court held that given the past practice of prison officials, The question then is what was prison officials conduct concerning inmates who was found to be in possession of something unauthorized? exhibit (6) shows that no incident report was issued, the unauthorized items was taken and placed in the hot trash.

How often do the Administration update it's rules? Why the Administration fail to place the out count slips on exhibit 17?

Page 24 of Defendant's motion at paragraph two line two it states "which is issued while the inmate is in custody", The slips was issued to Plaintiff while he was in custody and it is equally true that said slips was issued to Plaintiff, for fno incident report for theft was issued to Plaiantiff for theft of said slips.

PAGE TWENTY OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

It is true that said slips is generated by the BOP and that same is used by BOP staff to document the number of inmates located in a specific area during official count, what the defendants fail to state is the fact that all counts is official, for if any count come up short of an inmate the institution is placed on lockdown, which is the purpose for the callout which is ;pasted out the same as the count slips.

Some of said slips was taken from Unicor trash, because the slips which did not come from the would not have shown the complete truth of the matter which Plaintiff alleged in his eight.

McGOWAN AND LAIR VIOLATED PLAINTIFF'S DUE PROCESS
RIGHTS TO PRESENT EVIDENCE AT THE UDC HEARING
When the Defendant's refuse to allow Plaintiff to rebut the telephone conversation this violated Program Statement 5270.07 chapter 6 number 1, a staff member who writs the incident report, or investigate the report or witness the incident or had a roll in referring same to the UDC can not be on the UDC which hear the incident report.

A W H. Chain and factory manager K. Abbarono played a significant roll in the incident report being written.

Yet Plaintiff was not allowed to rebut their testimony concerning this matter which violate due process.

PLAINTIFF WAS DENIED EQUAL PROTECTION OF THE FIFTH AMENDMENT

Plaintiff worked in Unicor with inmate Howard L. Wilder 30502-007 who had in his possession these slips on a daily bases yet he was never written up for same.

PAGE TWENTY ONE OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

If the fact that Plaintiff having said slips was security concern, then the same is true of Howard to have same would have been a breach of security, yet Howard was not given an incident report for having same and Howard gave said affidavit against his penal interest, of being given an incident report and being locked up in solitary confinement.

Plaintiff claim that he was not treated like prisoners who possessed said slips, In stating this claim Plaiantiff states an equal protection claim, see Brandon. v. District of Columbia Bd. of Parole 823 F.2d 644(5).

In order for defendant's to prevail as to whether they violated Plaintiff's due process claim or not the defendant must show that the discrimination was not purposefully done.

Plaintiff allege that other inmates who had received an incident report for incidents which was more serious than the incident report which Plaintiff received, in that inmates who was fighting in Unicor did not lose their job, inmates who was fighting in the Unit did not lose their job.

It is evident that incidents of violence is for more serious than Plaintiff giving the gcount slips back to the administration.

DEFENDANT LAPPIN RETALIATED AGAINST PLAINTIFF

Plaintiff alleged that when he file administrative remedy concerning the administration refusal to correctly calculate his overtime pay and refusal to allow him to work on overtime because he file the administrative remedy, this conduct

PAGE TWENTY TWO OF PLAINTIFF'S REPLY
REPLY TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

allege a violation of Plaintiff's First Amendment rights, that the defendant infringed on his right to petition Plaintiff showed that jother inmates who had said slips was not given an incident report for having same and therefore by Plaintiff having same could not be a matter of security concern, for if it was not a matter of security concern for other inmates to have said slips it could not be a matter of security concern for Plaintiff to give said slips back to the Administgration. see Pryor-EL v. Kelly 892 F.Supp. 261(D.D.C(1995).

Plaintiff allege that the incident report was not file until he file the administrative remedy,and that the defendant knew that other inmates had said slips in their possession and was not written an incident report. Pryor-EL supra.

Defendant lappin according to defendant's exhibit 21 shows that it is Defendant Lappin who gave the order to the other defendants to calculate Plaintiff's pay in violation of Defendant's exhibit 5.

By Defendant Lappin not reversing the B.P.8,9, and 10's cause him to condone the acts of the Defendant's who wrongfully calculated Plaintiff's pay, for Defendant's exhibit 5 clearly states that there is no need to use the hourly rate to calculate ones pay for piece work.

Defendant Lappin intentionally cause Plaintiff's pay to be calculated so that Plaintiff could be under paid. When a person multiply 3655 X 3655 any calculation in the process which is incorrect causes the total to be incorrect.

PAGE TWENTY THREE OF PLAINTIFF'S
TO DEFENDANT'S MOTION TO DISMISS
AND/OR SUMMARY JUDGMENT

When Defendant Lappin cause Plaintiff's pay to be
calculated saying .10 X 70 equal to 7.00 and were Defendant
Lappin to say that .10 X 70 = to 7 same would still be error,for
in order to get the number 7, one would have to multiply .01 X 7
would equal to 7.

The Defendant claim that in order to fine the average
hourly rate for completing 70 units you must divide the amount
completed into the rate per piece and that will determine the
amount of time it took to complete the units you completed for
the day.

In other words if you is paid .10 per unit and jyou do 70
units you have to divide 70 into .10 which come to 9.1428576 is
what it took to complete each piece.

To say that you multiplied .10 X 70 will equal to .70 not
7.00 is fundamentally wrong, if you were to say that .10n X 7
that would equal to .70. Further Plaintiff was being paid by the
**PIECE** not by the hour and therefore the accounting principle the
Defendant use is a fraud.

Wherefore by the calculation in step one of page 13 of
Defendant's exhibit being wrong the complete calculation is
wrong.

Plaintiff was given 45 bundles which had 72 units in jeach
bundles and was paid 0.0040 per unit. To use the Defendant's
method of determining how much Plaintiff should have been paid
for the 45 bundles, shows that Defendnat's exhibit 5 step 1,2,3,
is wrong.

Total units for 45 bundles is 3240, to reach this number

PAGE TWENTY FOUR OF PLAINTIFF'S REPLY
TO DEFENDAN'S MOTION TO DISMISS
AND/OR SUMMARY JUDGMENT

you multiply 72 pieces times 45 bundles equal to 3240 total units step 1, claim that this is the hourly rate. which is wrong .10 X 3240 equal to 324.

One do not multiply the number of units times the rate to obatain the hourly rate. To determine the hourly rate you know that was the number of peices did in the ten hours you worked, when one multiply the rate times the number of units that tells you how much one is owed for the number of units, not the average hourly rate. One can not multiply 70 apples times 10 apples and get 70 oranges. Ten timnes 70 is 7.00 not .70.

Step (2) average hour wage 3240 times the overtime hours equal 972. Step (3) units doing the overtime (1440) X .10 equal 144 plus 972 equal 1116.

Defendant Roach say that in order to fine the overtime pay for piece rate one would multiply the No. of units times the rate, in Plaintiff's case would be 45 X 72 equal to 3240 X 0.0040 equal to 12.96, step (2) divide the No. of hours worked for rthe day which on a week day is 11.5 into $12.96 equal to 1.1269565 X 4.25 equal to 4,7895651 plus $12.9s6 equal to $17,749565 is what Defendant roach say Plaintiff should have been paid for the whole day.

It is not the whole day which concerns Plaintiff, it is the OVERTIME PART OF THE DAY WHICH CONCERNS PLAINTIFF AND NOTHING MORE.

When you subtract 4.7895651 from $17.7485565 it equal to $12.96.

PAGE  TWENTY FIVE OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO DISMISS
AND/OR SUMMARY JUDGMENT


In mathematics in order to increase a number you must add or
multiply and in order to decrease a number you divide or
subtract, either way you decrease when you divide or subtract.

   The problem with either of the methods the defendants use
is how they calculate the piece rate for a Saturday when there
is (ONLY) 7.25 hours for neither of the ways the defendant's
submit will show what Plaintiff was paid on a none week day, See
Defendant Roach's manner in which he clam is the manner in which
you calculate said pay which is exhibit ( *8* ).

   Plaintiff file his first administrative remedy concerning
said pay, his next administrative remedy was concerning not
being allowed to work overtime thats when defendant   Lappin
cause Plaintiff to be retaliated against.

   When Plaintiff's administrative remedies reached Defendant
Lappin he upheld the retaliatory actions against Plaintiff see
exhibit 21 of Defendant's motion to dismiss.

   Plaintiff was not punished for having said slips because on
a daily bases, said slips was s given to all inmates of Unicor
and was posted in the factory the same as the call out is
posted.

   Further exhibit ( *7* ) is a copy of an out count slip at
Federal Correctional Institution Otisville New York which
Plaintiff found upon his arrival at FCI Otisville, New York,
wherefore the same attitude at USP Pollock, Louisiana is the
same as that in Otisville, New York concerning the out count
slips yet the Defendant has alleged that because Plaintiff had

PAGE TWENTY SIX OF PLAINTIFF'S REPLY
REPLY TO DEFENDANRT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

same was a breach of security.

Plaintiff did not state that Lappin ordered defendant Roach to incorectly calculate said pay after Plaintiff file his first administrative remedy, Plaintiff stated that after Plaintiff file the eight concerning the denial to work over time is when he was retaliated against and that defendant Lappin condoned said acts by affirming these actions by staff.

The defendant is correct when he states that Plaintiff has no right to employment. Plaintiff do have a right not to be retaliated against for the administrative remedies he file.

Defendant cites program statement number 8120.02, exhibit No. 4, this program statement is of no help to defendant for the courts has held that same is procedural and does not place substantive restrictions on the BOP.

Plaiantiff avers that said policy statement do not prove that Plaintiff was not retaliated against for filing said remedies. In fact the only way that Plaintiff could have his constitutional rights protected was to exhaust his administrative remedies, Wherefore Plaintiff was dammed if he do and dammed if he don't the Deffendant is attempting to show that becuse Plaintiff was not discourage from filing the many grievance after he was fired from Unicor that the Defendant's did not retaliate against Plaintiff.

The administrative remedy concerning the calculation of Unicor pay was the first remedy Plaintiff file prior to him being fired, which was on or about December 12, 2004, the next

PAGE TWENTY SEVEN OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

remedy was file on or about February 1, 2005 which is when the

DEfendant's start to retaliate against Plaintiff.

Whether there was threats directed against Plaintiff or

not, as long as Plaintiff has allege that the incident report of

February 13, 2005 was because he file administrative remedies

concerning Unicor pay and overtime is sufficient to prove a

violation of Plaintiff's constitutional rights.

### TO INCREASE THE TELEPHONE RATE SOLELY BECAUSE THE DEFENDANT'S SPENT MONEY FROM THE TRUST FUND IN VIOLATION OF THE TRUST VIOLATES PLAINTIFF'S DUE PROCESS RIGHTS

The Defendants claim that the increase of the jphone rate

do not violate Plaintiff's rights.

Plaintiff wrote a Freedom of Information Act to defendant

Lappin asking him to give Plaintiff an itemize list of the

things he spent money from the Trust Fund to cause him to raise

the phone rate up to .23 cent per minute, see exhibit (1D).

The Defendant spent Plaintiff exghibit (D ) which shows

that 1021 items which he spent money on form said fund was for

none inmate related purchases. Wherefore the spending of said

fund money for noen inmate related items violated Plaintiff's

rights see Washington v. Reno 35 F.3d 1093.

### THE CLAIMS AGAINST THE CHIEF TRUST FUND OFFICER SHOULD NOT BE DISMISSED

The Defendant claim that the money from the Trust Fund can

be use by the BOP for any purpose accruing to the benefit of the

inmate population as a whole.

Plaintiff would ask the defendant this question, did

spending money from said fund on the Executive office Director,

PAGE TWENTY EIGHT OF PLAINTIFF'S REPLY
TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

benefit any body other than the BOP?

Will the Defendant show Plaintiff just how the money which
is on the 23, pages Defendant Lappin sent to Plaintiff benefited
Plaintiff?

Defendant claims that said unnamed Defendant was never
served Plaintiff allege that when the court ordered Plaintiff to
supply the address of the defendant and for the U.S. Marshals to
serve same that the Marshals served the jChief Trust Fund
officer in according to the rules of Civil Procedural.

### WHETHER DEFENDANT FALTTERY WAS DELIBERATELY INDIFFERENT TO PLAINTIFF'S MEDICAL NEEDS

Once Plaintiff complained of said pain, the defendant never
did any test other than an X ray of Plaintiff's back and
shoulder, the blood test which the kdefendant cause to be done
was the one's which is ddone because Plaintiff is on medication
for high blood pressure and being a diabetic and was in concern
of comprehensive CBC,TSH,PSA, Vitamin B 12, Folic Acid to lower
Cholesterol and trigyceride. And these is the only test which
the defendant had done on Plaintiff.

### PLAINTIFF IS ENTITLE TO INJUNCTIVE RELIEF

Concerning the wrongful spending of money from the Trust
Fund, it is evident that the Defendant has been kfound to have
spent money from this fund in violation of the trust.

If the court refuse to issue an order uto the defendant's
forbidding the defendant ﹍ from continuing to spend said money
in the manner in which they is spending it from said fund, said

PAGE TWENTY NINE OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

fund will become insolvent. Injunction can not injury the BOP

for injoining it from committing a criminal act.

Plaintiff can show irreparable injury because the

government will only have to reply the principle money it spent

with no interest or penalties for spending said money, nor will

the government have to pay punitive damages, even though it knew

that what it was spending said money on was illegal.

The Defendant claim that in order to arrive at the correct

overtime pay for Plaintiff on piece rate they had to reach the

average hourly rate for Plaintiff by multiplying the number of

units times the rate.

The average is reached by dividing and adding not by

multiplying and same leads to usage which leads to mean see

exhibit (A) and (A1) from the American Century Dictionary.

Plaintiff has the same right to Unocor employment as other

inmates who had said slips and was not given an incident report

or lost of job.

PLAIANTIFF DO MEET THE PRELIMINARY INJUNCTIVE RELIEF
REQUIREMENTS OF THE PLAR

There is no pulbic safety issue in these matters except as

to stop the fraud which the defendant's has committed concerning

the calculation of said pay, the wrongful spending of said money

from the Trust Fund and the retaliation by the retaliation by

the defendant's because Plaintiff file administrative remedies

concerning said pay and the refusal to allow Plaiantiff to work

overtime.

PAGE THIRTY     OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION TO
DISMISS AND/OR SUMMARY JUDGMENT

The jurisdiction for Plaintiff's complaint is the First Amendment, the due process clause of the Fifth Amendment, Restatement (second) of Trust §§ 199-200(1959) and the Eighth Amendment give Plaintiff jurisdiction to contest what was purchased with said money.

PLAINTIFF IS ENTITLED TO MONEY WHICH WAS WRONGFULLY
TAKEN FROM HIM

As Plaintiff has discussed supra concerning whether the Defendant's have sovereign immunity there is no immunity once the defendant's has violated the Constitution.

CONCLUSION

For the foregoing reasons Plaiantiff respectfully request that the Defendant's Motion to Dismiss or in the alternatively, for Summary Judgment be denied in all respects and that jthe Defendant's be ordered to comply with Plaintiff's discovery request.

RESPECTFULLY SUBMITTED

/S/ _Autry Lee Jones_
Autry Lee Jones

CERTIFICATE OF MAILING

I, Autry Lee Jones Plaintiff in the foregoing reply to Defendant's Motion to Dismiss and/or for Summary Judgment jdo hereby certify by way of title 28 § 1746(2) that a copy of same has this **5** day of _December_ 2007 been placed in the hands of FCI Authorites who is authorized to mail inmate mail at this institution.

Address to Attorney of record Sherease Louis at 555 Fourth St. N.W. Rm E 4821 Washuington, D.C. 20530.

RESPECTFULLY SUBMITTED