UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
    Plaintiff

v.                                NO. 06-0621(RWR)

United States of America
through the Dept. of Justice et al.,
    Defendant's

PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Plaintiff submits his disputed issues of material facts which is in dispute concerning the Defendant's claim of no genuine issue of disputed issue of material facts.

1. Undisputed:

2. Undisputed:

3. Undisputed:

4. Undisputed:

5. Disputed: same was dismissed see exhibit (/).

6. Undisputed:

7. Undisputed:

8. Undisputed:

9. Undisputed:

10. Undisputed:

11. Disputed: Plaintiff did not complain of performance pay. see exhibit (2).

12. Disputed: Plaintiff did not file an appeal concerning performance pay on February 16, 2005. see exhibit ( ).

PAGE TWO OF PLAINTIFF'S REPLY
TO DEFENDANT'S ISSUES OF UNDISPUTED
FACTS

13. Undisputed:

14. Undisputed:

15. Undisputed:

16. Undisputed:

17. Undisputed:

18. UnDisputed:

19. Undisputed:

20. Undisputed:

21. Undisputed:

22. Undisputed:

23. Undisputed:

24. Undisputed:

25. Undisputed:

26. Disputed said cause was dismissed:

PLAINTIFF'S STATEMENT OF FACTS AS TO WHICH THERE
IS A GENUINE ISSUE OF A MATERIAL FACT IS NOT IN DISPUTE

AS TO DEFENDANT THE UNITED STATES OF AMERICA

27. The United States of Amerrica do not have authority to implement a one year limitation on Plaintiff's right to petition.

28. The United States of America do not have the authority to hinder Plaintiff's right to petition the government to seek redress of a grievance.

29. The government use of Title 28 § 2244(d) violate Plaintiff's rights under the First and Fifth Amendment of the United States Constitution.

PAGE THREE OF PLAINTIFF'S REPLY
TO DEFENDANT'S ISSUES OF UNDISPUTED
FACTS

AS TO DEFENDANT HARVEY LAPPIN

1. Defendant Lappin illegally spent money from the Inmate Trust Fund, see id 10.

31. Defendant Lappoin retaliated against Plaintiff for filing administrative remedies concerning the manner in which Plaintiff's overtime pay was calculated and for Plaintiff filing administrative remedies because he was denied overtime work.

32. Defendant Lappin have a system of retrieving documents so that they can be destructed to prevent their unintended use see id 4.

33. Did Defendant Lappin cause all inmates to be given an incident report for having said documents.

34. Defendant Lappin did not inform Plaintiff that Plaintiff could not use said slips to prove the allegations in his BP 8.

35. Plaintiff was placed on the prior Unicor hiring list but Lappin authorize Unicor staff to remove Plaintiff from said list.

AS TO DEFENDANT CHIEF TRUST FUND OFFICER

36. The Chief Trust Fund officer ok'ed the spending of money from the Trust Fund which did not benefit the inmate population as a whole. See id 10.

37. Whether Defendant the Chief Trust Fund officer through defendant Lappin help formulate procedures concerning expenditure of money from said fund. See defendants exhibit 21.

PAGE FOUR OF PLAINTIFF'S REPLY
TO DEFENDANT'S ISSUES OF UNDISPUTED
FACRTS
AS TO DEFENDANT ROACH

38. Defendant Roach ok'ed the manner of calculating Plaintiff's overtime pay. see id (8).

39. Defendant Roach violated BOP policy by calculating Plaintiff's pay by the hour. see Defendant's exhibit 5.

40. Defendant rfoach knew that in order to calculate Plaintiff's pay for piece work same could not be done by using the hourly rate. See id Defendants exhibit No. 5.

41. Defendant roach knew the difference between piece rate and hourly rate yet refuse to pay Plaintiff by the piece.

42. Did defendant purposefully mis-calculate Plaintiff's overtime pay to cause Unicor's profit to be higher.

43. The manner in which Defendant Roach calculated Plaintiff's pay can not be done with only 7.25 hours. See id exhibit No. (8).

44. Defendant Roach fail to properly calculate Plaintiff's overtime pay. see Defendant's exhibit NO. 5.

45. Policy Statement 8570.01(b) control the manner in which said pay is to be calculated. see id defendant's exhibit 5.

46. Defendant roach intentionally disregarded policy statement 8570.01(b). see id Defendant's exhibit NO. 5.

PAGE FIVE OF PLAIANTIFF'REPLY
TO DEFENDANT'S ISSUES OF UNDISPUTED
FACTS

47. Defendant Roach complied with Defendant Lappin's orders to disregard policy statement 85.70.01(b). See id 21.

48. Plaintiff's overtime pay should have been calculated by multiplying the number of bundles times the number of piece in the bundles time the amount paid per each piece time two.

49. The manner in which defendant roach stgated is used to calculate said pay deprive Plaintiff of $11.83 per 45 bundles which Plaintiff did on overtime.

AS TO DEFENDANT D. LAIR AND R. McGOWAN

50. Defendant's refuse to allow Plaintiff to know the nature of the phone conversation,. see exhibit NO. (13).

51. Defendant's refuse to allow Plaiantiff the opportunity to rebut the evidence they receive over the phone. see id (13).

52. Defendant's refuse to UDC Howard Wilder,Jr. who sign an affidavit saying that he took said slips out of Unicor see id 3.

53. Defendant's would not haveg UDC'ed Plaintiff had K. Abbarono and H. Chain not told them to.

54. Defendant's knew that Unicor has a memorandum stating which documents must be return to staff once inmates is through with said documents. see id 4.

55. Defendant's knew that said slips was not on the memorandum which inform inmates which documents must be return to staff after there use. see id 4.

PAGE SIX OF PLAINTIFF'S REPLY
TO DEFENDANT'S ISSUES OF UNDISTPUED
FACTS

56. Defendant's knew that Unicor staff had given said slips to Plaiantiff.

57. The Defendant's knew that said slips is regularly thrown in the trash and that Unicor staff authoruze said slips to be thrown in the trash.

AS TO DEFENDANT J. FLATTERY

58. Defendant did nothing to correct the bone spuring which he claim Plaintiff had.

59. Defendant did nothing to stop the pain which defendant said was cause from bone spuring.

60. Defendant never did any test to determine whether Plaintiff had kidney problems.

RESPECTFULLY SUBMITTED

/S/ _____
Autry Lee Jones

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
    Plaintiff

v.

                                                            No. 06-00621(RWR)

United States of America et al.,
    Defendant's

DECLARATION OF AUTRY LEE JONES

I, Autry Lee Jones, hereby declare and state the following:

1. I am the Plaintiff in the foregoing complaint in Autry Lee Jones v. the United States of America et al., I file the aforemention Complaint on April 3, 2006.

2. I have personal knowledge of the issues raised on the cover page of said Complaint at number one through (a)(b)(c)(d)(e)(f)(g) and (h) of page one.

That the Defendant herein violated Declarants rights under the First Amendment of the United States Constitution by denying Declarant his right to petition the government to seek address of a grievance.

3. Declarant have personal knowledge of the issues raise on page 2 number 3 through f. of page three of supra Complaint.

    a. That Defendant Lappin refuse to afford Declarant due process at the Unit Disciplinary Hearing (hereinafter UDC) by denying Declarant his right to rebut evidence the UDC received over the phone at the UDC hearing.

    b. Defendant Lappin refuse to afford Declarant due process by not giving Declarant notice that Declarant could not use the out

count slips which defendant gave to Declarant to prove the issue Declarant raise in his administrative remedy.

    c. Defendant Lappin deprive Declarant of equal protection concerning said slips, for when other inmates had said slips out side of Unicor they was not given an incident report.

4. Defendant Michael A. Atwood deprived Declarant of his due process rights by violating U.S.C. Title 18 § 4007.

    a. Declarant have personal knowledge that Defendant Atwood spent money from the Inmate Trust Fund in violation of the terms of the trust.see exhibit 10.

5. Declarant has personal knowledge that Defendant H. Chain deprived Declarant of due process by retaliating against Declarant for filing administrative remedies against Unicor.See exhibt NO.6

    a. Defendant H. Chain deprived Declarant of due process by authorizing defendant D. Roach to violate 28 CFR § 345.53 and 54 and Policy Statement 8570.01(b).See Defendant exhibit (5).

    b. Declarant has personal knowledge that Defendant H. Chain deprived Declarant of equal protection by refusing to have incident reports written on inmate Howard Wilder-No. 30502-007, see exhibit NO. 3.

    c. Declarant have personal knowledge of the facts allege in supra complaint at page four of said Complaint Number 5 through (a)(b)(c)(d)(e)and (f) of page 5.

6. Declarant has personal knowledge of the facts allevged in supra Complaint at page 9 Number eight through (a)(b)(c) (d) and (e) of page 10.

7. Declarant have personal knowledge of the facts alleged in

supra Complaint at page Eleven Number 10 (a) and at page 12 (b)(c) and page 13 (d)(e) and (f) of 13.

8. Declarant have personal knowledge of the facts alleged in supra Complaint at page 13 Number 11.(a)(b) in supra Complaint at page 14 (c)(d)(e) and (f) of page 15.

9. Declarant have personal knowledge of the facts alleged in supra Complaint at page 15 Number 12 (a)(b)(c).

10. Defendant have personal knowledge of the facts alleged in supra Complaint at page 15. Number 13. and page 16 (a)(b) of page 16.

Declarant declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Execute this 5 day of December 2007.

RESPECTFULLY SUBMITTED

/s/ _____
Autry Lee Jones