UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
        Plaintiff

v.                                          NO. 06-0621(RWR)

United States of America,
Michael A. Atwood Chief Trust
Fund Officer,his successor in office,
D, DixonX counselor Federal of
Prisons, H. Chain A.W. of Industry et al,.
        Defendants

**RECEIVED**
DEC 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION TO AMEND COMPLAINT

AMENDED COMPLAINT

INTRODUCTION

1. On April 4, 2006 Plaintiff file his original complaint against the three defendants.

2. Plaintiff did not submit a proper name for defendant michael A. Atwood. Plaintiff just listed the chief Trust Fund Fund officer, after Plaintiff receive the Defendants motion to Dismiss and Motion for Summary Judgment he was made aware of the proper name of said Trust Fund officer and therefore Plaintiss submits said name.

3. Plaintiff did not know of an address for defendant's H. Chain and D. Dixon.

    a. The proper name for the Chief Trust Fund officer as of May 4, 2004 is Michael A. Atwood, who's address is 320 First St. N.W. Washington,D.C. 20534.

    b. The address for Defendant H. Chain is P.O. Box 305 Jonesville, VA 26305 Lee County U.S.P.

    c. The address for Defendant D.Dixon is U. S. Marshals service Edeward Bordley Department of Justice CS-

PAGE TWO OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

3,12th Floor Washington, D.C. 20530-1000

2. This case aries from the Chief Trust Fund Officer spending money out of the Inmate Trust Fund for none inmate related items.

(a) Defendant Michael A. Atwood spent money on approximately 1020, items which did not benefit the inmate population as a whole to-wit: Labor Law Attorneys, Security Background Investigation, Air Lift Food and Medical, Executive Office Director, Health Service, non BOP Medical, Prison Industries, Motor Pool, National Bus. Ops Food National Bus Ops-Custody, CMS Renovation, BOP Archives, Locksmith/Armory, Uniform Clothing, Facilities Management, Power Plant, Staff House Maintenance, Narcotic Surveillance and more, see exhibit (2). of the original Complaint.

3. This case arise from Defendant D. Dixon depriving Plaintiff of due process and equal protection.

(a) Defendant Dixon refuse to write incident reports on other inmates who possessed and/or was given the same jout count slips as those she wrote Plaintiff an incident report for.

(b) Defendant Dixon refuse to put Plaintiff on notice that said slips could not be use to prove that the Administration retaliated against Plaintiff by taking Plaintiff off of the overtime list.

(c) Defendant Dixon told Plaintiff what goes around comes around, when Plaintiff went to her for the 8, to file on Unicor

PAGE THREE OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

for the manner in which his pay had been calculated and on February 13, 2005 Dixon wrote an incident report o n Plaintiff for having said slips.

(d) Defendant Dixon contacted K. Abbarono factory manager and H. Chain A.W. of Industry who told D. Dixon to write said incident report, when Defendant Dixon knew that it was not customary to write incident reports for having something unauthorized, see exhibit (3) of Plaintiff's reply to Defendant's Motion to Dismiss and/or Summary Judgment.

4. This case Aries out of the Defendant H. Chain Associate Warden of Industry and Education, retaliating against plaintiff for filing an administrative remedy against Unicor for incorrectly calculating Plaintiff's overtime pay and for failure to afford Plaintiff equal protection, when other inamtes was in possession of saidslips and was not given an incident report nor lost of job, and for failure of Defendant Chain to put Plaintiff on notice as to what he could or could not do with said out count slips.

(a) Plaintiff file an administrative remedy concerning the manner in which U.S.P. Pollock Unicor calculated his overtime pay, Defendant Chain had Plaintiff taken off of the overtime and fired for filing same, and jwhen jPlaintiff obtain a job in the Education Department, Defendant Chain told J. Haschemeyer that Plaintiff did not need to be in the Law Library, because all Plaintiff do is file grievance, that thats what got Plaintiff fired from Unicor, so J. Haschemeyer told R. Martinez that Defendant Chain said to get rid of Plaintiff.

PAGE FOUR OF MOTION TO AMEND
PLAINTIFF'S COMPLAIANT

Wherefore Plaintiff was fired from the Education Department by orders of defendant Chain.

(b) Defendant Chain would not allow Plaintiff to be placed on the prior Unicor list, so that he could obtain his job back in Unicor at an early time than on the regular Unicor list.

Defendant Chain use the excuse that Plaintiff had been fired from unicor and therefore by policy Plaintiff could not be placed on the prior list, yet other inmates who had went before the Disciplinary Hearing Officer for fighting in the living quarters and in Unicor was allowed to be on the dprior list and go right back to their job in Unicor.

(c) Defendant Chain told staff not to put Plaintiff on the overtime list because Plaintiff had file a BP 8, on Unicor concerning the manner in which Plaiantiff's overtime pay had been calculated for piece work.

(d) Defendant Chain told staff not to put Plaiantiff on the prior Unicor list even after Plaintiff had finished the unicor vocational Training Sewing class.

Plaintiff was placed on said list twice by D. Dixon and each time Plaintiff went for an interview he was told by K. Abbarono that he was on the wrong list.

(e) Plaintiff was again placed on the prior list on September 14, 2005 and Defendant Chain told staff to take Plaintiff off of same, Plaiantiff was placed back on said list on October 28, 2005.

PAGE FIVE OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

When Plaiantiff submitted a cop out to defendant Abbarono requesting jto learn what number Plaintiff was on said list, Plaintiff learn that Plaiantiff had been placed on the regular list. Deffendant Chain claim that it is the Education department's responsibility to place Plaintiff on the prior list, yet Defendant Chain is the AW of Education and Unicor and through staff Plaiantiff learn that Plaintiff was taken of of the prior list by orders of Defendant Chain.

(f) Defendant Chain further retaliated against Plaintiff by ahaving Plaintiff written up for having the count slips that the Defendant gave to Plaintiff, when it was learned that Plaintiff had file an administrative remedy on Unicor, for the manner in which Plaintiff's overtime pay was calculated.

(e) When inmate Howard L. Wilder No. 30502-007 gave Plaintiff and Plaintiff attached same to his administrative remedy same put Defendant Chain on notice that other inmates who was in possession of said slip was not being written and incident report, wherefore it was Plaiantiff who Defendant Chain wanted to punish for haveing said slips and because Plaintiff had file on Unicor.

(f) Defendant Chain instructed Defendant D. Raoch to calculate Plaintiff's overtime pay in a manner which violates BOP policy,instead of calculating Plaintiff's pay as piece work, Defendant Chain instructed Defendant D. Roach to use the hourly rate to calculate Plaintiff's overtime pay which violates policy statement 8570.01(b) which states that it is not necessary to calculate piece rate pay using the hourly rate.

PAGE SIX OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this complaint pursuant to the First, Fifth and Eighth Amendment of the United States Constitution, 42 USC § 1331, Bivens v. Six unknown Named Agents of the Federal Bureau of Narcotics 403 US 388, 29 L.Ed.2d 619, 91 S Ct 1999, and Washington v. Reno 35 F.3d 1093.

The Constitution gives Plaintiff the right to petition.Wherefore no statute can take same away from Plaintiff, for no statute can supersede what the Constitution commands.

## VENUE

6. Venue is proper pursuant to 28 USC § 1391(b)(1) and (2) because the defendants maintain their principal place of business within this District and the events and omissions given rise to Plaintiff's claims occurred within this District through instructions from Defendant Harvey Lappin.

7. Plaintiff claims arise out of the same transactions occurrence, or series of occurrence and questions of law or facts common to all Plaintiff's will arise in jthe action.

8. Plaintiff Autry Lee Jones is presently incarcerated at the Federal Correctional Institution at Otiville, New York serving a sentence of Two Life Sentence, impose by the United States District court at Austin, Texas.

9. The Defendant's is responsible for carrying out the orders of the BOP in calculating Plaintiff's pay for overtime pay on piece work, for enforcing the rules which is implemented by the BOP. At all times pertinent to this case these

PAGE SEVEN OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

defendants has refuse to comply with the Constitution, statute law and Policy Statement of the BOP, and therefore has not acted under color of law and is being sued in their individual capacity.

10. Defendant Michael A. Atwood is the Chief Trust Fund officer as, such he is responsible for carring out policy formulated by the Direector of Corrections concerning expenditures of the Trust Fund Account. At all ltimes pertinent to this case Defendant Atwood has not acted under color of law and is being sued in his personal capacity.

11. Defendant H. Chain is the Associate Warden of Unicor and Education. As such he is responsible for the formulating of rules and regulations for Unicor and Education and to seeing that same is complied with. At all times pertinent jto this case Defendant Chain has went out side of the color of law and is being sued in his personal capacity.

12. Defendant D. Dixon is/was the counselor of B-2 unit at U.S.P. Pollock in Pollock, Louisiana she is responsable for seeing to it that the rules of the BOP is carried out, and when she become aware that a violation of said rules has occurred she is suppose to resolve the matter by written an incident report.

She is required to treat all inmates the same and not retaliate against Plaintiff.

FACTUAL BACKGROUND

13. The facts of this case involve three unrelated cases

PAGE EIGHT OF MOTION TO AMEND
PLAINTIFF'S COMPLAIANT

in which the defendant deprived Plaiantiff of his constitutional rights: One occurring on or about October 20, 2004, for which Plaintiff was deprived of his rights to due process: Two occurring on or about February 15, 2005 for which Plaintiff was denied due process and jequal protection and his right to petition the government : Three occurring on or about February 15 2005 for which Plaiantiff was deprived of his rights to due process and equal protection.

1. Defendant Atwood cause money to be spent from the Inmate Trust fund for none inmate purchases in violation of the terms of the Trust.

2. Defendant Dixon fail to put Plaintiff on notice that overtime out count slips could not be use to prove the allegations he allege in his BO 8. That Dixon retaliated against Plaintiff by orders of K. Abbarono and H. Chain.

3. Defendant Chain retaliated against Plaintiff for filing administrative remedies against unicor.

4. Defendant Chain instructed Defendant Roach not to comply with Policy Statement 8570.01(b).

> FIRST CLAIM FOR RELIEF VIOLATION OF PLAINTIFF'S
> FIRST AMENDMENT RIGHTS

14. By retaliating against Plaintiff for filing administrative remedies concerning the manner in jwhich defendant Roach calculated Plaintiff's overtime pay for piece

PAGE NINE OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

work, and because Plaintiff file administrative remedies concerning Plaintiff being taken off of the overtime list because he file on Unicor.

## SECOND CLAIM FOR RELIEF VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHTS

15. By spending money from jthe Inmate Trust Fund for items which did not benefit the inmate population as a whole violated the terms of the trust in violation of the due process clause of the Fifth Amendment.

## THIRD CLAIM FOR RELIEF VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHTS TO DUE PROCESS

16. By retaliating against Plaintiff for filing administrative remedies concerning the manner in which defendant Roach calculated Plaintiff's overtime pay for piece work, and because Plaintiff file administrative remedies concerning Plaintiff being taken off of the overtime list because he file on Unicor.

Wherefore, Plaintiff Autry Lee Jones prays for judgment as follows:

A. Equitable relief, in the form of:

1. To pay Plaiantiff back pay for all the bundles he did and would have done from November , 2004 through December ,2005. with interest.

2. To calculate said pay for piece work only and that Plaintiff's pay be double without using an hourly rate.

3. To replace all monies which was use to purchase

PAGE TEN OF MOTION TO AMEND
PLAINTIFF'S COMPLAINT

items which did not benefit the inmate population as a whole.

    4. To pay Plaintiff for all of the bundles he would have done had he not been illegally fired and when those days which bundles was done was on an overtime day that said pay be be calculated without the hourly rarte, and by the regualr piece rate when none overtime work is done.

    5. To give Plaintiff all of the grades he would have been promoted to had he not been fired even though he has been transferred to another institution.

    6. To decrease the phone rate to .7 cents per minute for the next five years.

    7. To cause Defendant H. Chain and D. Dixon to pay Plaintiff $ 9.999.99.

    8. Such other relief as this Court may deem just and proper.

    9. A trial on all the issues presented in this Complaint.

RESPECTFULLY SUBMITTED

/S/ [signature]
Autry Lee Jones