UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

**RECEIVED**
DEC 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Autry Lee Jones
    Plaintiff

v.

United States of America et al.,
    Respondant's

NO. -6-0621(RWR)

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER

    Comes now Autry Lee Jones (hereinafter) Plaintiff in this his Reply to Defendant's Motion for a Protective Order and move the court to deny same, for the following reasons.

1.
    Plaintiff is a pro se litigant and is attempting to have his complaint against the above defendant's, who have information which will prove that defendants Motion to Dismiss and/or for Summary Judgment must be denied.

2.
    The defendant allege that Plaintiff actions is based on agency administrative actions and/or inactions.

    Concerning the secretary of State Plaintiff allege that the defendant did receive his Freedom of Information Act request, and the defendant allege that no such request was received by said agency.

    This cause same to be a genuine issue of a material fact which if proved would not only entitle Plaintiff to discovery but cause the defendant's motion to dismiss and/or summary judgment to be denied.

PAGE TWO OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

The defendant's has fail to comply with Fed. R. of Civ. Proc. Rule 26(a)(1)(E),(c).

A genuine issue of a material fact concerning defendant the United States of America, plaintiff ask the defendant what part of the Constitution give the defendant the authority to deprive Plaintiff of his right to petition the government, when a statute conflict with the Constitution which msut yield, and do the Constitution authorize you to put a limitation on Plaintiff's constitutional right, and if your answer is yes which part is it.

A genuine issue of a material fact concerning defendant's Roachexist as to interrogatory no. 1.

Plaintiff ask defendant Roach what was Plaintiff paid for 45 bundles which was done on overtime on November 9, 2004 if said pay is incorrect according to defendant's exhibit Number 5 that will cause same jto be a genuine issue of a material fact.

The same is true for interrogatory No. 2 Plaintiff's question of how much was Plaiantiff paid for the 45 bundles done on December 7, 2004 on none overtime.

Interrogatory No. 3 plaintiff ask defendant how do the defendant calculate said overtime pay when there is only 7.25 hours of overtime to use in their calculation of said pay.

If the calculation can not be done with only 7.25 hours

PAGE THREE OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

this cause a genuine issue of a material facxt.

Concerning defendant Lappin in Interrogatory No. 2 Plaintiff requested which transaction from the 23 pages which the defendant said was spent from the trust fund benefited the inmate population as a whole, No. 4 Plaintiff requested said defendant to show how the money he spent on Profit sharing benefited the inmate population as a whole No,. 6 Plaintiff ask defendant Lappin will an inmate who present evidence of his allegations in an administrative remedy, will said inmate receive an incident report No. 7 Plaintiff ask defendant Lappin what what was the difference between a call out and the out count slips and was Plaintiff put on notice that he could not retain same when same was given to Plaintiff No. 8 plaintiff ask why did other inmates who had been found guilty by the Disciplinary Hearing Officer of violating institutional rules, kyet same was not required to be placed on the regular list but plaintiff was , No. 9 Plaintiff ask how did Plaintiff jeoparize the security of the institution by having said slips, No 14 did defendant comply with Justice Department circular 2244 paragraph 41 and 31 U.S.C. § 1321(a)(22) and(b).

All of the above presents a genuine issue of a material fact.

Plaintiff requested defendant lappin to produce the following

PAGE *FOUR* OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

Request No. 1 a copy of the tapes which shows Unicor 7 and 10 on November 1, 2004 through 30, 2004 of November.

Same sets in motion whether other inmates was given said slips, and therefore presents a genuine of a material fact.

Request No. 3 a copy of the tape phone conversation D. Lair had when he was on the phone from the Unicor foreman's officeFebruary 13 or 15 2005, same will show to what extent evidence the UDC use to fine Plaintiff guilty of which Plaintiff was not allowed to rebut, same presents a genuine issue of a material fact.

Request No. 4 a copy of the tape phone conversation between Unicor Foreman Clark and K. Abbrono in April of 2006 same will show that K. Abbrono tald Clark not to submit the forms to rehire an inmate because the inamte had file an administrative remedy on Unicor, same shows a genuine issue of a material fact.

Request No. 5 a copy of the contract the B.O.P. use to pay the company and/or people who place money in an inmates account, same will show whether the B.P.P. is in compliance with with 18 U.S.C. § 4007 wherefore same present a genuine issue of a material fact.

Request No. 6 plaintiff request a copy of the contract the B.O.P. use to pay the company to take money off of plaintiff's I.D. card and place same back in plaintiff's account, same will show whether 18 U.S.C. 1 § 4007 has been violated.

PAGE FIVE OF PLAINTIFF'S
REPLY TO DEFENDANT"S MOTION
FOR PROTECTIVE ORDER

Request No 7 requerst a copy of the address and names of the people who the defendant spent money with from said fund concerning the 23 pages which defendant sent to plaintiff showing the reason why the phone rate was increast.

CONCERNING DEFENDANT D. LAIR

Request No. 1 of plaintiff's interrogatories plaintiff ask how did he know that plaintiff was not suppose to have said slips.

request No 4 when you UDC'ed plaintiff and officer Burge entered the office the conversation between lair and Burge shows a genuine issue of a material fact.

Request NO. 5 of the interrogaories,you stated in the respond to administrative remedy No_____it states that you did not have to tell plaintiff hat was said between you and the persons you call, defendant also had a conversation with Unicor officer while I was told to leave the office which shows that Plaintiff was denied due process

No. 6 of interrogatories in your written reason for finding plaintiff guilty of the incident report other than the incident report, what evidence did you consider, did defendant lair use evidence which plaintiff was not allowed to hear or rebut? Such as the two phone calls and the conversation with unicor foreman Burge?

Request No. 8 of said interrogatories ask defendant did he

PAGE SIX OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

make a phone call to factory manager K. Abbarono or A W H. Chain this question present a genunie issue of a material fact.

### CONCERNING DEFENDANT J. FLATTER

No. 1 what test did Defendant Flatter have done on Plaintiff to determine if Plaintiff had a kidney problem. If the only test Defendant had done was the ones which concern Plaintiff's triglycerides, cholesterol, diabets same presents a genuine issue of a material fact.

No. 2 of said interrogatories ask what was done to correct said bone sppurs, the answer to this question presents a genuine issue of a material fact.

No. 3 of said interrogatories ask Defendant what was his concern when Plaintiff complained of pain in the kidney area of his back.

If Plaintiff's discovery request has no bearing on an issue of material fact, a protective order is proper, see Tilley v. U.S. 270 F.Supp. 2d 731 (2).

In Plaintiff's reply to the Defendants motion for protective order he has pointed out theissues which is requested for discovery which is questions of a genuine issue of a material fact and therefore Defendants motion for a protective order must in all things be denied.

RESPECTFULLY SUBMITTED

/S/ *[signature]*
Autry Lee Jones

PAGE SEVEN OF PLAINTIFF'S
REPLY TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

CONCLUSION

Wherefore, premises considered and placed before this most honorable court plaintiff request that Defendant's motion for a protective order be in all things be denied.

RESPECTFULLY SUBMITTED

/S/ _____
Autry Lee Jones

CERTIFICATE OF MAILING

I, Autry Lee Jones Plaintiff in the foregoing reply to Defendant's Motion folr a Protective Order do hereby certify by way of Title 28 § 1746(2) has this ____ day of _____ 2007 placed a copy of same in the inmate mail depository which is the manner in which the Administration allows inmates to use the United States mail, same was corrfectly addressed to Attorney of record Sherease loluis at 555 Fourth St. N.W. Rm E 4821 Washington, D.C. 20530.

RESPECTFULLY SUBMITTED

/S/ _____
Autry Lee Jones