UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUTRY LEE JONES, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, through ) </br> the DEPARTMENT OF JUSTICE, et al. ) </br> ) </br> Defendants. ) </br> ) | Civil Case No. 06-0621 (RWR) |

**OPPOSITION TO PLAINTIFF'S MOTION TO SERVE AND
CROSS-MOTION TO DIRECT PLAINTIFF TO FILE
AN AMENDED COMPLAINT AND TO STAY PROCEEDINGS**

In light of the Court's Minute Order granting Plaintiff's motion to amend, Defendants the United States, through the Department of Justice, H. Lappin, D. Roach, D. Lair, R. McGowan, J. Flatter and the "Chief Trust Fund Officer of Inmate Trust Fund," which Plaintiff now identifies as Michael Atwood (collectively, "Existing BOP Defendants"), hereby oppose Plaintiff's Motion to Serve. Such motion should be denied because, among other reasons, it is moot as there is not yet an operative amended pleading to serve. Additionally, Existing BOP Defendants respectfully cross-move, by and through their undersigned counsel, to direct Plaintiff to file an amended complaint within thirty (30) days after resolution of this cross-motion and stay all proceedings until such a complaint is filed.

**PRELIMINARY STATEMENT**

The Court having granted Plaintiff's Motion to Amend his Complaint, Plaintiff must now file an amended complaint to serve as his operative pleading in this action, pursuant to the Federal Rules of Civil Procedure (the "Rules"). Although Plaintiff's Motion to Amend is also

entitled "Amended Complaint," such document only includes allegations concerning the Renewed BOP Defendants (defined below). Therefore, unless Plaintiff has chosen to abandon his claims against the Existing BOP Defendants and Defendants United States of America and Condoleeza Rice ("State Defendants"), which runs contrary to certain passages of Plaintiff's Motion to Amend, Plaintiff must file an operative amended complaint to serve as his pleading in this action.[1]

Because Plaintiff now needs to file an Amended Complaint (or confirm that his Motion to Amend should also serve as his Amended Complaint), the proceedings in this action should be stayed pending the filing of such amended pleading. Indeed, Defendants' outstanding dispositive motions and Plaintiff's Motion to Serve are moot. That is, because an operative amended complaint has not been filed, there is no pleading to dismiss or serve.[2] Accordingly, the Court should grant this Motion, and deny Plaintiff's Motion to Serve as moot.[3]

## BACKGROUND

Plaintiff alleges a variety of claims in his complaint, including (i) Freedom of Information Act ("FOIA") claims against the United States and Condoleeza Rice ("State

---

[1] If the Court deems that Plaintiff's Motion to Amend constitutes an amended complaint, Existing BOP Defendants and State Defendants should be dismissed from this action, as no claims are asserted against them in such document.

[2] Additionally, Existing BOP Defendants have filed a motion seeking to revoke Plaintiff's *in forma pauperis* status this same date, which may affect the manner in which Plaintiff is permitted to serve Defendants without cost.

[3] Even if Plaintiff's Motion to Serve were not moot, it would still fail. As indicated in Plaintiff's Motion to Amend, Plaintiff purports to bring *Bivens* claims against the Renewed BOP Defendants (defined below) in their individual capacities only. Accordingly, Plaintiff must personally serve those individuals pursuant to the provisions of Rule 4. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (defendants in *Bivens* action must be served as individuals, pursuant to Fed. R. Civ. P. 4(e)). Plaintiff, however, has listed business addresses as the service address for the Renewed BOP Defendants, which are insufficient to effect personal service as a matter of law. *See* Fed. R. Civ. P. 4(e)(2); *Leichtman v. Koons*, 527 A.2d 745, 747 & n.5 (D.C. 1987) (office employee with authority to receive business mail does not, by virtue of that position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).

Defendants") seeking certain information on the U.S. Justice System, (ii) claims seeking to collaterally challenge his conviction, and (iii) claims against the Existing BOP Defendants and other Bureau of Prisons ("BOP") employees premised upon alleged violations of Plaintiff's due process rights.  On August 8, 2006, the Court granted Plaintiff's motion to proceed *in forma pauperis*.  On May 21, 2007, the Court dismissed official capacity claims against the individual defendants on Plaintiff's motion and dismissed the claims brought against certain BOP employees -- including, Defendants H. Chain and D. Dixon (collectively with Defendant Atwood, the "Renewed BOP Defendants") -- for defects in service of process.  On June 28, 2007, the State Defendants moved to dismiss, and/or for summary judgment on, the claims asserted against them, which Plaintiff opposed on August 17, 2007.

On August 31, 2007, Existing BOP Defendants moved to dismiss, and/or for summary judgment on, the claims asserted against them.  On December 17, 2007, defense counsel with current day-to-day responsibility for this action received, among other filings, Plaintiff's Motion to Amend his Complaint, Plaintiff's Opposition to the Existing BOP Defendants' motion to dismiss and/or for summary judgment, and Plaintiff's Motion to Serve.  Notably, the Court did not docket Plaintiff's Motion to Amend as an amended complaint or as attaching an amended pleading.  *See* Docket Entry No. 37.  One day later, on December 18, 2007, Existing BOP Defendants moved for an enlargement of time to respond to such filings until January 11, 2008.  By Minute Order on January 9, 2008, the Court granted such an enlargement and granted Plaintiff's Motion to Amend his complaint to restate and/or renew claims against the Renewed BOP Defendants.

## ARGUMENT

Because Plaintiff has sought to enforce his right to amend the Complaint, Plaintiff should be directed to file an Amended Complaint within a reasonable time (*i.e.*, 30 days hereafter) to serve as his operative pleading in this action.  Moreover, because Plaintiff has yet to file an operative amended pleading, there is no complaint to serve on the Renewed BOP Defendants.

In relevant part, Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Rule 15(a) then provides the time in which a party must respond to an amended pleading. When a party seeks to amend his complaint, the new amended complaint supersedes the original complaint, rendering it without legal effect. *See Owens v. Republic of Sudan*, 412 F. Supp. 2d 99, 117 (D.D.C. 2006) (Bates, J.) ("an amended complaint supercedes the original complaint"); *McManus v. Williams*, --- F. Supp. 2d ---, 2007 WL 744734, at *3 (D.D.C. Mar. 6, 2007) ("Ordinarily, an amended complaint supersedes the original and renders it of no legal effect.") (Sullivan, J.).  Indeed, "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Owens*, 412 F. Supp 2d at 117 (internal quotation marks omitted).[4]  Recognizing these principles, Local Civil Rule 7(i) requires a party to submit an original of the proposed amended pleading when moving to amend a party's pleadings.  LCvR 7(i).

---

[4]  Similarly, outstanding dispositive motions addressed to prior pleadings are rendered moot when a party interposes an amended pleading unless the moving party reasserts the motions as to the new pleadings. *See Jones v. Bernanke*, 493 F. Supp. 2d 18, 25 (D.D.C. 2007) ("Because the original complaint now is superseded by the amended complaint, the court denies without prejudice all pending motions pertaining to the original complaint.  If the defendant wishes to address counts III and IV of the plaintiff's complaint via dispositive motion, the defendant may file its motion not later than thirty calendar days from the date of this opinion.") (Urbina, J).

When the above cited law is applied to the present case it is clear that Plaintiff must file an amended pleading to move forward in this action. Plaintiff has asserted and the Court has recognized Plaintiff's right to file an amended pleading. Because such a pleading would supersede the current complaint and motions addressed thereto, this action should be stayed until Plaintiff files an amended pleading so that defendants and the Court can understand the scope of this action and respond to it appropriately. Moreover, Plaintiff's Motion to Serve is moot because there is not yet an operative amending complaint to serve.

\* \* \*

## **CONCLUSION**

For the above noted reasons, Plaintiff's Motion to Serve should be denied as moot, and Existing BOP Defendants' cross-motion to direct plaintiff to file an amended complaint and to stay proceedings should be granted.

Dated: January 11, 2008
      Washington, DC

                                          Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

   /s/

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/

BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2008, a true and correct copy of the above Opposition to Plaintiff's Motion to Serve and Cross-Motion to Direct Plaintiff to File an Amended Complaint and to Stay Proceedings, was served upon Pro Se Plaintiff Autry Lee Jones, by first class United States mail, postage prepaid, to:

Autry Lee Jones, R52873-080
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, N.Y. 10963

Respectfully submitted,

/s/
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov