UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AUTRY LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 06-0621 (RWR) |
| | ) | |
| UNITED STATES OF AMERICA, through | ) | |
| the DEPARTMENT OF JUSTICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO RECONSIDER AND AMEND
## THE COURT'S PRIOR ORDER GRANTING PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915(g) and Federal Rule of Civil Procedure ("Rule") 54(b), Defendants the United States, through the Department of Justice, H. Lappin, D. Roach, D. Lair, R. McGowan, and J. Flatter (collectively, "Existing BOP Defendants"), hereby respectfully move for reconsideration and amendment of the Court's prior order granting Plaintiff's motion for leave to proceed *in forma pauperis* (the "IFP Order") to revoke such status.

## PRELIMINARY STATEMENT

Based upon a recent search of the federal court system, six of Plaintiff's prior actions or appeals have been dismissed as frivolous. Moreover, in two of such actions, courts have barred Plaintiff from bringing any new actions in the districts in which such courts lie. Quite clearly Plaintiff has more than the "three strikes" allowed under 28 U.S.C. § 1915(g); and thus, his *in forma pauperis* status should be revoked.

## <u>BACKGROUND</u>

Plaintiff alleges a variety of claims in his Complaint, including (i) Freedom of Information Act ("FOIA") claims against the United States and Condoleeza Rice ("State Defendants") seeking certain information on the U.S. Justice System, (ii) claims seeking to collaterally challenge his conviction, and (iii) claims against the Existing BOP Defendants premised upon alleged violations of Plaintiff's due process rights.  On August 8, 2006, the Court entered the IFP Order granting Plaintiff's motion to proceed *in forma pauperis*.  On May 21, 2007, the Court dismissed official capacity claims against the individual defendants on Plaintiff's motion and dismissed the claims brought against certain defendants for defects in service of process.  On June 28, 2007, the State Defendants moved to dismiss, and/or for summary judgment on, the claims asserted against them, which Plaintiff opposed on August 17, 2007.

On August 31, 2007, Existing BOP Defendants moved to dismiss, and/or for summary judgment on, the claims asserted against them.  On December 17, 2007, defense counsel with current day-to-day responsibility for this action received, among other filings, Plaintiff's Motion to Amend his Complaint, Plaintiff's Opposition to the Existing BOP Defendants' motion to dismiss and/or for summary judgment, and Plaintiff's Motion to Serve.  One day later, on December 18, 2007, Existing BOP Defendants moved for an enlargement of time to respond to such filings until January 11, 2008.  By Minute Order on January 9, 2008, the Court granted such an enlargement and granted Plaintiff's Motion to Amend his complaint to restate and/or

renew claims against certain defendants that were previously dismissed for defects in service of process.[1]

## PRIOR FRIVOLOUS ACTIONS AND APPEALS

Plaintiff has been a frequent litigator as an inmate, having filed some fifteen federal civil actions and seven federal appeals since 1998. Six of such actions and appeals have been expressly dismissed or denied as frivolous, and in two actions courts have ordered that Plaintiff seek leave of the court before filing any further actions in such courts' respective districts:

1.  *Jones v. Johnson*, No. 98-20028, 149 F.3d 1173 (5th Cir. June 9, 1998) -- dismissing Plaintiff's appeal as "without arguable merit" and "frivolous." *See* Exhibit A attached hereto ("Attached Ex. A").

2.  *Jones v. United States*, Cause No. A-04-CA-101-LY (W.D. Tex. Mar. 18, 2004) -- dismissing Plaintiff's case as "frivolous pursuant to 28 U.S.C. § 1915(e)," and barring Plaintiff "from filing any further civil lawsuits in this Court without first obtaining permission of a District Judge or Magistrate Judge of this Court or a Circuit Judge of the Fifth Circuit Court of Appeals." *See* Attached Ex. B.

3.  *Jones v. Judge of the 129th Dist. Ct.*, Civil Action No. H-04-0113 (S.D. Tex. May 19, 2004) -- dismissing Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B), which was later described as a "strike" under 28 U.S.C. § 1915(g) by the Fifth Circuit (*see* No. 4, *infra*). *See* Attached Exs. C, D.

4.  *Jones v. Judge of the 129th Dist. Ct.*, No. 04-20546 (5th Cir. Oct. 20, 2004) -- dismissing Plaintiff's appeal as "frivolous," describing dismissal of Plaintiff's district court action and Plaintiff's appeal as "strikes under 28 U.S.C. § 1915(g)," and warning that if Plaintiff accumulates three "strikes" he will no longer be able "to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See* Attached Ex. D.

5.  *Jones v. Casterline*, No. 04-30167 (5th Cir. Aug. 18, 2004) -- dismissing Plaintiff's appeal as "frivolous." *See* Attached Ex. E.

---

[1]    Existing BOP Defendants have filed this same date their Opposition to Plaintiff's Motion to Serve and Cross-Motion to Direct Plaintiff to File an Amended Complaint and to Stay Proceedings, which in essence seeks to stay proceedings in this action until Plaintiff files an amended complaint.

6.      *Jones v. Menifee*, Civil Action No. 06-1985 (W.D. La. Dec. 29, 2006) --
concurring with the Magistrate Judge's findings (which concluded that Plaintiff's
case should be dismissed as frivolous and Plaintiff should be sanctioned),
dismissing Plaintiff's case with prejudice, and sanctioning Plaintiff by barring
him from "filing any further civil actions without prior permission from a Judge
of this Court." *See* Attached Exs. F, G.

In addition to these six actions and appeals, where courts specifically dismissed
Plaintiff's actions or appeals, courts have frequently dismissed or affirmed dismissals of
Plaintiff's actions and appeals. *See, e.g., Jones v. U.S. Dep't of Justice*, Civ. Action No. 02-1717
(D.D.C. Jan. 17, 2003) (Collyer, J.) (dismissing action for lack of jurisdiction); *Jones v. U.S.
Dep't of Justice*, No. 03-5087 (D.C. Cir. Sept. 10, 2003) (affirming dismissal of action for lack
of jurisdiction).

Accordingly, Plaintiff has accumulated more than three "strikes" under 28 U.S.C. §
1915(g).

## ARGUMENT

## I.      RECONSIDERATION IS APPROPRIATE IN THIS CONTEXT.

Pursuant to Rule 54(b), the Court may reconsider and revise any non-final order or
decision during the pendency of an action. Fed R. Civ. P. 54(b). Reconsideration under Rule
54(b) is "within the discretion of the trial court and are therefore subject to the complete power
of the court rendering them to afford such relief from them as justice requires." *Scott v. Dist. of
Columbia*, 246 F.R.D. 49, 51 (D.D.C. 2007) (Roberts, J.) (internal quotation marks omitted).
Reconsideration may be appropriate "where the parties proffer supplemental evidence not before
available or new legal theories[.]" *Id.*, *citing Cobell v. Norton*, 224 F.R.D. 266, 271 (D.D.C.
2004) (Lamberth, J.). Accordingly, the newly discovered evidence noted above, which is

- 4 -

presented to this Court for the first time in this Motion, is a sufficient ground upon which to reconsider the Court's IFP Order.

## II.    THE PLRA MANDATES REVOCATION OF PLAINTIFF'S *IN FORMA PAUPERIS* STATUS.

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the Prisoner Litigation Reform Act ("PLRA").  *See Chandler v. D.C. Dep't of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments.  *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357.  However, absent imminent danger of serious physical harm, an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases or appeals while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision).  *See* 28 U.S.C. § 1915(g); *Ibrahim v. Dist. of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g).  *See Ibrahim*, 208 F. 3d at 1036.  Moreover, a dismissal of an action on the merits by a district court is considered one strike and an appeal of such action that is likewise dismissed is considered a second strike.  28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5th Cir. 1996).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998). A court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim. *See Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D.N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous).

When this well established law is applied to the present case, it is clear that based upon "strikes" Plaintiff has accumulated to date, the Court should reconsider and amend its Order and revoke Plaintiff's *in forma pauperis* status.[2]

\*    \*    \*

---

[2]    Although it appears that Plaintiff has paid the full filing fee for this action (*see* Minute Order of 10/20/2006), Existing BOP Defendants nonetheless believe revocation of Plaintiff's *in forma pauperis* status is material as it may affect the methods Plaintiff may use to serve process upon Defendants without incurring costs.

**<u>CONCLUSION</u>**

For foregoing reasons, the Court should reconsider and amend the IFP Order and revoke

Plaintiff's *in forma pauperis* status.


Dated: January 11, 2008
          Washington, DC

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


        /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


        /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2008, a true and correct copy of the above Motion to Reconsider and Amend the Court's Prior Order Granting Plaintiff's Motion to Proceed *In Forma Pauperis* was served upon Pro Se Plaintiff Autry Lee Jones, by first class United States mail, postage prepaid, to:

Autry Lee Jones, R52873-080
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, N.Y. 10963

Respectfully submitted,

_____/s/_____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov