# EXHIBIT
# C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 1 9 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AUTRY LEE JONES (#52873-080), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-0113 |
| | § | |
| JUDGE OF THE 129TH DISTRICT | § | |
| COURT, Harris County, Texas, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Federal prisoner Autry Lee Jones filed a complaint under 42 U.S.C. § 1983, alleging

violations of his civil rights.  Jones, who proceeds *pro se* and *in forma pauperis*, has also

filed a more definite statement of his claims.  After reviewing all of the pleadings as required

by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons

that follow.

## I.    BACKGROUND

Jones is currently incarcerated in the United States Penitentiary in Pollock, Louisiana.

He sues the presiding judge of the 129th District Court of Harris County, Texas, the presiding

judge of the 334th District Court of Harris County, Texas, and the United States Postmaster

General.  Jones's claims stem from two lawsuits filed by him in the 129th and 334th District

Courts.

According to the pleadings, Jones filed a breach of contract suit on June 18, 2001

against Eli Smith and Associates.  That case was filed in the 129th District Court in cause

#12

number 01-32055. Jones filed a another suit involving a nuisance dispute on June 18, 2001 against his brother, David Eugene Jones, and the City of Houston. That case was filed in the 334th District Court in cause number 2003-06896.

In the instant case, Jones complains that the presiding judges of the 129th and 334th District Courts have violated his civil rights by failing to "move on the legal matters" placed before them. Jones appears to claim that the courts have failed or refused to serve a summons and complaint in these cases. Jones adds that the Postmaster General has violated his civil rights because he refused to answer an inquiry about whether a piece of certified mail identified as 7000 5200 0022 5171 9644 had been delivered to Eli Smith and Associates. That letter supposedly contained a copy of the petition and/or complaint against Eli Smith and Associates in cause number 01-32055.

Jones complains that the defendants' inaction has violated his right of access to the courts protected by the First and Fifth Amendments to the United States Constitution. Jones seeks $9,999.99 in monetary damages from the defendants. The Court concludes, however, that Jones's complaint must be dismissed for reasons discussed below.

## II.    **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id.* (citations omitted).

## III.    DISCUSSION

### A.    Access to Courts

Jones complains that, by failing to rule on certain pending matters, the presiding judges of the 129th and 334th District Courts have violated his constitutional right of access

to the courts. Jones also complains that, by failing to respond to his inquiry about a piece of certified mail, the United States Postmaster General has also denied him constitutionally-protected access to courts. These claims are without merit.

Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360, 116 S. Ct. 2174, 135 L. Ed.2d 606 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed.2d 72 (1977)). This right of access for prisoners is not unlimited, however. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Instead, they are merely guaranteed "the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*.

A review of the pleadings and more definite statement filed by Jones shows, at worst, inaction on the part of the defendants. Jones emphasizes that his cases remain pending in state court and that there has been no dismissal order or final ruling in either one. Jones does not demonstrate that he has been denied the right to bring a valid legal claim on his own behalf because of anything the defendants have done or allegedly failed to do. Thus, Jones fails to state an actionable claim concerning whether the defendants' actions, or inactions,

4

have violated his constitutional right of access to the courts. This claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### B.    Absolute Immunity

In addition, Jones's claims against the presiding judges of the 129th and 334th District Courts fail because it is well settled that judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355, 98 S. Ct. 1099, 55 L. Ed.2d 331 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). "Absolute immunity denies a person whose federal rights have been violated by a government official from obtaining any type of remedy, regardless of the conduct." *Beck v. Texas Bd. of Dental Exam.*, 204 F.3d 629, 634 (5th Cir. 2000). The rationale behind according absolute immunity to judges is that, without protection from retaliatory suits, a judge would lose "that independence without which no judiciary can be either respectable or useful." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1871).

In making a determination respecting absolute immunity, "[t]he alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." *Boyd*, 31 F.3d at 284 (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)). Rather, "[j]udicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284-85; *see also Stump*, 435 U.S. at 356-57 (noting that a judge is subject to

liability only when he has acted in the "clear absence of all jurisdiction"). The allegations in the complaint fall far short of the type of conduct necessary to deprive the defendants of absolute immunity.  Because Jones seeks monetary relief from defendants who are immune from such relief, this case is further subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.    Warning

In his more definite statement, Jones reports that he has been sanctioned by the United States District Court for the Western District of Texas, Austin Division, for filing a frivolous lawsuit. (Docket Entry No. 10, *Order* in *Autry Lee Jones v. United States of America*, No. A-04-CA-101-LY (W.D. Tex. March 18, 2004)).  He attaches a copy of the district court's order in that case, which shows that Jones is now "**BARRED** from filing any further civil lawsuits . . . without first obtaining permission from a District Judge or Magistrate Judge of this Court of a Circuit Judge of the Fifth Circuit Court of Appeals." *Id.*  Jones notes that he has appealed the result in that case.

It is policy for the United States District Court for the Southern District of Texas to honor the sanctions assessed by the other district courts in Texas as justice requires.  Jones is therefore admonished that future cases filed by him in this district may be subject to these sanctions.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to provide copies of this order to the parties; to the United States Penitentiary, Attn: Case Manager Robert McGowin, 1000 Airbase Road, P.O. Box 1000, Pollock, Louisiana 71467, phone 318-561-5300, fax 318-561-5664; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

SIGNED at Houston, Texas, on _____ May 19 _____, 2004.

_____

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

7