# EXHIBIT D

United States Court of Appeals
Fifth Circuit
**F I L E D**
October 20, 2004
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20546
Conference Calendar

AUTRY LEE JONES,

                              Plaintiff-Appellant,

versus

JUDGE OF THE 129TH, Harris County District Court;
JUDGE OF THE 334TH, Harris County District Court;
POST MASTER GENERAL OF THE UNITED STATES,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-113
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Autry Lee Jones, federal inmate #52873-080, proceeding pro se and in forma pauperis ("IFP"), appeals the dismissal of his civil rights complaint for damages. Jones contends that the Judges of the 129th and 334th District Courts are not entitled to absolute immunity because they have not performed their duties and are not acting within their "judicial jurisdiction." Jones asserts that the defendants interfered with his right of access

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 04-20546
-2-

to the courts because they have not acted upon motions, requests, and correspondence that he filed in conjunction with his pending civil lawsuits.

We review de novo the dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of an IFP complaint for failure to state a claim. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (citation omitted).

Contrary to Jones's assertions, the Judges of the 129th and 334th District Courts are entitled to absolute immunity. See Boyd, 31 F.3d at 284-85. The conduct about which Jones complains concerns the manner in which the state judges are handling cases that are pending on their dockets. This conduct is judicial in nature as it is "'normally performed by a judge'" and affects parties who deal "'with the judge in [a] judicial capacity.'" Id. at 285.

As to the remaining defendants, the clerk of court and the Post Master General, the district court correctly determined that Jones's complaint failed to state a claim of denial of access to the court. A prisoner cannot prevail on an access-to-the-courts claim without proving an actual injury. Ruiz, 160 F.3d at 275. Jones admitted that his civil lawsuits had not been dismissed, and he did not identify any injury or prejudice. See id.

No. 04-20546
-3-

Jones's appeal is without arguable merit and is DISMISSED as frivolous. 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal by the district court of Jones's complaint for failure to state a claim and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Jones is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.