UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

**RECEIVED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Autry Lee Jones
    Plaintiff

v.

1:06-cv-00-00621-RWR

United States of America
the Department of Justice
555 4th Street, NW
Washington, D.C. 20530

Condoleezza Rice
Secretary of State
2201 C. Street NW
Washington, D.C.
      20001

Harvley Lappin
320 First St. N.W.
Washington, D.C.
     20534

Michael M. Atwood
320 First St. N.W. Washington, D.C.
     20534

H. Chain AW of Industry & Education
P.O. Box 900 Jonesville, Va
lee County U.S.P. 26305

D. Roach-Chief Financial
Officer
1000 Airbase Rd.
Pollock, Louisiana
     71467
D. Dixon-Counselor
U.S. Marshals Service Edward Bordley Department of Justice CS-
3,12th Floor Washington, D.C. 20530-1000

D. Lair-Counselor
1000 Airbase Rd.
Pollock, Louisiana

     71467

R. McGowan-Counselor
1000 Airbase Rd
Pollock, Louisiana

71467

J. Flatter-Phiacian
1000 Airbase Rd
Pollock, Louisiana
        71467
        Defendants

## COMPLAIONT
### INTRODUCTION

1. This case arises from the Defendants the United States implementing a law which deprives Plaiantiff of the right to petition the government to seek redress of a grievance.

(a) Plaintiff Autry Lee Jones attempted to petition the courts to seek relief from his wrongful punishment and/or conviction.

(b) On or about August 2, 1996 Plaintiff submitted a motion under 28 USCA § 2255, The Government move to dismiss same because the one year limitation had passed.

(c) The Fifth Circuit Court of Appeals denied Plaintiff's request for a certificate of appealability.

(d) Plaintiff allege that the United States did not have authority to make a law which restrict and/or hinder Plaintiff's right to petition the government to seek redress of grievance.

(e) The Department of Justice through it's Assistant United States Attorney's enforce the one year limitation.

(f) Plaintiff propose to file a motion to correct his sentence and/or a writ of habeas corpus to determine that Plaintiff is being held in violation of the United States Constitution.

(g) It is by no means conclusive that Plaintiff will prevail if he is allowed to petition the courts to seek relief of

*1*

his grievance.

(h) The relief Plaintiff seeks is that the one year limitation be held unconstitutional.

2. This case arises from the Defendant Rice's refusal to respond to Plaintiff's request by way of the Freedom of Information Act, to learn what if any thing has been implemented to correct the discrimination in the United States Justice system, which was documented by the Department of State for the United Nation.

(a) Plaintiff sent a Freedom of Information Act request to the State Department and/or the Secretary of State more than a year ago, by certified mail number 7003 2260 000s4 7108 0365, the Secretary has refuse to answer same, yet same was signed for on or about November 8, 2004, see exhibit (1).

3. This case arise from Defendant Harvley Lappin's refusal to afford Plaintiff equal protection and due process.

(a) Defendant Lappin spent money on approximately 1020, items, to-wit: Labor Law Attorneys, Security and Background Investigation, Air Lift Food and Medical, Executive Office Diorector, Health Service, none BOP Medical, Prison Industries, Motor Pool, National Bus. Ops, Food National Bus Ops-Custody, CMS Renovation, BOP Archives, Lock Smith/Armory, Uniform Clothing, Facilities Management, Power Plant, Staff House Maintenance, Narcotic Surveillance and more. See exhibit (2).

(b) By Lappin spending the money in violation of the Trust cause the inmate phone rate to be increased to .23¢ per minutes so that the Fund would not become insolvent.

2

(c) Lappin retaliated against Plaintiff for filing administrative remedies, when Plaintiff file because Lappin ordered Defendant Roach to wrongfully calculate Plaintiff's pay for piece work on overtime and when Plaintiff file an administrative remedy for retaliating against Plaintiff for refusing to allow Plaintiff to work overtime because he file the first administrative remedy.

(d)When BOP staff has documents which they don't want an inmate to have, they put out a memorandum like the one from Unicor telling inmates which documents must be return to staff for destruction or staff put said documents in the **HOT TRASH** see exhibit (3), which came from Defendant D. Dixon, telling Plaintiff what hot trash is use for and who has excess to same, yet these count slips was not put in the hot trash nor was Plaintiff told to return same to staff for their destruction.

(e) Failure of Defendant Lappin to afford Plaintiff equal protection concerning the out count slips, when other inmates had same and was not given an incident report as Plaintiff was.

(f) Failure of Defendant Lappin to put Plaintiff on notice as to what Plaintiff could do with said slips.

4. This case arise from Defend Michael M. Atwood spending money out of the Inmate Trust Fund for none inmate related items, in violation of the Trust.

(a) Defendant Atwood spent money on approximately 1020, items which did not benefit the inmate population as a whole to-wit: Labor Law Attorneys Security Background Investigation, Air

Lift Food and Medical, Executive office Director, Health Service, none  Bop Medical, Prison Industries, Motor Pool National Bus. Ops-Food National Bus Ops-Custody, CMS Renovation, BOP Archives, Lock Smith/Armory, Uniform Clothing, Facilities Management, Power Plant, Staff House Maintenance, Narcotic Surveillance and more, See exhibit (2).

5. This case arise out of the Defendant H. Chain Associate Warden of Industry and Education, retaliating against Plaintiff for filing an administrative remedy against Unicor for incorrectly calculating Plaintiff's overtime pay and for failure to afford Plaintiff equal protection, when other inmates was in possession of said slips and was not given an incident report nor lost of job, and for failure of Defendant Chain to put Plaiantiff on notice as to what he could not do with said slips.

(a) Plaintiff file an administrative remedy concerning the manner in which U.S.P. Pollock Unicor calculated his over time pay, Defendant Chain had Plaintiff taken off of the over time and fired for filing same, when Plaintiff obtained a job in the Education Department, Defendant Chain told J. Haschemeyer that Plaintiff do not need to be in the Law Library, because all Plaintiff do is file grievance, that that's what got Plaintiff fired from Unicor, so J. Haschemeyer told R. Martinez that Defendant Chain said to get rid of Plaintiff.

Wherefore Plaintiff was fired from the Education by orders of Defendant Chain.

(b) Defendant Chain would not allow Plaintiff to be placed on the prior Unicor list, so that he could obtain his job

4

back in Unicor at an earlier time than on the regular Unicor list.

Defendant Chain use the excuse that Plaintiff had been fired from Unicor and therefore by policy could not be placed on the prior list, yet other inmates who had went before the Disciplinary Hearing Officer for fighting in the living quarters and in Unicor was allowed to be on the prior list and go back right back to Unicor, after being given time in the Special Housing Unit.

(c) Defendant Chain told staff not to put Plaintiff on the overtime list because Plaintiff had file a BP 8, on Unicor concerning the manner in which Plaintiff's over time pay had been calculated for piece work.

(d) Defendant Chain told staff not to put Plaintiff on the prior Unicor list even after Plaintiff had finished the Unicor Vocational Training Sewing class.

Plaintiff was placed on said list twice by D. Dixon and each time Plaintiff went for an interview he was told by K. Abbarono that he was on the wrong list.

(e) Plaintiff was again placed on the prior list on September 14, 2005 and Defendant Chain told staff to take Plaintiff off of same, plaintiff was placed back on said list on October 28, 2005.

When Plaintiff submitted a cop out to defendant Abbarono requesting to learn what number Plaintiff was on said list, Plaintiff learn that Plaintiff had been placed on the regular list. Defendant Chain claim that it is/was the Education Department's responsibility to place Plaintiff on the prior list, yet Defendant Chain is the AW of Education and Unicor and through

5

staff plaintiff learn that Plaintiff was taken off of the prior list by orders of Defendant Chain.

(f) Defendant Chain further retaliated against Plaintiff by having Plaintiff written up for having count slips that the Defendant gave to Plaintiff, when it was learned that Plaintiff had file an administrative remedy on Unicor, for the manner in which Plaintiff's over time pay was calculated.

6. This case arise from Defendant D. Roach refusal to calculate Plaintiff's over time pay consistent with BOP policy, which cause Plaintiff to be under paid for the piece work he perform.

(a) The Defendant calculated said over time piece rate as follows: Add the total number of hours worked for the day which is 7.25 + 4.25 = 11.5 then total up the number of pieces completed for the day this is arrived at by multiplying the total number of bundles by the number of pieces in the bundles, in Plaintiff's case that would be 90 X 72 = 6480, then the defendant told Plaintiff to multiply the total number of pieces by the pay rate per pieces which is 6480 X. 0.0040 = $25.92, then the Defendant say take $25.92, and divide that by 11.5 which give Plaintiff 2,252913, The Defendant claim that it took Plaintiff 2,252913, hours to do 6480 pieces and that Plaintiff must multiply 2,252913, times 4.25 over time hours which equal to 9,5791302, plus the $25.92 = $35,49913 would give Plaintiff the total amount he earn for the day including his over time pay.

(b) When Defendant Roach calculate Plaintiff's pay in this manner he is actually depriving Plaintiff of $23,666087.

(c) Policy Statement 8570.01(b) states that it is not necessary to calculate piece rate pay using the hourly rate, Wherefore Roach use the hourly rate in error, Second when Plaintiff work on a saturday there is no 11.5, hours to divide into the $25.92, there is only 7.25, hours, wherefore the calculation can not be calculated as stated in exhibit 4.

(d) When checking the above calculation and 2,252913 is subtracted from $25.92, that leaves 23,667087, which is the amount Defendant Roach is taking from Plaintiff.

(e) Plaintiff avers that his pay should have been calculated in the following manner, two times the number of pieces completed on over time, which would come to $25.92 + $12.96 which is what Plaintiff earned doing the 7.25 hours worked $38.88 not 35.49913.

Plaintiff worked on over time on Saturday February 12, 2005, for 7.25 hours, so how did Defenddant Roach calculate this over time pay with only 7.25 hours to use in the calculation?

7. This case arise from Defendant R. McGowan's refusal to afford Plaintiff due process and equal protection.

(a) Defendant McGowan was a member of the Unit Disciplinary Committee,(hereinafter UDC) Defendant McGowan UDC'ed Plaintiff, and doing said hearing Defendant McGowan took part in a phone conversation with defendant Chain, the UDC stated in it's finding that Plaintiff was guilty because of the greater weight of the evidence and section 11, of the incident report, was the bases of finding Plaintiff guilty, the only other evidence was the phone call which Plaintiff was not allowed to rebut.

7

(b) Since Plaintiff was given said documents and until he use same to prove that staff was retaliating against him, these documents was permissible for Plaintiff to have, but once Plaintiff use same in a manner to show what staff had done, from behind the bushes came the 305, incident report, The Defendants put out a memorandum telling inmates which documents must be return to staff in order that same can be destroyed to keep them from being used for unintended use, this memorandum was not issued for the documents Plaintiff was written up for. Yet the Defendants did not put said documents in the hot Trash, said trash per D. Dixon's statement in her response to Plaintiff's cop out, states that hot Trash is for use by staff only and that same is used when staff has something which staff do not want inmates to have. see exhibit 3.

(c) The evidence at Plaintiff's UDC hearing established that plaintiff attached to an administrative remedy he submitted to counselor D. Dixon approximately six pages of what the Defendant's allege to be official out count slips, the evidence further showed that evidence was given to the UDC officers that Plaintiff was denied the opportunity to rebut, which is a hearing by ambush

(d) The Defendant's found Plaintiff guilty of violating rule 305, to-wit: Possession of anything not authorized, Plaintiff avers that since staff gave same to  Plaintiff that Plaintiff was authorized to have same.

(e) There was no evidence that Plaintiff was put on notice that he could not use said slips to prove his allegations in his

administrative remedy.

(f) Other inmates who possessed these documents was never written up, Defendant McGowan refuse to UDC other inmates who possessed out count slips, nor did Defendant McGowan take other inmates job for having same, further never was Plaintiff informed that he could not use same in the manner in which he use them, even though Plaintiff had said documents in his possession possession of same was harmless. Never did staff put Plaintiff on notice as to what he could do with the documents.

8. This case arise from Defendant D. Lair refusal to afford Plaintiff due process and equal protection.

(a) Defendant D. Lair was a member of the UDC. Lair UDC'ed Plaintiff and doing said hearing, Lair took part in a phone conversation with Defendant Chain and the UDC stated in it's finding that plaintiff was guilty because of the greater weight of the evidence and section 11, of the incident report, was the bases of finding Plaintiff guilty, the only other evidence was the phone call which Plaintiff was not allowed to rebut.

(b) Since Plaintiff was given said  documents and until he use same to prove that staff was retaliating against him these documents was permissible for Plaintiff to have, but once Plaintiff use same in a manner to show what staff had done, form behind the bushes came the 305, incident report, The Defendants puts out a memorandum telling inmates which documents musts be return to staff in order that same can be destroyed to keep them from being used  for uninteded use, this memorandum was not issued for the documents Plaintiff was written up for. yet the Defendants

9

did not put said documents in the hot trash said trash per D. Dixon's statement in her response to Plaintiff's cop out, states that hot trash is for use by Staff only and that same is used when staff has something which staff do not want inmates to have. See exhibit 3.

(c) The evidence at Plaintiff's UDC hearing established that Plaintiff attached to an administrative remedy he submitted to counselor D. Dixon approximately six pages of what the Defendant's allege to be official out count slips, the evidence further showed that evidence was given to the UDC officer which Plaintiff was denied the opportunity to rebut, which is a hearing by ambuse.

(b) The Defendant's found Plaintiff guilty of violating rule 305, to-wit: Possession of any thing authorized, Plaintiff avers that since staff gave same to Plaintiff that Plaintiff was authorized to have same.

(e) There was no evidence that Plaintiff was put on notice that he could not use said slips to prove his allegations in his administrative remedy.

(f) Other inmates who possessed these documents was never written up, Defendant Lair refuse to UDC other inmates who possessed out count slips, nor did Defendant Lair take other inmates job for having same, further never was Plaintiff informed that he could not use same in the manner in which he use them, and even though Plaintiff had said documents in his possession possession of same was harmless. Never did staff put Plaintiff on notice as to what he could do with the documents.

9 This case arise from Defendant D. Dixon depriving Plaintiff

of due process and equal protection.

(a) Defendant Dixon refuse to write incident reports on other inmates who possessed and/or was given the same out count slips.

(b) Defendant Dixon refuse to put Plaintiff on notice that said slips could not be use to prove that the Administration retaliated against Plaintiff by taking Plaintiff off of the over time list.

(c) Defendant Dixon told Plaintiff what goes around comes around, when Plaintiff went to her for the 8, to file on Unicor for the manner in which his pay had been calculated and on February 13, 2005 Dixon wrote an incident report on Plaintiff for having said slips.

10. This case arise from Defendant J. Flattery refusal to give Plaintiff proper medical care and showing deliberate indifference to Plaintiff's medical needs when he found out that Plaintiff had spurring on the left paraspinal area of his body.

(a) Defendant J. Flattery is one of two doctors at U.S.P. Pollock and on August 17, 2003 Defendant Flattery saw Plaintiff and ordered X Rays of Plaintiff's back, on the 15th of September 2004 said report shows that Plaintiff have spurring on the left paraspinal area of his body.

(b) As of the drafting of this complaint Defendant J. Flattery had done nothing to correct said pain, knowing that same is cause by the spurring.

(c) Defendant Flattery refuse to treat Plaintiff for hepatitis C when he has known for two years that Plaintiff has same.

*12*

JURISDICTION

11. This Court has jurisdiction over the subject matter of this complaint pursuant to the first, Fifth and Eighth Amendments of the United States Constitution, 42 USC § 1331, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics 403 US 388, 29 L.Ed.2d 619, 91 S Ct 1999, and Washington v. Reno 35 F.3d 1093, Restatement (second) of Trusts §§ 199-200(1959) and 214(1)(1959).

VENUE

12. Venue is proper pursuant to 28 USC § 1391(b)(1) and (2) because the defendants maintain their principal place of business within this District and the events and omissions given rise to Plaintiff's claims occurred within this District.

13. Plaintiff claims arise out of the same transactions occurrence, or series of occurrence and questions of law or fact common to all Plaintiffs will arise in the action.

14. Plaintiff Autry Lee Jones is presently incarcerated at the United States penitentiary at Pollock, Louisiana serving a sentence of two life sentence, impose by the United States District Court at Austin, Texas.

15. Defendant the United States of America-Through the Attorney General Alberto Gonzales is responsible for prosecuting all criminal case on behalf of the United States, Gonzales is responsible for formulating policy relating to enforcing the one year limitation, which Congress enacted. At all times pertinent to this case defendant the United States of America had not acted under color of law and is being sued in her official and personal

/2

capacity.

16. Defendant Condoleezza Rice is the Secretary of State, as such she is responsible for carrying out the policies of the president of the United States, relating to access to information which has been complied by the office of the Secretary of State, from this administration and prior administrations. At all times pertinent to this case Defendant Rice has not acted under color of law. She is being sued in her official and personal capacity.

17. Defendant Harvley Lappin is the Director of the Bureau of Prisons. As such he is responsible for formulating policy relating to the running of the BOP and Unicor Federal Prisons. At all times pertinent to this case Defendant Lappin has not acted under the color of law. he is being sued in his official and personal capacity.

18. Defendant Atwood is responsible for carrying out policy formulated by the Director of Corrections concerning expenditures of the Trust Fund. At all times pertinent to this case Defendant Atwood has not acted under color of law and is being sued in his official and personal capacity.

19. Defendant H. Chain is the Associate Warden of Unicor and Education. As such he is responsible for the formulating of rules and regulations for Unicor and Education and to seeing that same is complied with. At all times pertinent to this case Defendant Chain has went out side the color of law and is being sued in his official and personal capacity.

20. Defendant D. Roach is the Chief financial officer of Unicor U.S.P. Pollock, he is responsible for the formulating and

*13*

carrying out the rules for calculating inmate pay for overtime rate. At all times pertinent to this case Defendant Roach went out side the color of law and is being sued in his official and personal capacity.

## FACTUAL BACKGROUND

21. The facts of this case involve five unrelated cases in which the defendants deprived Plaintiff of his constitutional rights: One occurring on or about December 16, 1997 for which plaintiff was deprived of his right to petition; Two occurring on or about November 11, 2004 for which Plaintiff was denied his due process rights to information in the possession of Defendant Rice; Three occurring on or about February 15, 2005 for which Plaintiff was denied his due process rights to a fair UDC hearing; Four occurring on ob about February 15, 2005 for which Plaintiff was denied his due process rights by the defendants rertaliating against plaintiff and denying Plaintiff equal protection for filing an administrative remedy against unicor; Five occurring on or about August 17, 2003 for which Plaintiff was denied his Eighth Amendment right to proper medical care.

22. Plaintiff has been deprived of his First,Fifth and Eighth Amendment rights his right to petition the government by the defendant the united States implementing the one year limitation on petitioning the government.

23.Plaintiff file a FOIA request with defendant Rice, Rice refuse to comply with Title 5 § 552 and 552a of USCA.

24. Following Defendant Rice's refusal to comply with said statute Pleintiff instituted the present complaint.

*14*

25. Plaintiff file an administrative remedy with defendant Harley Lappin requesting that he replace the money which was taken form the Inmate Trust Fund for none inmate benefit, and that said defendant's never take said money again, same was denied. And that incident report number 1311704 be expunged from all of Plaintiff's files and that Plaintiff be return to the same job in Unicor with the samy pay grade and back pay for all work he was deprived of and that Plaintiff's pay be calculated by piece rate and not the hourly rate when Plaintiff is doing piece work and that Plaintiff never to be retaliated against again, same was denied.

26. Plaintiff file an administrative remedy with Defendant H. Chain requesting that he return Plaintiff to his Unicor job with no lost of pay or grade and with back pay.

27. Plaintiff file an administrative remedy requesting that Defendant Roach recalculate his pay and that Defendant Roach calculate Plaintiff's pay for piece rate when doing piece work and not by the hour, same was denied.

28. Plaintiff file an administrative remedy requesting that defendant McGovan's decision of the UDC hearing be reversed, for Plaintiff had not been placed on notice that he could not use count slips to prove his allegations in his B.P. 8, and that he was denied equal protection and due process. Same was denied.

29. Plaintiff file an administrative remedy requesting that defendant Lair's decision of the hearing be reversed for Plaintiff had not been placed on notice that he could not use said count slips to prove his allegations in his 8, and that he was denied equal protection and due process. Same was denied.

/5

30. Plaintiff file an administrative remedy requesting that the incident report which Defendant D. Dixon wrote be expunged and that Defendant Dixon stop retaliating against Plaintiff, Same was denied.

31. Plaintiff file an administrative remedy requesting that Defendant Flattery have the correct test performed to determine what cause the pain in Plaintiff's back, Plaintiff receive the results of the X rays which showed that Plaintiff has a large spurring on the left saraspinal area at Ll-L2, yet the defendant refuse to correct same.

FIRST CLAIM FOR RELIEF VIOLATION OF THE FIRST AMENDMENT

32. Plaintiff repeats and alleges the foregoing paragraphs as though fully set forth herein.

33. By refusing to allow Plaintiff to petition the courts and have his petition heard on the merits which could prove Plaintiff was not in possession of cocaine base, Defendants have deprived Plaintiff of his First Amendment right.

SECOND CLAIM FOR RELIEF ACTUAL INNOCENCE

34. Plaintiff repeats and alleges the foregoing paragraphs as though fully set forth herein.

35. By refusing to allow Plaintiff to petition the courts and have same heard on the merits, Defendants have deprived Plaintiff of the opportunity to make a conclusive showing that he is innocent of the punishment for which he is currently serving, in violation of the due process clause of the Fifth Amendment.

THIRD CLAIM FOR RELIEF DUE PRICESS

36. Plaintiff repeats and alleges the following paragraphs as

16

though fully set forth herein.

37. By refusing to comply with Title 5 § 552 and 552a of USCA and give Plaintiff the information on discrimination in the United States Justice system, Defendant Rice has deprived Plaintiff of due process of law.

FORTH CLAIM FOR RELIEF EQUAL PROTECTION & DUE PROCESS

39. By Defendant Lappin refusing to treat Plaintiff as other inmates was treated concerning the count slips Lappin deprived Plaintiff of equal protection.

40. By Defendant Lappin refusing to put Plaintiff on notice as to what Plaintiff could not do with said slips deprived Plaintiff of due process, and filing an incident report on Plaintiff for using said slips cause Plaintiff to be retaliated against and is a denial of due process.

FIFTH CLAIM FOR RELIEF DUE PROCESS

41. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

42. By refusing to stop spending money from the Inmate Trust Fund for none inmate concerns, The taking of Plaintiff's money and the manner in which Defendants Lappin calculated said overtime piece rate pay, the refusal of Defendant's to present Plaintiff with the evidence of the phone call of his UDC hearing deprived Plaintiff of due process and the refusal to put Plaintiff on notice concerning the count slips deprived Plaintiff of due process.

SIXTH CLAIM FOR RELIEF DUE PROCESS

43. Plaintiff repeats and alleges the following paragraphs as

*17*

though fully set forth herein.

44. By refusing to direct defendant Chain to calculate Plaintiff's over time pay with out the hourly rate to refrain from retaliating against Plaintiff, deprived Plaintiff of due process and equal protection.

### SEVENTH CLAIM FOR RELIEF DUE PROCESS

45. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

46. By refusal of Defendant Chain to direct Defendant Roach to calculate Plaintiff's overtime pay without the hourly rate and calculate same by the piece rate only deprive Plaintiff of due process of law.

### EIGHTH CLAIM FOR RELIEF EIGHTH AMENDMENT VIOLATION

47. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

48. By refusal of Defendant McGowan to allow Plaintiff to rebut the testimony which was given to him from the phone call which was made to Chain and failure to put Plaintiff on notice as to what he could not do with said documents deprived Plaintiff of due process of law and equal protection.

### NINTH CLAIM FOR RELIEF DUE PROCESS

49.Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

50. By refusal of Defendant Lair to allow Plaintiff to rebut the testimony which was given to him from the phone call which was made to Chain and failure to put Plaintiff on notice as to what he could not do with said documents deprived Plaintiff of due process

*19*

of law and equal protection.

TENTH CLAIM FOR RELIEF

51. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

52. By refusal of Defendant Roach to calculate Plaintiff's overtime pay without the hourly rate and calculate same by piece rate only deprive Plaintiff of due process of law.

ELEVENTH CLAIM FOR RELIEF DUE PROCESS

53. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

54. By refusal of Defendant Dixon to put Plaintiff on notice as to what he could not do with the out count slips after same was given to Plaintiff by the defendants, and retaliating against Plaintiff for filing an administrative remedy deprived Plaintiff of due process and equal protection of law.

TWELFTH CLAIM FOR RELIEF VIOLATION OF THE 8th AMENDMENT

55. Plaintiff repeats and alleges the following paragraphs as though fully set forth herein.

56. By showing indifference to Plaintiff's medical needs and refusing to correct the spurring in Plaintiff's back and refusal of Defendant to treat Plaintiff for hepatitis C violate Plaintiff's Eighth Amendment right.

WHEREFORE, Plaintiff Autry Lee Jones prays for judgment as follows:

(1) To be paid back pay from the first month the overtime work started in Unicor U.S.P. Pollock, to the final judgment of this complaint, with interest.

19

(2) To calculate Plaintiff's pay by the piece rate only when Plaintiff do piece work.

(3) To pay Plaintiff for each day for the days he did not work, because he was wrongfully fired including all overtime.

(4) To give Plaintiff all grade promotions he would have receive had he not been fired and that he keep the bundle makers job as the persons who had the job and first grade after Plaintiff was fired.

(5) Allow Plaintiff to petition the court for redress of grievance.

(6) For defendant Lappin and Atwood to replace all money which they spent from the Inmate Trust Fund which did not benefit the inmate population as a whole, with interest, and to decrease the phone rate from .23¢ per minute to .07¢ per minute.

(7) For Defendant Lappin to expunge incident kreport number 1311704, from all of Plaintiff's file's.

(8) Cause each defendant to perform 9.000 hours of community service and pay all court cost.

(9) Such other relief as this court deem just and proper.

(10) That Defendant Rice produce the manner in which the government has determine how to stop the discrimination in the United States Justice system, if any and if no decision has been made as to how to stop same  and why there has been no remedy to stop same.

(11) To cause Defendant Chain, Roach, Dixon, McGowan, And lair to pay Plaintiff $9.999.99, for retaliating against

Plaintiff.

(12) A trial on all issues in this matter.

RESPECTFULLY SUBMITTED

/S/ _[signature]_
Autry Lee Jones

CERTIFICATE OF MAILING

I hereby certify under the penalty of perjury that on the 16 day of February 2008 I mail a copy of the foregoing Amended Complaint and a copy of Plaintiff's Opposition to Defendant's Motion to reconsider Plaintiff's forma pauperis status to attorney of record Mr. Brian P. Hudak Assistant United States Attorney at 555 4th Street, NW Washington, DC 20530 by placing a copy of same in the hands of the stamp distribution room at FCI Otisville, New York P.O. Box 1000 zip code 10963.

RESPECTFULLY SUBMITTED

_[signature]_
Mr. Autry Lee Jones

21