UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.



Autry Lee Jones
        Plaintiff

                                    NO. 0-6-0621(RWR)

v.


United States of America,through
the Department of Justice,et al.,
        Defendant's


PLAINTIFF"S REPLY TO DEFENDANT'S MOTION
DISMISS PLAINTIFF'S AMENDED COMPLAINT AND FOR
SUMMARY JUDGMENT AND TO TRANSFER

Plaintiff Autry Lee Jones brings this action against Defendants the United States of America, et al., that said defendants violated his constitutional rights and that this mater is brought by way of the First fifth and Eighth Amendment of the United States Constitution Restatement (second) of Trusts §§ 199-200 and Washington v. reno 35 F.3d 1093 (6th Cir 1994).

Wherefore Plaintiff moves this court to deny the defendant's Motion to Dismiss and for Summary Judgment.

In support Plaintiff will refer the court to his memorandum of points and law.

Plaintiff incorporate same by reference herein Plaintiff's statement of Material Facts ass to which there is a Genuine issue of material facts that is at issue, which Plaintiff submitted with his response to the Defendant's original motions to dismiss and for Summary Judgment which was mail on or about February 15, 2007 and the exhibits to said reply.

                              RESPECTFULLY SUBMITED

                              /S/ _____
                              Autry Lee Jones

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
            Plaintiff


v.                                          NO. 06-0621(RWR)


United States of  America, through the
through the Department of
Justice, et al.,
            Defendant's

PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT OR TRANSFER

Plaintiff Autry Lee Jones, a pro se prisoner, brings this
action against Defendants the United States of America, Harley
Lappin, Michael Atwood, H. Chain, D. Roach, D. Dixon, D. Lair,
R. McGowan, J. Flattery and Condoleezza Rice alleging that the
above defendants violated Plaintiff's Constitutional rights.

Plaintiff respectfully request that Defendants Motion to
dismiss pursuant to Federal Rules of Civil Pricedure R. 12(b)(
1),(2),(3),(5),and  (6) be denied for the defendant can not
carry their burden.

As to deffendants motion for Summary Judgment Plaintiff
will show that not only is there a genuine issue of material
fact which prevent a judgment as a matter of law but that
defendants own motion shows that there is ussues of material
facts which prevents the granting of said motion.

)

2

Plaintiff incorporate by reference herein Plaintiff's statement of Material Facts as to which there is no genuine dispute, submitted with his Reply to Defendants original Motion to Dismiss and for Summary Judgment.

RESPECTFULLY SUBMITTED

/S/

Autry Lee Jones

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
      Plaintiff

v.                                              NO. 06-0621(RWR)

United States of America
through the Department of
Justice, et al.,
      Defendant's

## PRELIMINARY STATEMENT

Plaintiff Autry Lee Jones brings this action against the above defendants for violation of his First,Fifth and Eighth Amendment rights and that the First and Fifth Amendment authorize Plaintiff to bring this suit.

Plaintiff do not seek relief from the judgment of A-90-Cr-177(1)(JRN).

No where in Plaintiff's Complaint do he request that said judgment be reversed. In fact this court has the same jurisdiction as the u.S. District Court at Austin, Texas and one can not reverse what the other has done, not even the Court of Appeals for teh D.C. Circuit has the authority to recverse A-90-CR-177(1)(JRN), that can only be done by the District Court at Austin, the Fifth Circuit or the United States Supreme Court.

Plaintiff do request this court to exercise it jurisdiction to declare that the one year limitation violates

.

*4*

the First Amendment's right to petition.

The evidence will show that defendant Rice violated the FOIA, that BOP Defendants violated Plaintiff's First Fifth and Eighth Amendment rights.

When Plaintiff file an administrative remedy concerning the manner in which his overtime pay was calculated he was given an incident report and fired, another inmate admitted to having said slips he was not written up, Plaintiff was denied medical care in violation of the eighth Amendment, Defendant's spent money from the Trust Fund in violation of the terms of the trust.

the onbly way a deffendant in any capacity has immunity is when preforming their duty and that in so doing do not violate the law, for once the law is violated all immunity is lost.

This court has personal jurisdiction over defendant's Chain, roach, Dixon, Lair, McGowan and Flttery, for their instructions came from the District of Columbia.

Plaintiff avers that venue is proper in this court because all BOP deffendant's under took their instructions from BOP Administrators while said administrators was stationed in the District of Columbia, See exhibit _5_ of Plaintiff's original reply to Defendants original Motion to Dismiss.

Further if this was a drug conspiracy and one of the defendants never left the District of Columbia but the drugs

was sole in another state this court would have jurisdiction over the people who never came to the District.

When Plaintiff file his amended Complaint on the face of said Complaint was the address of all the defendants Further Plaintiff renewed his Motion to serve the Defendant's and Plaintiff submitted the marshals forms which had all the information needed to serve said defendants.

No person within the United States is entitle to immunity unless on the floor of the united States Congress or in the course of doing legal business for a member of the Congress.

Assuming Arguendo that the issue of the one year limitation has been rejected on a number of occasions, no case has stated that the Congress has the authority to institute an Act which violate the First Amendment.

Plaintiff has a constitutional right to be free from retaliation for filing administrative remedies, Plaintiff has the right to compel the defendants to comply with Title 18 U.S.C. § 4126 and CFR § 345.50 through 345.67. Plaintiff has an right by way of Restatement of Trust §§ 199-200, Plainitff has an Eighth Amendment right to receive medical care. Defendant's deprived plaintiff of his Fifth Amendment rights when the UDC hearing use evidence which plaintiff was not allowed to rebut.

When another inmate stated in writing that he had said slips and was not given an incident report same constituted an equal protection violation see exhibit 3 id.

6

Defendant's hindered Plaintiff from knowing the procedures he must use to exhaust administrative remedies concerning FOIA request, for counselor for the Defendant had to send Plaintiff a copy of the CFR which tells one what needs to be done to exhaust administrative remedies and where to mail semd,see exhibit NZ.

There is a case in controversy between plaintiff and the Defendant's concerning what they purchase with said funds. See exhibit 10 of Plaintiff's original reply to Defendants Motion to Dismiss and Summary Judgment.

The Facts of this case will show that there is a number of genuine issues of material facts which needs to be resolved, see Plaintiff's reply to Defendant's Motion for Summary Judgment which was submitted with plaintiff's original reply to said Motion.

under the Constitution this court has jurisdiction of this Complaint because same is file against the United States of America and agents of the united States.

<u>SUMMARY OF THE ALLEGATIONS</u>

1. On April 3, 2006 Plaiantiff file a Motion to Amend his original Complaint of April 3, 2004. No where in plaintiff's original or Amended Complaint do Plaintiff seek to challegen his conviction or sentence, The allegation which counselor makes concerningPlaintiff's First Amendment is factually untrue.

2. The State Department sign for certified mail ,therefore the Defendant should have answered it or return it like other government agencies.

1

3. Defendant lappin, McGowan, Lair, Dixon and Chain refuse to bring an incident report against Howard Wilder # 30502-007 when he sign an affidavit against his interest see exhibit # 3. of Plaintiff's original reply.

until plaintiff file an administrative remedy concerning his overtime pay and not being allowed to work overtime, there was no incident report wherefore it is evident that Plaintiff was retaliated against for exercising his First Amendment right.

Lappin and Atwood spent money from said fund for among other things Profit Sharing.

Flattery refuse to give Plaintiff medical care when he knew that plaintiff had hepatitis C and that according to X rays had bone spurring see exhibit D.

Defendant's statement concerning Plaintiff's remedies is correct except that Defendant's claim that Plaintiff request that the Defendant's perform (9) hours of community service when plaintiff requested that all defendant's do 9.000 hours of said service.

PLAINTIFF'S REPLY TO DEFENDANTS BACKGROUND STATEMENT OF FACTS

Plaintiff hereby incorporate by reference Plaintiff's statement of Material Facts as to which there is a genuine issue which is in dispute, submitted with Plaintiff's original reply to Defendant's original Motion for Summary Judgment which was mail on December 5, 2007 and Statement of genuine issues of Material Facts which is in dispute submitted with Plaiantiff's original answer to Defendant's Motion for Summary Judgment.

*8*

PLAINTIFF'S REPLY TO DEFENDANT'S PROCEDURAL HISTORY

A. Plaintiff's conviction in 1991 is irrelevant, the fact that Plaintiff was convicted has nothing to do with 06-0621(RWR).

Plaintiff has not moved this court to entertain any issue which would reverse or vacate the judgment in the 1991 conviction.

The procedural history of this matter is that Plaintiff file this matter on April 4, 2006 against the above name defendants. Plaintiff paid the filing fee on or about April 4, 2006, the Court on June 6, 2006 inform Plaintiff that the filing fee had been changed from $ 250.00 to $ 350.00 and that Plaintiff needed to submit more finacial information.

On August 4, 2006 additional financial information along with $100.00 was submitted.

PLAINTIFF'S REPLY TO B. OF DEFENDANT'S PROCEDURAL HISTORY
CONCERNING ATTEMPTED TO CHALLENGE HIS CONVICTION

Defendant's statement in paragraph one of B. of Procedural History is true.

At paragraph two of B, concerning Defendant's Procedural History, it is true that Plaintiff file a number of petitions in court but the only ones which challenge his convictions was either a 2255 or 2241.

PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT CONCERNING
#POSSESSION OF OUT COUNT SLIPS

Defendant's stretch the fact that Plaintiff submitted said slips along with his administrative remedy, Plaintiff

9

submitted same to show that the Administritive retaliated against him, wherefore the Defendant could not have found what was handed to Dixon by Plaintiff. It is significant to point out that the only purpose Plaintiff had for said slips was to prove his allegations in his administrative remedy.

At Paragraph two of Defendant's out count slip argument same claim\ that out count slips is official forms which is generated by the BOP computerized system. Plaintiff would point this court to exhibit $5$ of his original response to Defendant's original Motion for Summary Judgment which is a callout which allows prison staff to know and locate inmates in a specific area of the prison, for doing the day the jBOP conduct what is called a lock down census count the staff conducting said count has the call out so he can know who,what and where concerning all inmates in that unit or place, for if an inmate is found in an unauthorized place doing said census he can be written up.

Defendants claim that prisoners are not allowed to prepare said slips, but thats who prepare said slips, the clerks in Unicor office who in turn either bring same to the floor or some clerk from either line go up satirs to obtain same and bring them to the floor and past them out to each line and post them on the bulletin board and throw the prior ones in the trash.

Defendants go's to great length to show how and why the BOP don't want inmates to possess said slips, claiming that inmates could fill out blank forms or alter the existing one to conceal an excape.

When looking at Plaintiff exhibit $7$ if one wanted to alter this form it could be done so it could be use as the Defendant has allege, further if these forms is of such high

10

a high security concern how would an inmate obtain a blank form
other than being given to Plaintiff by staff or by the inmate
clerk, Further when Plaintiff arrived at Otisville said forms
was just laying around see exhibit __7__ of Plaintiff's original
reply to Defendant's original Motion to Dismiss and for summary
Judgment.

### PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT THAT PLAINTIFF WAS GIVEN AN OPPORTUNITY TO BE HEARD

At paragraph one of C, page 8 it states that Plaintiff was
issued a 305 incident report for possession of anything not
authorized for retention or receipt by Plaintiff and that was
not issued to Plaintiff through regular channels, same was given
to Plaintiff through regular channels for the clerk gave same to
all inmates or throw same in the trzash or staff gave same to
Plaintiff.

Defendant's statement fail to show that Defendant's McGowan
and Lair fail to allow Plaintiff to rebut the phone call which
the jUDC made to Defendant H. Chain see Plaintiff's reply to
Defendant's original Motion for Summary Judgment.

### PLAINTIFF'S REPLY TO PART D. OF DEFENDANT'S ARGUMENT CONCERNING PLAINTIFF'S RE-EMPLOYMENT

Defendant is correct at paragraph 1 of D. but what
Defendant fail to state is that Defendant Chain got Plaintiff
fired claiming that all Plaintiff wanted to do is file and thats
what got Plaintiff ffired from Unicor.

### PLAINTIFF'S REPLY TO PART IV OF THE DEFENDANT'S ARGUMENT CONCERNING PLAINTIFF'S OVERTIME PAY.

//

At paragraph two of IV 1Defendant claim that Plaintiff was paid regular wages, jthis is true Plaintiff was paid regular wages when jPlaintiff was suppose to be paid by the piece.

The manner in which Plaintiff's pay was claculated constutes a fraud, for Defendant's has attempted to conceal the true manner in which said pay must be calculated.

Defendant claim of calculating Plaintiff's pay can not be done when Plaintiff work on a weekend, wherefore same do not work for a weekday, see Program Statement 8570.01 and Plaintiff's original reply to Defendant's original Motion to Dismiss and for Summary Judgment.

Exhibit __8__ of Plaintiff's reply to Defendant's original Motion for summary judgment shows that the Defendant's respond to Plaintiff's original Complaint shows that Plaintiff's pay was incorrectly calculated.

PLAINTIFF'S REPLY TO DEFENDANT'S ARGUMENT CONCERNING
TRUST FUND EXPENDITURES

Defendant's claim that Plaintiff's unsupported conclusory alletations that Trust Fund money was impermissible spent is untenable.

Unless Defendant show how and why same is untanable at some part in this Motion the court should rule that his statement at V of page 10 do not support his conclusory statement that Plaintiff allegation about the Trust Fund is untenabe.

Exhibit __10__ of Plaintiff's reply to Defendant's original Motion shows that Defendant's spent money from said fund in violation of the Trust.

PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT CONCERNING
MEDICAL CARE

Plaintiff avers that Defendant Flattery did nothing to stop said pain, see Plaintiff's genuine issue of material facts which is in dispute at NO. 59 of his original reply, nor did Flattery attempt to correct said bone spurring see 58 of issues of facts in dispute or treat Plaintiff for hepatitis C which he has known Plaintiff has, see Amended Complaint. Further Defendant's has submitted a number of exhibits yet they fail to submit the call out for the day they claim Plaintiff fail to appear for his appointment at the hospital, for Plaintiff was not on call out for that day Plaintiff submitted same to Defendant see exhibit P of this motion

### PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT CONCERNING PLAINTIFF'S FOIA REQUEST

Plaintiff mail exhibit 1 of his original Complaint Colin Powell was no longer the Secretary, so Plaintiff file on Rice.

Defendant claims that jState never receive an FOIA from Plaintiff, Plaintiff avers that the Secretary of state is the Department of State.

Further the Defendant attempts to hide behind the facat that Plaiantiff fail to comply with State Department rules in requesting FOIA'S from State.

This argument must fail for no law Library in the BOP is required to carry § 171.2(b) of the CFR, therefore none do and section 171.2(b) of the CFR which informs a person how to submit a FOIA request of State was unavailable to Plaintiff because of the BOP.

Plaintiff obtain a copy of said section after he learn of said section from Ms. Sherease Louis when she stated in the Defendant's original Motion for Summary Judgment, Plaintiff submitted a request to staff on _7 / 5 /07_ and was given a copy of same and Assistant U.S.A sent Plaintiff a copy of said section see hereto attached as exhibit (i) of this reply. Wherefore by the BOP not being required to carry said section of the CFR, Plaintiff can not be held to comply with same for the BOP (Government) impeded Plaintiff's attempt to comply with same.

Plaintiff in corporate all of the statements he has made in this reply to Defendant's Motion to Dismiss and Summary Judgment by reference to same Plaintiff's answer to Defendant's original Motion to Dismiss and Motion For Summary Judgment.

PLAINTIFF'S ARGUMENT TO DEFENDANT'S ARGUMENT
OF RELEVANT LEGAL STANDARDS.

Plaintiff avers that what governs whether a federal Defendant has sovereign immunity is whether the person seeking immunity has not violated the law. For once a government employee breaks the law there is no immunity.

Defendant's has made a broad assertion that because the defendants is government employees and money damages is sought that they has immunity when ever a person goes out side of their authority or the manner in which said authority is exercised ise unconstitutionally void preclude the employee from having immunity, Izaak Walton League of America v. St. Clair, 313 F.S.

1312, citing Malone v. Bowdoin, 369 US 646, 82 S.Ct. 980,983, 8 L.Ed 2d 168 (1962).

Defendant's claim lack of subject matter jurisdiction in other words the Defendants claims that 28 USCA § 1331, nor the United States Constitution confers subject matter jurisdiction upon this court.

The definition of federal question jurisdiction as stated in Black's Law Dictionary Eighth Edition at 869 states The exercise of federal-court power over claims arising under the U.S. Constitution, an act of Congress, or a treaty. 28 USCA § 1331. Subject Matter jurisdiction, Jurisdiction over the nature of the case and the type of relief sought, the extent to which a court can rule on the conduct of persons or the status of things.

For the Defendant to make a conclusory statement that this court fail to have subject matter jurisdiction of this case is insufficient, Defendant must show what cause the court not to have same.

All of Plaintiff's claims arises under the Constitution, Plaintiff's due process, equal protection and Eighth Amendment claims fall under plaintiff's constitutional rights.

Defendants would have this court dismiss defendant rice because she allege that Plaintiff fail to exhaust administrative remedies, jPlaintiff can not be held to exhaust administrative remedies when the government impedes his efforts to read the rules see exhibit _i_.

15

In the rest of  Defendant's motion under Rule 12(b)(1) Defendant's is seeking a dismissal as to cause of action and in gerneral same cannot be dismissed in absence of a federal cause of action Garcip v. Colpenhaver, Bell and Associates, M.Dis. 104 F.3d 1256(11th Cir.1997).

Plaintiff   cause  of   action  is   the   United   States Constitution.

Teh exception to this rule is narrowly drawn, and are intended to allow jurisdictional dismissal only in those cases where the federal claim is clearly immaterial or insubstantial.

Defendant's claim for dismissal jbased on standing is frivolous based on Defendant's use of Washington v. Reno, 35 F.3d 1096 (6th Cir.1994), Reno states that any beneficiary has standing.

A frivolous defense is defined as having no basis in fact or law see Blacks at 451 Eighth Editon.

Plaintiff was deprived of money by the Defendants spending money from said fund in violation of the trust, which cause the Defendant to increase the phone rate to .23¢ per minute, same constituted a legally protected right see Washington, Further had the phone rate not been increased said fund would have become insolvent. the terms of the trust states that any beneficiary has the right to maintain a suit against the trustee.

Had Defendant's acted lawfully said fund would not been on the brink of insolvent. Were this court to rule that Plaintiff have standing most likely Plaintiff will receive his money back.

Since the original filing of this complaint the defendant's has continually raised the prices in the Commissary and has continually taken jmoney from said fund, which shows that the defendant is causing Plaintiff to finance the BOP.

Where this court to rule that the Defendant's must replace said money and reduce the amount it cost to use the phone and directly order the Defendant's never to violate the terms of the would give Plaintiff the redressabality he so deserve.

PLAINTIFF'S REPLY TO DEFENDANT'S CLAIM OF LACK OF
PERSONAL JURISDICTION

This court ordeered the Marshals service to serve the Defendant's who's address Plaintiff had given to the court, see docket sheet # _8. 8f 10/31/08_

Further the Supreme Court has consistenly rejected the notion that an absence of physical contacts can defeat personal jurisdiction there Mwant v. Bin Laden,417 F.3d 1(D.C.Cir 2005).

Defendants herein took orders from the BOP to deprive Plaintiff of his constitutional rights to petition the court after the defendants retaliated against Plaiantiff after said defendant's deprived Plaintiff of due procedsd and equal protection at the UDC hearing.

PLAINTIFF'S REPLY TO DEFENDANT'S IMPROPER VENUE

Venue is proper in this court because a substantial part of the events or ommissions giving rise to the claims occured in the District of Columbia. see exhibit 21 at page 1 of Plaintiff's reply to Defendants Summary Judgment Motion.

The CDongress, Director of the BOP Chief Trust Fund officer and Rice all reside in the District, The above defendants sent

orders to the rest of the defendants to deprive Plaintiff of his rights to petition the government, To spend money from the Trust Fund which violated the terms of the Trust, To retaliate against plaintiff. Defendant's Lappin and Atwood ordered Defendant roach to calculate Plaintiff's pay for piece work in a fuaudulent maner, Lappin,Atwood and Roach intended to induce Plaintiff to manifest his assent in working for piece rate knowing that Plaintiff would not be paid at piece rate. Deffendants knwe that knew that Plaintiff would not be paid at piece rate.

Told Defendants lair and McGowan to with hold evidence from Plaintiff so Plaintiff would not be able to rebut said evidence.

Plaintiff request that if this court fine that venue do not lie in the District that the COMPLETE case be transferred to the Western District of Louisiana.

PLAINTIFF'S REPLY TO DEFENDANT'S INSUFFICIENT SERVICE
OF PROCESS
Defendant's claim that they was not properly served. It makes no difference as to how the Defendant is served so long as same is served and by Defendant's claiming that same was not properly served shows that the Defendant's was served and thats all that Rule 4 requires.

Further the court granted Plaintiff leave to proceed in forma pauparies and therefore the Marhshals was charges to serve said Defendants and therefore Plaintiff is entitle to rely upon service by teh U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, see Rochon v. Dawson, 828 F.2d 1107 at (1)

REPLY TO DEFENDANT'S FAILURE TO STATE A CLAIM

Defendants claim that Plaintiff fail to state a claim which relief can be granted. Defendants statement is legally and factually untrue. Plaintiff states a claim for relief under the First Amendment when Plaintiff shows that he has been deprived of his right to petition the Courts.

Plaintiff allege that Defendants retaliated against him for filing the administrative remedies, that violated the 1 th Amendment.

Plaintiff allege that Defendants refuse to allow Plaintiff the opportunity to rebut the information received over the phone doing UDC deliberations.

When inmate Howard Wilder, Jr. 30502-007 stated that he had in his possession said slips yet the Defendants refuse to write an incident report on him,and the cameras in the factory shows staff gives same to Wilder and other inmates, yet Plaintiff has been denied discover to prove same, this violates the 5 th Amendment.

Defendants took Plaintiff's money in violation of the terms of the Trust and in violation of CFR 345.50.and 18 U.S.C.A § 4126(4).

Plaintiff stated a claim for relief by showing that the State Department refuse to produce the records concerning the Governments actions to correct the discrimination against Blacks which was concluded that it is discrimination against Blacks according to the State Department's study.

Plaintiff stated a claim for relief when he alleged a

violation of his 8 th Amendment right.

Whether an action arises under federal law, and thus comes within federal question jurisdiction, courts is governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint.

Which means legal issue involving the interpretation and application of the United States Constitution.

Federal law means that body of law consisting of the United States Constitution.

Plaintiff avers that his First, Fifth and Eighth Amendment rights was violated which is constitutional rights and involved federal questions and federal law therefore same states subject matter jurisdiction on the face of the original and Amended Complaint, Mich. Southern R.R. Co.v. Branch & St. Joseph, 287 F.3d 568 (6th Cir.2002).

Defendant must show that their conduct is not actionable under the Constitutional.

The test is whether Plaintiff's claims is so patently without merit as to justify the court's dismissal for want of jurisdiction, if the Court fine that same is not frivolous or patently without merit and the challenge is to the existence of a federal cause of action, the proper course for the Court is to fine that jurisdiction exists and deal with the objection as a direct attack on the merits of Plaintiff's case. Williamson

v, Tucker, 645 F.2d 404 (5th Cir.).

Defendant claim that under Federal Rule of Civil Procedure R. 12(b)(1) the court should dismiss this matter.

In that case Plaintiff only need show that the complaint alleges a claim under federal law and that the claim is substantial.

No prior decisions inescapably rendered Plaintiff's claims of First,Fifth and Eighth Amendment frivolous. and therefore this court has jurisdiction Musson Theatrical, Inc. jv. Federal Express Corp. 89 f.3d 1244 (6th Cir. 1996).

It has long been established that a prisoner can not be punished for exercising his constitutional rights, such as to petition the court or the Administration to seek redress of a grievous wrong, Fifth Amendment right of due process when same turn on whether the Defendant retaliated against Plaintiff because he exercised his constitutional right, his Eighth Amendment right of medical care free of indifference.

That Defendant must comply with CFR 345.50 and Policy Statement 8570.01(b).

PLAINTIFF'S RESPOND TO DEFENDANT'S SUMMARY JUDGMENT ISSUE
AT PAGE 16
Plaintiff presents for more than a scintilla of evidence concerning the claims in his complaint as to whether said complaint is colorable, Plaintiff do not attempt to deceive the court or the Defendants every claim that Plaintiff has put foward is the whole truth and nothing but the truth. It is the Defendant who seeks to deceive this court.

Whether there is genuine issues of material facts which need to be resolved in this case,Plaintiff will point this court

to his original response to Defendant's original Motion to Dismiss and for Summary Judgment and Plaintiff's original Affidavit.

PLAINTIFF'S ARGUMENT CONCERNING DEFENDANT'S GENERAL ARGUMENTS FOR DISMISSAL

Defendant's has no immunity when it is shown that same has violated the law. For in our country no man is above the law. See Plaintiff's response to Defendant's original Motion for Dismissal and for Summary Judgment, which Plaiantiff respectfully refers the Court to and submits same by reference.

Further Congress can be sued is no longer an open question. Plaintiff do not seek money from the U.S. Treasury, and if there is in any way some part of Plaintiff's Complaint one might construe that Plaintiff is seeking money from the Congress because it passed the 1 year limitation, Plaintiff at this time give notice that that is and never has been his intent.

Whether a law passed by Congress can be ruled unconstitutional can clearly be seen from the case of U.S. v. Booker 543 US 220, 160 L.Ed 2d 621, 125 S.Ct. 738 (2005), The Supreme Court rule that certain parts of the U.S.S.G was unconstitutional.

Wherefore any statute which a court in this country is asked to rule on can rule that that statute is all or part unconstitutional.

REPLY TO DEFENDANT'S SOVEREIGN IMMUNITY

Plaintiff avers that the Congress did not have the

authority to implement the one year limitation

REPLY TO DEFENDANT'S SOVEREIGN IMMUNITY

Plaintiff avers that the Congress did not have the authority to implement the one year limitation, it is Plaintiff's contention that no act and/or statute of Congress can authorize a violation of the Constitution U.S. v. Santos-Pinon, 146 F.3d 734 (9th Cir 1998) at (2).

In essence the Defendant's argues that Congress has amended the Constitution. To state the position is to refute it, becaues Congress can not authorize by legislation what the Constitution forbids|| Marbury v. Madison, 5 US 87, 1 Cranch 137, 2 L.Ed 60 (1803).

Plaintiff has never stated nor claim that the Congress must pay him money. Plaintiff ask this Court to rule that the one year limitation is unconstitutional and that the Congress over stepped its constitutional authority.

As for the Defendants of the BOP because they violated the law they fail to have immunity of any kind, because the defendants acted in a constitutional void manner Larson v. Domestic & Foreign Commerce (1949) 337 US 682, 93 L Ed 1628, 69 S.Ct. 1457.

Because the suit is against the BOP and its employees for acts in excess of their authority the suit is not against the United States because said employees went beyond the authority given to them by statute in violating Plaintiff's First and Fifth and Eighth Amendment rights|| nor did Plaintiff sue the Defendants for taking of his land but rather for the denial of his constitutional rights.

23

If the defendants is claiming that the sovereign the U.S. Congress can not be sued for violating Plaintiff's constitutional rights then any law which the Congress pass whether it violated the Constitution or not would be coonstitutional, yet the jurisprudence in the field states that what can not be done directly because of constitutional restrictions can not be accomplished indirectly be legislation Brimmer v. Rebman, 138 U.S. 78, 11 S.Ct. 213, 34 L.ED 832.

The Defendants is arguing sovereign immunity for the Congress and the BOP Defendants. Plaintiff avers that neither has immunity for where a statute or BOP P.S. is incompatible with the Constitution the statute or Policy Statement most give way to the Constitution. Powell v. Pennsylvania, 127 US 678, 8 S.Ct. 992, 25 L.Ed 253.

REPLY TO DEFENDANT'S CLAIM OF LACK OF PERSONAL JURISDICTION
The Defendant claims that the Court lacks personal jurisdiction over the above Defendant's because said Defendant's do not reside in the District of Columbia, In David J. Gorman v. Ameritreade Holding Corporation and Freetrade. Com. 293 F.3d 506 Judge Garland circuit judge stated, "Cyberspace" is not a kingdom floating in the mysterious ether, immune from the jurisdiction of earthly courts. That courts of the District of Columbia may assert general jurisdiction over a defendant that is doing  business in the District through the medium of the internet.

The Defendants business contacts with the form is contiunous and systematic for on a daily bases said defendants

24

obtains goods and instructions from the form and same must report the count and send all B.P. elevens to the form. Perkins v. Bendquct Consol. Mining Co. 342 U.S. 437, 72 S.Ct. 413, 96 L Ed 485.

Further courts have held that transactions by mail and telephone could be the basis for personal jurisdiction, Gorman supra.

REPLY TO DEFENDANT CLAIM OF IMPROPER VENUE AT PAGE 19

Defendants claim concerning venue at page 19 section C. paragraph 1 states that a claim may be brought in any jurisdiction where any defendant resides.

Plaintiff avers that since the defendants Lappin and Atwood reside in the District of Columbia that the applicable venue statue in question allows this action to be brought n the District of Columbia.

Further since Plaintiff sued said Defendants in their official capacities the jurisdiction of this court is proper, because Plaintiff is suing Defendants in both capacities. Thornbery v. Federal Bureau of Prisons 535 F.S. 2d 154 at (3).

Further 28 USCA § 1391(b)(1) states that a suit may be brough in a judicial district where any defendant resides.

25

REPLY TO FAILURE TO PROPERLY SERVE INDIVIDUAL DEFENDANT'S

In Mwani v. Bin Laden, 417 F.3d 1,(D.C.Cir. 2005), when the Defendant has named some other state in which this matter could proceed naming of a more appropriate state amounts to consent to personal jurisdiction.

Further this court on or about 8/8/06 allowed Plaintiff to proceed in forma pauperis, there after on or about June 20, 2007 Plaintiff requested the Court to order the Marshals to serve said Defendants.

On October 31, 2006 the Court denied as moot Plaintiff's Motion to serve.

On or about February 26, 2008 Plaintiff file his Amended Complaint and Motion to renew service by the marshals. Since this Court originally granted Plaintiff's request to have the Marshals serve Defendants which was granted by this Court on October 31, 2006 and by this Court not informing Plaintiff that said order to serve and/or Plaintiff's renewed request for service has not been denied, Plaintiff has no reason to believe that the Marshals has fail to serve Defendants.

Since this court has not informed Plaintiff that his in forma pauperis status has been revoked Plaintiff is dependent on the Marshal's service to effectively serve Defendants Rochon v. Dawson, 828 f.2d 1107.

REPLY TO DEFENDANT'S QUALIFIED IMMUNITY ARGUMENT AT PAGE 20

The individual Defendants herein do not have any immunity as set out in Plaintiff's reply to Defendants part II General Arguments for Dismissal, A. The doctrine of sovereign immunity bars Plaintiff's claims.

As for as Defendants claim that Plaintiff has fail to state a claim upon which relief can be granted, Plaintiff allege that he was denied his First Amendment right which goes back as for as 1969 when the Supreme Court delivered Johnson v. Avery 393 US 483, 21 L.Ed 2d 718, 89 S.Ct. 747.

whether Plaintiff has the right not to be retaliated against is cited in Woods v. Scott 60 F.3d 1161 (5th Cir.1995) and Hale v. townley 19 F.3d 1068 (5th Cir.1994)

The case of Wolff v. McDonnell (1974) 418 U.S. 539, 41 L.Ed 2d 935, 94 S.Cst. 2963 gives Plaintiff the right to due process.

The case of Estelle v. Gamble (1976) 429 uS 97, 50 L.ED 2d 251, 97 S.Ct. 285 give Plaiantiff an Eighth Amendment right concerning Medsical care.

Plaintiff's allegations state a claim of violation of clearly establish constitutional law, when Plaintiff stated that his right to petition the courts was violated that he was denied his right to rebut the phone conversation which the Defendants had while they deliberated doing the UDC hearing.

Plaintiff stated a claim when he showed that the Defendants willfuly spent money from the Trust Fund in violation of the trust.

When Defendants violated 28 CFR 345.54, they was not aacting in accordance with Known policy and therefore violated the Fifth Amendment see Cotten v. Jennc 326 F.3d 1325.

27

The case of Estelle v. Gamble (1976) 429 US 97, 50 L.ED 2d 251, 97 s.Ct. 285 give Plaintiff an Eighth amendment right concerning medical care.

Plaintiff's allegations state a claim of violation of clearly established constitutional law, when Plaintiff stated that his right to petition the courts was violated, that he was denied his right to rebut the phone conversation which the Defendants had while they deliberated doing the UDC hearing.

That Plaintiff stated a claim when he showed that the Defendants wilfully silent money from the Trust Fund in violation of the terms of the Trust.

When the Defendant violated 28 CFR 345.54 they was not acting in accordance with known policy and therefore violated the Fifth Amendment, Cotten v. Jennc 326 F.3d 1352.

### REPLY TO DEFENDANT'S 1 YEAR LIMITATION ARGUMENT

Defendant claim that Plaintiff has raise the issue of First Amendment concerns in Jones v. Tapia, 86 Fed. Alllx. 781, What Defendant fail to state is that no court has ever rule on the merits of whether the 1 year limitation violate the First Amendment, Wherefore res judicata nor colloteral apply.

Defendants second argument raise the issue of whether the 1 year is time enough for a person to bring his claim.

Plaintiff never claim that the one year limitation was inadequate to petition the court, Plaintiff claim that the Congress over stepped its authority to enact same.

It's true that the Congress is to enact laws|| but the

28

Constitution forbids the Congress from enacting a law which violate the Constitution Glen A. Williams v. James A. Rhodes, 393 US 23, 89 S.Ct. 5, 21 L.Ed.2d 24.

Further where a statute is in compatibility with the Constitution the Constitution must prevail, Powell v. Pennsylvania, 127 US 678, 8 S.Ct. 992, 32 L.ED 253, For what can not be accomplished because of constitutional restrictions can not be accomplished indirectly by legislation which accomplishes the same results Faribank v. U.S. 181 US 283, 21 S.Ct. 648, 39 L.Ed 2d 759.

Defendant states because of res judicata or collateral estoppel and in cases where this principle has been up held these case was heard on the merits where in the case at bar Plaintiff's First Amendment issue was always dismissed prior to the Court reaching the merits of said claim or was dismissed as procedurally barred.

Wherefore in order for Plaintiff to be barred from bring his First Amendment claim in this court same must have been heard on the merits.

Never has a court rule that the Congress has the authority to legislate away a persons right to petition the courts‖ nor has any court rule that the First Amendment is not violated by the 1 year limitation.

Plaintiff do not challenge the lawfulness of his conviction, Plaintiff challenge whether the Congress has the

authority to institute said statute.

All of the cases the Defendant cites concerning whether the 1 year limitation period is constitutional concerns the suspension clause of the Constitution not the First Amendment, Wherefore the Defendants fail to put forth any law which will rebut Plaintiff's First Amendment claim and most likely thats why defendant is attempting to have the court to use a procedural rule to have this issue dismissed.

Under Preiser v. rodriquez 411 US 475, 93 S.Ct. 1827, 36 L.Ed 2d 439 (1973) Where prisoner's challenge to his custody is that the statute under which he stands convicted convicted is unconstitutional, his grievance is that he is being held unlawfully subjected to physical restrain and thus habeas is his remedy.

No where in Plaintiff's complaint do he claim that he is being held in restraint of his freedom, nor do Plaintiff claim that Title 21 § 841 and 6 is unconstitutional.

Plaintiff do claim that the 1 year limitation is unconstitutional and therefore violate Plaintiff's First Amendment rights. How the Defendant relate Plaintiff's claim of the violation of the First Amendment to a claim that Plaintiff conviction for violation Title 21 § 841 and 6 is beyond this pro se litigant, as for as Plaintiff is concern his complaint just do not reach that for.

PLAINTIFF'S REPLY TO DEFENDANT'S ARGUMENT CONCERNING
DUE PROCESS AT B. OF P. 23

Plaintiff avers that the BOP retaliated against him for filing administrative remedies concerning being taken off of the overtime list and the manner in which said overtime pay was calculated.

Plaintiff has a right under the First and Fifth Amendment not to be retaliated against Campbell v. Beto, 460 F.2d 768.

As far back as Campbell v. Beto, 460 f.2d 765 (5th Cirl972) and as recently as Clarke v. Stalder, 121 F.3d 222(5th Cirl997) it has been held that prison official may not retaliate against a prisoner for exercising his constitutional rights.

When plaintiff file a cop out concerning the manner i n which his overtime pay was calculated the administration took Plaintiff off of the overtime list and when Plaintiff file an administrative remedy concerning said pay and the fact that he had been taken off of the overtime list for complaining about the overtime pay calculation the administration retaliated against Plaintiff with an incident report.

The Supreme Court staated that the First Amendment right of access to the courts is a due process right, in Morello v. James 810 f.2d 344 it was stated "sources of right of access include the First Amendment, the Due Process Clauses of Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV section 2.The right of access to the courtgs is substantive rather than procedural.

defendant is correct by stating that prisoners has no constitutional right to a  prison job and that the Supreme Court in Hewitt v. Helms 459 US 460, 471-72, 103 S.Ct. 864,871-72-74 L.Ed 2d 675 (1983) further close the door as to whether a prisoner has a constitutional right to a prison job.

What the court in Hewitt did not condone is that prison officials could take a prisoners job in retaliation for filing an administrative remedy.

Plaintiff avers that his right to seek redress through the administrative remedy process is as property right and that the Deffendant's took said right.

It is Plaintiff's legitimate claim of entitlement to his right to seek redress of a grievance lose. Had Plaintiff never file the administrative remedy against Unicor concerning his pay and overtime :Plaintiff would not have lost his Unicor job.

the Administration has a history of retaliating against prisoners who file administrative remedies on Unicor see Shannon v. Moon docket No. 03-cv-0352 United States District Court Denver, Colorado.

Exhibit 3 of plaintiff's original reply to Defendant's original Motion to Dismiss and/or Summary Judgment shows that other inmates had said slips in their possession and did not receive an incident report same is a Fifth Amendment claim.

Defendant claim that Plaintiff do not have a constitutional right to be compensated for his labor.

Defendant's can not compel Plaintiff to work at unicor employment at same is on a voluntary  bases, wherefore Defendant's can not use trickery to get Plaintiff to work in

Unicor.

Plaintiff was tricked into believing that by producing more pieces he would be paid double and by the piece on overtime on Saturday, but the Defendant refuse to live up to their part of the the deal, which violate due process for the process which was do Plaiantiff was the amount of money which Defefndant told Plaintiff he would be paid and the manner in which Plaintiff pay would be calculated.

The complaint shows that the Defendants acted in an arbitrary manner which violates due process, Daniels v. Williams, 88 L.Ed 2d 662(1986), At the very lease Defendant's violated Plaintiff's substantive due process rights in the manner in which they fail to comply with 28 FCR 345.53. For the manner in which said overtime jpay is calculated can not be done on a Saturday or Sunday, further once Defendants gave Plaintiff said pay Defendants was oblegated to make sure that said pay was calculated correct.

If Defendants can prove to this court that the manner in which Plaintiff's pay was calculated can be done on a Weekend Plaintiff will move the court to dismiss all save his First Amendment part of the Complaint.

Defendant's has come up with a manner to trick prisoners into producing more of a product in hopes of receiving more money but Defendants knew all along that they would not pay the prisoners in the manner in which they told the prisoners they would be paid.

PLAINTIFF'S REPLY TO DEFENDANT'S ARGUMENT CONCERNING
WHETHER PLAINTIFF HAS AS PROTECTED INTEREST IN THE TRUST FUND

Plaintiff avers that he is a beneficiary of the Trust and therefore he benefits from said Trust.

Plaintiff has shown that he has a specific entitlement to said fund Washington v. Reno, 35 F.3d 1093. If the Plaintiffs in Washington, had entitlement and Plaintiff was a part of that case by being incarcerated when Washington was decided then Plaintiff has entitlement to same.

Defendant's own case of Board of Regents of St. Colleges v. roth, 408 U.S. 564,577, 33 L.Ed.2d 548, 92 S.Ct. 2701 states that once a person shows entitlement, due process apply.

It is evident that Plaintiff had acquired an intrest in the benefits from the fund see Washington and is therefore entitle to due process State College suprs.

Plaintiff never claim to have the authority to tell the BOP how and when to spend money from said fund.

Contrary to Defendant's statement that Plaintiff has no constitutional interest in said fund is contrary to the holdings in Washington and Maydak v. U.S. 363 F.3d 512(D.C.Cir.2004)

PLAINTIFF'S REPLY TO DEFENDANT'S ARGUMENT CONCERNING
MEDICAL TREATMENT AT PAGE 25

When plaintiff first complained of plain on the left side of his back Defendant's gave Plaintiff an aspirin which Plaintiff had been taking for approximately 4 years because Plaintiff suffer from high blood pressure and the type of aspirin Plaintiff was given for said pain is the same aspirin he had been takin all along.

Defendant knew that Plaiantiff suffered from hepatitis

C yet never have the Defendant even atempted to treat same, both

medical concerns Plaintiff submitted to Defendant was met with

no examination to fine out the cause of these medical problems,

all Defendant did was schedule Plaintiff for the same blood test

he had been taken since it had been determined that Plaintiff

had hykpertension and was a type two diabetic.

ARGUMENT TO DEFENDANT'S CLAIM CONCERNING PLAINTIFF'S
DUE PROCESS CLAIMS AT THE UDC HEARING

When the evidence presented against Plaintiff at said hearing

Plaintiff must know the nature of the evidence in order for

Plaintiff to rebut same.

An inmate who is facing prison disciplinary charges that

could result in punitive segregation is entitled, at a minimum

to advance written notice of the charges against him and of the

evidence available to the fact finder Patterson v. Coughlin, 761

F.2d 886, citing Wolff v. McDonnell, 418 US 539,558.

It is the evidence of the phone conversation with the UDC

which Patterson states Plaintiff was entitle to and by the

Defendent not giving Plaintiff said evidence deprived Plaintiff

of due process for the hearing was a sham to cover up the

retaliation of the taking of job and pay. Further there is no

way that Plaiantiff could have presented evidence in his defense

of the phone call for Plaintiff never knew what the call

consisted of.

PLAINTIFF'S ARGUMENT TO DEFENDANT'S STATEMENT AT PAGE 26 C

Plaintiff can show that inmate Howard Wilder 30502-007 who

sign an affidavit to the fact that he was given said slips every

day see exhibit 3 of Plaintiff's original reply to Defendant's original Motion for Summary Judgment, which is made a part of this reply by reference thereto.

Defendant's knew that Wilder had said slips because Plaintiff file administrative # 3/19 2c-11 because K. Abbarone and Unicor factory foreman Burge attempted to get Wilder to change his statement in the jaffidavit see exhibit Z of this reply.

Plaintiff was given an incident report while inmate Wilder was not Plaintiff's job was taken for having said slips while Wilder's job was not both Plaintiff and Wilder was of the same security level and indeed was not only assign to the same work detail but slept in the same housing unit.

The classification which was use to treat Plaiantiff different from Wilder is retaliation, Defendant's wanted to punish Plaintiff for filing on Unicor.

PLAIANTIFF REPLY TO DEFENDANT'S ARGUMENT CONCERNING PLAINTIFF'S LACK OF STANDING CONCERNING EXPENDITURES FROM THE FUND AT PAGE 27

If the Defendants in Washington has standing jto challenge what the jBOP spent money from the Trust Fund for it is evident that Plaiantiff has that same standing.

Since Plaintiff is a beneficary of the Fund and the items which Defendants spent money from said Fund cause the phone rate to be raised so that sasid fund would not become insolvent.

It is the Defendants who cause the Fund to be on the brink of insolvency. Plaintiff submitted a Freedom Of information Act request to Defendant, requesting the items which money from the Fund had been spent cause the BOP to raise the phone rate to .23¢ per minutes, Defendant sent Plaintiff 23 pages of the items which money from said fund had been spent to cause the fund to

be on the brink of insolvency. Wherefore the Defendant sent Plaintiff exhibit # 10 of Plaintiff's original reply to Defendant's original Motion For Summary Judgment which is made a part of this document by reference. It was illegal for Defendants to spend money from said Fund on things such as the 1020 which Defendant spent money on.

Defendants spent money on profit sharing see exhibit 10 page 23 line 28.

The Funds from said fund is not suppose to be use to benefit the BOP, only to benefit the inmate population as a whole, it is mandated by the terms of the trust and Washington, Maydak v. U.S. 363 F.3d 512.

This court is bound by Washington, for this courts jurisdiction can not usurp the jurisdiction of the Sixth Circuit in Washington.

The Court of Appeals for the District of Columbia in Maydak stated that Washington was contgroling when it comes to what the BOP can spend money from said funds on see  Maydak at note 8.

This Fund is in no way similar to a tax payer, for the mark ups from the commissary is to be placed in the fund which is kept in a spacial fund within the United States Treasury and is to be use in according to the terms of the Trust.

Defendants can not show how Plaiantiff benefited from profit sharing. Did the profit sharing cause the Fund bottom line to increase. I think not.

PLAINTIFF'S REPLY TO DEFENDANT'S FOIA ARGUMENT

*37*

Plaintiff was impeded from exhaustging administrative remedies because Plaintiff did not have access to 22 CFR 171.2(b), and 171.5(a) because the BOP do not carry 22 CFR in their Law Library, wherefore there is no way that Plaintiff could have known that he had to comply with same.

Defendant cites Johnson v. Executive Office For U.S. Attorneys 310 F.3d 771 in Johnson the Appellees took steps to comply with Johnson's request, in the case at bar the Defendant's claim that jPlaintiff's request was not a FOIA request and that Defendant never receive Plaintiff's request.

This statement is very trouble-some for how did Defendant know that same was not in the form of a FOIA request unless same had been received by Defendant?

PLAINTIFF'S REPLY TO DEFENDANT'S EQUAL PROTECTION CLAIMS
CONCERNING COUNT SLIPS, OVERTIME PAN AND TRUST FUND

It is undisputed that Plaintiff is the only inmate that Defendants UDC'ed concerning the out count slips, it is alos undisputed that Defendants knew that other inmates who was similarly situated yet was not UDC'ed for having same.

Wherefore it is a proven fact that Defendants violated Plaintiff's Fifth Amendment rights.

The calculation of Plaintiff's overtime pay was not carried out in accordance with P.S. 8120.02 c.e.g.m. 7. and CFR § 345.50 and Title 18 U.S.C § 4126 and 8120.02 Chapter 5 No. 7. which states that Saturdays is overtime and inmates shall be paid for overtime.

Defendants calculation claims that Plaintiff's pay was calculated by the hour yet Plaintiff was not working by the hour, but by the piece next Defendant claim to add 7.25 hours to 4.25 hours, this concept might be right doing the week day but when it comes to Saturday there is no 4.25 to add to the 7.25 hours, wherefore how did Defendant's calculate Plaintiff's overtime pay for February 12, 2005 which was a Saturday?

By putting Fund money in profit sharing is an illegal use of said Fund which constitute a theft by any name, for same was a taken in violation of the terms of the trust.

Plaintiff submitted an FOIA request to the BOP requesting the things the BOP spent money from the Fund on to cause the BOP to raise the phone rate up to .23¢ per minute.

Defendant's responded by sending Plaintiff exhibit 10 of Plaintiff's reply to Defendants original Motion for Summary Judgment which is incorporated by reference herein. Which stated that Defendant had found 23 pages of things which cause Defendant to raise the phone rate.

Defendant sent Plaintiff what was label Cost Center on page 23 of same it shows that Defendant among other things spent money on profit sharing.

If exhibit 10 is untrue then Defendant's has practice an attitude of falsehood. An attitude of falsehood is falsus in uno doctrine, and the court is at liberty to disregard all of what the Defendant's has said.

39

In order for said funds to be spent the wardens must have approval from the director see circular 2244, paragraph 41, Washington supra.

Wherefore Defendant Lappin and Atwood join hands with the wardens of the several institutions to spend said money, further in exhibit 10 it shows that Defendant had his office remodel with said fund money. There was no supervisory personal who authorized the spending of Fund money to remodel Defendant's office it was Defendant who authorized same.

PLAINTIFF"S REPLY TO DEFENDANT"SARGUMENT CONCERNING
THE EIGHTH AMENDMENT

Defendant never gave Plaintiff anything to correct the matter he complained of even when Defendant knew that Plaintiff suffered from bone spurring, nothing was done to correct same, when it was determine that Plaintiff had hepatitis C not one thing was done to correct same.

Defendant is or is suppose to be a doctor and therefore knew from examinations of Plaintiff that Plaintiff had bone spurring and hepatitis C and refuse to correct same see Aronld v. Moor 980 F.S. 23 at (6).

This is not a situation where Defendant did not know of Plaintiff serious medical needs, to the contary it is a situation where Defendant knew of said needs and did nothing, Arnold supra.

PLAINTIFF ARGUMENT TO DEFENDANT'S ARGUMENT TO TRANSFER
THIS MATTER

If this court is of the opinion that this matter should lie in the Western District of Louisiana, that it transfer the

40

the complete case to same and not have Plaintiff to fight on two fronts.

RESPECTFULLY SUBMITTED

/S/ 

CONCLUSION

Plaintiff has put forth evidence which shows that Defendants can not carry their burden concerning immunity, for in order to carry that burden the Defendants will have to comply with the two part test set down by the Supreme Court in Saucier v. Katz 533 U.S. 194, 121 S.Ct. 2151,150 L. Ed2d 272 (2001).

The case of Johnson v. Avery 393 US 483, 21 L.Ed.2d 718 establish that Plaintiff has the right to petition under the First Amendment and is applicable to all Defendants in this Complaint.

Plaintiff showed that it was    BOP policy to calculate Plaintiff's pay so that Plaintiff would not be paid by the piece and that Defendant's was acting within the scope of their employment.Miller v. Barry, 698 F.2d 1259.

Plaintiff has shown that he was not treated like inmate wilder and therefore is a violation of the Fifth Amendment see Brandon v. District of Columbia Bd. of Parole 823 F.2d 644(5).

Clarke v. Stalder,121 F.3d 222(4)    states that it is a violation of a prisoners First Amendment right to issue an incident report for exercising that right by retaliating against the prisoner.

Plaintiff has shown that Defendant violated the Eighth Amendment by refusing to treat Plaintiff for bone spurring and hepatitis C.                                )

41

That Plaintiff showed that his Fifth Amendment right at the UDC hearing was violated because Plaintiff was not allowed to rebut the phone conversation and the conversation with officer Burge.

WHEREFORE PREMISES considered and placed before this most honorable court Plaiantiff request that Defendants Motion to Dismiss and for Summary Judgment be in all things denied.

RESPECTFULLY SUBMITTED

/S/ _____
Autry Lee Jones

CERTIFICATE OF MAILING

I, Autry Lee Jones Plaintiff in the foregoing Reply to Defendants Motion to Dismiss and for Summary Judgment do hereby certify under Title 28 § 1746 that a copy of same has this 12 day of August 2008 been placed in the united States Mail by placing a copy in the inmate mail depository provide for inmate use of the United States Mail at this Institution.

Addressed to attorney of record Brian P. Hudak of 555 Fourth St. N.W. Rm E 4821 Washington, D.C. 20530.

RESEPCTFULLY SUBMITTED

/S/ _____
Autry Lee Jones

42

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Autry Lee Jones
          Plaintiff

v.

United States of America et al,.          NO. 06-0621(RWR)
          Defendants

PLAINTIFF'S STATEMENT OF FACTS AS TO WHICH THERE IS A
GENUINE ISSUE OF A MATERIAL FACT WHICH IS NOT IN DISPUTE

1. The United States of America do not have authority to implement a one year limitation on Plaintiff's right to petition.

2. The United States of America do not have the authority to hinder Plaintiff's right to petition the government to seek redress of a grievance.

3. The government use of Title 28 § 2244(d) violate Plaintiff's rights under the First and Fifth Amendment of the United States Constitution.

AS TO DEFENDANT HARVEY LAPPIN

1. lappin illegally spent money from the Inmate Trust Fund.

2. Lappin retaliated against Plaintiff for filing administrative remedies concerning the manner in which Plaintiff's overtime pay was calculated and for Plaintiff filing administrative remedies because he was denied overtime work.

(1)

3. Lappin have a system of retrieving documents so that they can be destructed to prevent their unintended use .

4. Lappin refuse to cause all inmates to be given an incident report for having said documents.

5. Lappin did not inform Plaintiff that Plaiantiff could not use said slips to prove the allegations in his BP8.

AS TO DEFENDANT ATWOOD

1. Defendant Atwood ok'ed the spending of money from the Trust Fund which did not benefit the inmate population as a whole.

2. Atwood through Defendant Lappin help formulate procedures concerning expenditures of money from said fund.

AS TO DEFENDANT ROACH

1. Roach ok'ed the manner of calculating Plaintiff's overtime pay.

2. Roach violated BOP policy by calculating Plaintiff's pay by the hour.

3. Roach knew that in order to calculate Plaintiff's pay for piece work same could not be done by using the hourly rate.

4. Roach knew the difference between piece rate and hourly rate, yet refuse to pay Plaintiff by the jpiece.

5. Roach purposefully mis-calculated Plaintiff's overtime pay to cause Unicor's profit to be greater.

6. The manner in which Roach calculated Plaintiff's pay can not be done with only 7.25 hours.

7. roach fail to properly calculate Plaintiff's overtime pay.

(2)

8. Policy Statement 8570.01(b) control the manner in which said pay is to be calculated.

9. Roach intentionally disregarded Policy Statement 8570.01(b).

10. roach complied with Lappin's orders to disregard Policy Statment 8570.01(b).

11. Plaintiff's overtime pay should have been calculated by Multiplying the number of bundles times the number of piece in the bundles time the amount paid per each piece time two.

12. The manner in which Roach stated is used to calculate said pay deprive Plaintiff of $11.83 per 45 bundles which Plaiantiff did on overtime.

### AS TO DEFENDANT D. LAIR AND R. McGOWAN

1. Lair and McGowan refuse to allow Plaintiff to know the nature of the phone conversation.

2. Defendant's refuse to allow Plaintiff the opportunity to rebute the evidence they receive over the phone.

3. Defendant's refuse to UDC Howard Wilder, Jr. who sign an affidavit saying that he took said slips out of Unicor.

4. Defendant's would not have UDC'ed Plaintiff had K. Abbarono and H. Chain not told them to.

5. Defendant's knew that Unicor has a memorandum stating which documents must be return to staff once inmates is through with said documents and that count slips is not on same.

6. Deffendant's knew that Unicor staff had given said slips to Plaintiff.

(3)

7. Defendant's knew that said slips is regularly thrown in the trash and jthat Unicor staff authorize said slips to be thrown in the trash.

### AS TO DEFENDANT J. FLATTERY

1. Defendant jdid nothing to correct the bone spurring which he claim jPlaiantiff had.

2. Defendant did nothing to stop the pain which Defendant said was cause from bone spurring.

3. Defendant never did nay test to determine whether Plaintiff had kidney problems.

4. Defendant never treated Plaintiff for hepatitis C when he knew that Plaintiff had same.

RESPECTFULLY SUBMITTED

/S/ _____

Autry Lee Jones

(4)